| | |
|---|---|
| **DOUGLAS ASHBY, CAROL PORTO, and GRANT WENZLICK,** | CV 01-1446-BR |
| Plaintiffs, | OPINION AND ORDER |
| v. | |
| **FARMERS INSURANCE COMPANY OF OREGON,** | |
| Defendant. | |

**N. ROBERT STOLL**
**STEVEN D. LARSON**
**DAVID F. REES**
Stoll Stoll Berne Lokting & Schlachter, P.C.
209 S.W. Oak St., Fifth Floor
Portland, OR 97204
(503) 227-1600

**CHARLES A. RINGO**
4085 S.W. 109th Ave.
Beaverton, OR 97005
(503) 643-7500

    Attorneys for Plaintiffs

1 - OPINION AND ORDER

**BARNES H. ELLIS**
**STEPHEN A. REDSHAW**
**TIMOTHY W. SNIDER**
Stoel Rives, LLP
900 S.W. Fifth Ave., Suite 2600
Portland, OR  97204-1268
(503) 224-3380

    Attorneys for Defendant

**BROWN, Judge.**

    This matter comes before the Court on Defendant Farmers Insurance Company of Oregon's (FICO) Motion to Reconsider Ruling Re:  Advice of Counsel (#235).  For the following reasons, the Court **GRANTS** FICO's Motion to Reconsider and, having reconsidered the merits of FICO's arguments, the Court **DENIES** FICO's request that the Court alter its prior opinion.

## DISCUSSION

    On September 9, 2005, this Court denied FICO leave to amend its Answer to add the affirmative defense that FICO relied on advice of counsel when it drafted and issued adverse action notices to insureds as required by the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.*[1]  FICO argued its advice-of-counsel defense, if proved, would establish any FCRA violation based on the inadequacy of FICO's adverse action notices was not

---

[1] The background of this case is set out in the Court's Opinion and Orders issued on October 7, 2004, and September 9, 2005.

willful and, therefore, would be a successful defense to any award of statutory damages to insureds who received inadequate notices.

In light of *Reynolds v. Hartford Financial Services Group, Inc.*, 416 F.3d 1097 (9th Cir. 2005), a related case initially filed in this Court, the Court denied FICO leave to amend its Answer for the purpose of asserting its advice-of-counsel defense. In *Reynolds,* the Ninth Circuit held an adverse action notice that did not "communicate to the . . . [insured] that an adverse action based on a consumer report was taken, describe the action, specify the effect of the action upon the . . . [insured,] and identify the party or parties taking the action" constituted a willful violation of FCRA as a matter of law. *Id.* at 1115. The Ninth Circuit also found it was "nonsensical" for an insurer to argue "that an adverse action notice sufficiently complies with FCRA's requirement even if it does not disclose that an adverse action was taken or the nature of that action." *Id.*

Based on *Reynolds,* this Court concluded it would be futile for FICO to amend its Answer by asserting an advice-of-counsel defense because its adverse action notices consisted of two documents that neither separately nor in combination "specifically identified the nature of the adverse action that was taken or the effects of the adverse action on the insured."

3 - OPINION AND ORDER

Op. and Order at 7. Nonetheless, FICO urges this Court to reconsider its ruling based on the Ninth Circuit's subsequent amended opinion in *Reynolds* issued October 24, 2005, describing "willful" conduct in the context of adverse action notices.

In its original opinion, the Ninth Circuit found unreasonable and nonsensical the insurers' conclusion that an adverse action notice did not have to include the fact that an adverse action was taken nor identify the nature of the adverse action. *Reynolds,* 416 F.3d at 1115. In its amended opinion, however, the court inserted a footnote specific to the advice-of-counsel defense:

> Consulting with attorneys is evidence of lack of willfulness, but is not dispositive. *Baker v. Delta Air Lines, Inc*., 6 F.3d 632, 645 (9th Cir. 1993); accord, *Uffelman v. Lone Star Steel Co.*, 863 F.2d 404, 409 (5th Cir. 1989)(stating that "seeking legal advice [does not] ipso facto establish[ ] the appropriate intent [willfulness]"). Thus, consultation with attorneys who then produce an *implausible legal opinion* that purports to relieve the insurance companies of their clear statutory responsibilities does not serve automatically to avoid a charge of reckless disregard.

*Reynolds v. Hartford Fin. Serv. Group, Inc.*, 426 F.3d 1020, 1038, n.18 (9th Cir. 2005)(emphasis added). Consistent with the added footnote, the court held "reliance on such implausible interpretations constitutes reckless disregard for the law and therefore amounts to a willful violation of the law." *Id.*

4 - OPINION AND ORDER

According to FICO, therefore, when an insurer relies on legal advice about satisfying the adverse action notice requirements of FCRA, the amended opinion in *Reynolds* establishes the "implausibility" of the legal advice rather than its lack of "reasonableness" is the appropriate standard for determining whether the insurer, as a matter of law, willfully violated those FCRA requirements. Based on this interpretation of *Reynolds*, FICO maintains it is entitled to establish that the legal advice it received and relied on was, at worst, unreasonable, and, therefore, FICO did not willfully violate FCRA.

In opposition, Ashby points out the *Reynolds* court concluded an adverse action notice is nonsensical as well as unreasonable when it does not identify either the fact or the nature of the adverse action. The definition of the word "nonsensical" includes "characterized by or revealing absurd or foolish speech, thoughts, or acts." Webster's Third New Internat'l Dictionary (1993) at 1538.

This Court has carefully reviewed the *Reynolds* decision. The Court finds footnote 18 in the Ninth Circuit's amended opinion reinforces the proposition that legal advice indicating an adverse action notice satisfies FCRA's requirements is nonsensical, unreasonable, and implausible when the notice is comprised of two documents that do not identify the specific nature or effects of the adverse action. In addition, the Court

concludes the use of such an inadequate notice constitutes a willful violation of FCRA as a matter of law even if it is used on advice of counsel.

Accordingly, the Court adheres to its previous ruling that it would be futile for FICO to amend its Answer by adding an advice-of-counsel affirmative defense.

## CONCLUSION

For these reasons, the Court **GRANTS** FICO's Motion to Reconsider (#235) and, having reconsidered the merits of FICO's arguments, the Court **DENIES** FICO's request that the Court alter its prior opinion.

IT IS SO ORDERED.

DATED this 17th day of January, 2006.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge