IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DOUGLAS ASHBY, CAROL PORTO, and GRANT WENZLICK,** | 01-CV-1446-BR |
| Plaintiffs, | OPINION AND ORDER |
| v. | |
| **FARMERS GROUP, INC., and FARMERS INSURANCE COMPANY OF OREGON,** | |
| Defendant. | |

**N. ROBERT STOLL**
**STEVEN D. LARSON**
**DAVID F. REES**
Stoll Stoll Berne Lokting & Schlachter, P.C.
209 S.W. Oak St., Fifth Floor
Portland, OR 97204
(503) 227-1600

**CHARLES A. RINGO**
4085 S.W. 109th Ave.
Beaverton, OR 97005
(503) 643-7500

       Attorneys for Plaintiffs

1 - OPINION AND ORDER

**BARNES H. ELLIS**
**STEPHEN A. REDSHAW**
**TIMOTHY W. SNIDER**
Stoel Rives, LLP
900 S.W. Fifth Ave., Suite 2600
Portland, OR  97204-1268
(503) 224-3380

Attorneys for Defendant

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion for Stay (#353) pending the outcome of the United States Supreme Court's review of issues presented in the following related potential class-action cases:  *Edo v. GEICO Casualty Co.,* CV 02-678-BR, *Spano v. Safeco Insurance Company,* CV 02-678-BR (in which Petitions for Writ of Certiorari have been granted), and possibly *Willes v. State Farm Fire and Casualty,* CV 01-1457-BR (in which a Petition of Writ of Certiorari is pending).  For the following reasons, the Court **GRANTS** Defendants' Motion for Stay.

In *Edo and Spano*, the Supreme Court has agreed to review the Ninth Circuit's decision as to (1) the appropriate standard for determining what constitutes a willful violation under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681n(a) and (2) when an adverse action has occurred.  This Court, in the exercise of its discretion, previously granted a stay of further proceedings in *Edo* and *Spano* as well as in *Willes* because this Court concluded "the Supreme Court's analysis of FCRA's adverse-action notice

2 - OPINION AND ORDER

requirements may well address or at least clarify who should receive a notice of adverse action under FCRA." *See Willes,* Opin. and Order at 3 (issued Oct. 26, 2006).

Defendants assert a stay is appropriate in this case because the appropriate willfulness standard is of particular significance in light of Defendants' pending Motion for Summary Judgment in which they assert, *inter alia,* that Plaintiffs cannot satisfy their burden of proving Defendants willfully violated FCRA's adverse-action notice requirements.  The Court agrees the Supreme Court's opinion as to the proper standard for determining "willfulness" may be relevant to the analysis of this aspect of Defendants' Motion.

In addition, Defendants assert this matter should be stayed because Plaintiffs also have moved to increase the size of the class that already has been certified based on the Ninth Circuit's "expansive definition of adverse action" to include a requirement that initial applicants for insurance receive adverse-action notices.  The Court, however, is not persuaded the Supreme Court's review as described in the Order granting the Writ of Certiorari will affect this aspect of the Ninth Circuit's opinion.

Nevertheless, in light of the importance of the pending Motion for Summary Judgment and the significance of the Supreme Court's ultimate decision to any future ruling on the willfulness

3 - OPINION AND ORDER

issue, this Court, in the exercise of its discretion, concludes a stay of these proceedings is appropriate pending the Supreme Court's decision.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion to Stay (#353).  Accordingly, the Court **DENIES as moot** Defendants' and Plaintiffs' Motions for Extension of Time (#356 and #358 respectively).  Plaintiffs' Motion to Amend Class Definition (#288), Defendants' Motion for Summary Judgment (#334), Defendants' Motion to Take Deposition of Plaintiffs' Expert Witness (#339), and Plaintiffs' Motion for Partial Summary Judgment (#345) are deemed to be withdrawn and may be reinstated upon further order of the Court.  All case management dates are hereby **STRICKEN**, including the trial date.

The parties shall file a joint status report **no later than February 1, 2007.**

IT IS SO ORDERED.

DATED this 30th day of October, 2006.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

4 - OPINION AND ORDER

5 - OPINION AND ORDER