IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DOUGLAS ASHBY, CAROL PORTO, and                    01-CV-1446-BR
GRANT WENZLICK,
                                                   OPINION AND ORDER
          Plaintiffs,

v.

FARMERS INSURANCE COMPANY OF
OREGON and FARMERS GROUP, INC.,

          Defendants.


N. ROBERT STOLL
STEVEN D. LARSON
DAVID F. REES
MARK A. FRIEL
Stoll Stoll Berne Lokting & Schlachter, P.C.
209 S.W. Oak St., Fifth Floor
Portland, OR 97204
(503) 227-1600

CHARLES A. RINGO
974 N.W. Riverside Blvd.
Bend, OR 97701
(503) 330-6447

          Attorneys for Plaintiffs

BARNES H. ELLIS

1 - OPINION AND ORDER

**STEPHEN A. REDSHAW**
**TIMOTHY W. SNIDER**
Stoel Rives, LLP
900 S.W. Fifth Ave., Suite 2600
Portland, OR  97204-1268
(503)224-3380

      Attorneys for Defendants

**BROWN, Judge.**

      This matter comes before the Court on Plaintiffs' Motion for Leave to File Fourth Amended Complaint (#373) to conform their Complaint to a recent decision issued by the United States Supreme Court in *Safeco Ins. Co. v. Burr*, 127 S. Ct. 2201 (2007), a related FCRA case pending in this Court, and to add two Plaintiffs as class representatives.

      For the following reasons, the Court **GRANTS** the Motion.


<u>**BACKGROUND**</u>

      This is one of seven related cases originally brought in this Court by plaintiffs who allege defendant insurance companies (1) either rejected their applications for personal lines of insurance coverage or failed to offer them "the largest credit discount" for such insurance "based in whole or in part on information in a consumer credit report" and (2) took these "adverse actions" either without providing any notice or by providing inadequate notice to their insureds in violation of the

2 - OPINION AND ORDER

Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq*.[1]

Here Plaintiffs purchased or renewed personal lines of insurance policies from Defendants between October 28, 1999, and August 1, 2002.  In paragraph 1 of their Third Amended Complaint, Plaintiffs allege Defendants violated FCRA by failing to notify class members that they "did not receive the largest credit discount for such insurance based in whole or in part on information in a consumer credit report."  A class was certified in this case on October 18, 2004.

**MOTION TO AMEND**

**1.    Standards.**

Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading after a responsive pleading has been filed only by leave of court unless the opposing party consents to the amendment.  Leave to amend "shall be freely given when justice so requires."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  The factors the court must consider include:

> undue delay, bad faith or dilatory motive on
> the part of the movant, repeated failure to

---

[1] The other cases are *Spano v. Safeco,* CV 01-1464 (pending); *Edo v. GEICO,* CV 02-678 (terminated); *Willes. v. State Farm,* CV 0-1457 (settled); *Mark v. Valley Property & Casualty,* CV 01-1575 (settled); *Rausch v. Hartford*, CV 01-1529 (settled); and *Razilov v. Nationwide,* CV 01-1466 (settled).

3 - OPINION AND ORDER

> cure deficiencies by amendments previously
> allowed, undue prejudice to the opposing
> party by virtue of allowance of the
> amendment, futility of the amendment.

*Id.* at 1052 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).
The factor that carries the greatest weight is whether the
amendment will cause the opposing party prejudice. *Id.* "Absent
prejudice or a strong showing of any of the remaining *Foman*
factors, there exists a presumption under Rule 15(a) in favor of
granting leave to amend." *Id.*

  a. Undue Prejudice.

  As noted, whether an amendment will cause undue prejudice to
the defendant is the key factor the court must consider when
determining whether to grant a motion for leave to file an
amended complaint. *Eminence Capital,* 316 F.3d at 1052. The
party who opposes amendment bears the burden to show prejudice.
*DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir.
1987).

  b. Futility.

  A proposed amendment to a complaint "'is futile only if no
set of facts can be proved under the amendment . . . that would
constitute a valid and sufficient claim.'" *Sweaney v. Ada
County, Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997)(quoting *Miller
v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). A
plaintiff should be afforded an opportunity to test his claim on

the merits rather than on a motion to amend unless it appears beyond doubt that the proposed amended complaint would be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Miller*, 845 F.2d at 214. *See also DCD Programs*, 833 F.2d at 188.

> c. <u>Diligence.</u>

A party seeking to amend a pleading after a scheduling order has been entered pursuant to Federal Rule of Civil Procedure 16(b) must first show "good cause" for amending the scheduling order before the court considers whether the amendment satisfies the requirements of Rule 15(a). *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. . . . The focus is upon the moving party's reasons for seeking modification." *Id.* at 609.

**2. <u>Analysis</u>.**

Plaintiffs now seek leave to file a Fourth Amended Complaint to state their FCRA claim more precisely based on the Supreme Court's intervening decision in *Burr*. They propose to delete the phrase "did not receive the largest credit discount" and replace it with the phrase "were charged higher rates."

Defendants oppose Plaintiffs' Motion on the ground that it is futile. Defendants contend neither Plaintiffs' original allegation nor the proposed amendment comports with the holding

in *Burr*.   The Court disagrees.   In *Burr,* the Supreme Court held

an adverse-action notice is required if the insurer "increases"

the initial premium rate for new insurance "based in whole or

part" on a credit report.   127 S. Ct. at 1212.   The Supreme Court

explained the ruling as to the specific insureds as follows:

> Safeco did not give any notice because it
> thought [FCRA] did not apply to initial
> applications, a mistake that left the company
> in violation of the statute if Burr or Massey
> *received higher rates "based in whole or in
> part" on their credit report*; . . . .

*Id.* at 2215 (emphasis added).

The Court concludes Plaintiff's proposed amendment conforms

the pleadings to the Supreme Court's recent holding in *Burr* and,

therefore, is not futile.   Moreover, the amendment is timely

(filed less than a month and a half after *Burr* was decided) and

is not unduly prejudicial to Defendants.


## MOTION TO JOIN PARTIES

### 1.   Standards.

A motion to amend the pleadings to join an additional party

requires the court to consider Federal Rules of Civil Procedure

15 and 20.   *Desert Empire Bank v. Ins. Co.*, 623 F.2d 1371, 1374

(9th Cir. 1980).

Under Rule 20(a), the court has discretion to allow the

permissive joinder of additional plaintiffs if the plaintiffs

assert "any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all [plaintiffs] will arise in the action."  Courts "have shown a strong liberality in allowing parties to amend their pleadings when such amendments have satisfied the explicit requirements of the rules."  *Desert Empire Bank*, 623 F.2d at 1375-76.  If the explicit requirements are satisfied, courts must consider the following "relevant factors . . . to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness":  possible prejudice to existing parties, the moving party's delay in seeking to add the new parties, the motive behind the joinder, the closeness of the relationship between new and old parties, the effect of the proposed joinder on the court's jurisdiction, and the new party's notice of the litigation.  *Id*. at 1375.

**2.    <u>Analysis</u>.**

Plaintiffs move to add two Plaintiffs, Leo Newberry and Evelyn Broeffle, as representatives of the class because their "diverse consumer credit histories will help to ensure adequate representation of all class members."  Pls.' Mem. at 2.  In their Reply, Plaintiffs are somewhat more explicit in their reasons for seeking to augment the present class representatives and contend leave should be granted because they anticipate

Defendants will raise new arguments based on their understanding of the Supreme Court's recent decision in *Burr.*

Defendants oppose Plaintiffs' Motion on the grounds that (1) Defendants will be prejudiced by the joinder, (2) the delay in seeking joinder is unreasonable, and (3) justice does not require joinder in the absence of a coherent reason for it (*i.e.,* motive). Defendants do not assert the lack of a relationship between the existing and proposed parties, the effect of joinder on the Court's jurisdiction, or the new parties' notice of the litigation are factors that support denial of Plaintiffs' Motion.

a. <u>Prejudice</u>.

Defendants assert they will be prejudiced by the joinder because discovery would have to be reopened to afford Defendants the opportunity to inquire into the background and credit history of the newly-added Plaintiffs for purposes of determining their adequacy as class representatives. In addition, joinder would necessitate the mailing of a new class notice. Defendants contend both of these consequences will delay the filing of further dispositive motions and the ultimate resolution of this case and, therefore, unnecessarily increase the cost of the litigation to Defendants.

According to Plaintiffs, however, the additional discovery will be "minor" and can occur within the time frames already set for completion of discovery. Moreover, Plaintiffs contend

joinder will not result in changes to the proposed Joint Plan for
Discovery, Dispositive Motions, and Case Management Motions filed
with the Court on July 20, 2007, which set out completion of
discovery by October 31, 2007.

Based on this record, the Court agrees with Plaintiffs'
analysis and concludes Defendants are not unduly prejudiced by
the joinder, and, in fact, the joinder Motion has been
anticipated for some time.  Indeed, there does not appear to be
any significant reason to prevent the timely completion of
additional discovery relating to the newly-joined Plaintiffs.

    b.  <u>Undue Delay</u>.

Defendants also assert the delay in seeking joinder of the
additional class representatives is unreasonable.  They note the
case was filed six years ago, discovery as to the present
Plaintiffs was completed four years ago, the class was certified
three years ago, and the class notice and opt-out period ended
two years ago.  Defendants omit to point out, however, critical
aspects of the developing law that govern this case were decided
only three months ago when the Supreme Court decided *Burr*.  As
noted below, the *Burr* decision is the motivating factor behind
Plaintiffs' Motion to Join additional Plaintiffs as class
representatives.

On this record, the Court finds Plaintiffs' delay in seeking
to add additional plaintiffs is not unreasonable.

9  - OPINION AND ORDER

c.  <u>Motive for Joinder</u>.

Defendants assert Newberry and Boeffle have not adequately explained why they did not seek to join this action as named plaintiffs years ago.  As noted, however, Plaintiffs point out in their Reply that, as a result of the recent *Burr* decision, they anticipate arguments being made against the existing class representatives based on their credit histories.  Plaintiffs appear to argue that joinder of Newberry and Boeffle, with their diverse credit histories, will more fully protect the interests of the class as a whole.

On this record, the Court concludes Plaintiffs' justification for seeking to join other insureds with diverse credit histories as class representatives is reasonable.  The Ninth Circuit's underlying opinion and the Supreme Court's decision in *Burr* reversing the Ninth Circuit opinion are the only appellate rulings that have specifically addressed FCRA's adverse-action notice requirements in the context presented in these cases.  The interests of justice are served by ensuring that the credit histories of the named Plaintiffs as class representatives are sufficiently broad to represent the entire class adequately.

In summary, the Court, in the exercise of its discretion, concludes it is appropriate to permit Plaintiffs to file a Fourth Amended Complaint to join Leo Newberry and Evelyn Broeffle as

10 - OPINION AND ORDER

Plaintiffs and to file a Fourth Amended Complaint that amends their allegations accordingly.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiffs' Motion for Leave to File Fourth Amended Complaint (#373) and to join Leo Newberry and Evelyn Broeffle as Plaintiffs.

IT IS SO ORDERED.

DATED this 26th day of September, 2007.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

11 - OPINION AND ORDER