IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DOUGLAS ASHBY, CAROL PORTO,                           01-CV-1446-BR
GRANT WENZLICK, LEO NEWBERRY,
and EVELYN BROEFFLE,                                  OPINION AND ORDER

        Plaintiffs,

v.

FARMERS INSURANCE COMPANY OF
OREGON and FARMERS GROUP, INC.,

        Defendants.

N. ROBERT STOLL
STEVEN D. LARSON
DAVID F. REES
MARK A. FRIEL
Stoll Stoll Berne Lokting & Schlachter, P.C.
209 S.W. Oak St., Fifth Floor
Portland, OR 97204
(503) 227-1600

CHARLES A. RINGO
974 N.W. Riverside Blvd.
Bend, OR 97701
(503) 330-6447

        Attorneys for Plaintiffs

1 - OPINION AND ORDER

**BARNES H. ELLIS**
**STEPHEN A. REDSHAW**
**TIMOTHY W. SNIDER**
Stoel Rives, LLP
900 S.W. Fifth Ave., Suite 2600
Portland, OR  97204-1268
(503)224-3380

       Attorneys for Defendants

**BROWN, Judge.**

     This matter comes before the Court on Plaintiffs' Proposed Class Definition (#465) and Defendants' Proposed Class Definition (#467) and to decide the appropriate class representatives.

     On June 20, 2008, the Court issued an Opinion and Order in which, *inter alia,* it resolved all of the issues that are relevant to the definition of the class that ultimately will be certified in this action.  On June 26, 2008, the Court directed the parties to confer and to submit to the Court a Joint Proposed Class Definition with identified class representatives consistent with the Court's rulings in its June 20, 2008, Opinion and Order. On July 10, 2008, the parties filed separate Proposed Class Definitions in which they, among other things, disagreed about which of the remaining Plaintiffs are appropriate class representatives.

     For the following reasons, the Court adopts Plaintiffs' class definition and identification of Carol Porto, Leo Newberry, and Evelyn Broeffle as the appropriate class representatives.

2 - OPINION AND ORDER

## DISCUSSION

The Proposed Class Definitions submitted by the parties are identical in all respects except for one subclass of insureds that is excluded under Defendants' class definition:

> Each automobile and property personal lines insurance policyholder of Farmers Insurance Company of Oregon, Inc. ("FICO"), who
>
> > (1) renewed an existing FICO automobile policy with a transaction process date between September 28, 1999 and September 28, 2002, and/or renewed an existing FICO property policy with a transaction process date between September 28, 1999 and September 20, 2002, and
> >
> > (2) the renewal premium charge for the policy was greater than the premium charged for the policy for the immediately prior policy period, and
> >
> > (3) either
> >
> > > (a) *The renewal premium increase was greater than any general premium increase enacted by FICO during the policyholder's prior policy period (when credit was not a rating factor) and this renewal premium increase was not caused solely by any adverse change in the policyholder's non-credit rating factors, or*
> > >
> > > (b) the renewal premium increase was proportionately greater than any increase in the policyholder's applicable base premium rate (the applicable base premium rate is the policyholder's total premium rate

3 - OPINION AND ORDER

>               without application of the
>               policyholder's applicable FARA or
>               FPRA factor to the premium rate
>               (over the policyholder's applicable
>               base premium rate for the immediate
>               prior policy period, or
>
>               (c) the policyholder's applicable
>               FARA or FPRA factor applied to
>               the premium charged at renewal
>               increased over the FAR or FPRA
>               factor applied to the premium
>               charged in the immediately prior
>               period.
>
>       Excluded from this definition are any current
>       officer, director, or employee of FICO,
>       Farmers Group, Inc. ("FGI"), or their
>       affiliates, or any former officer, director,
>       or employee of FICO, FGI, or their affiliates
>       who served during the class period, or any
>       judge of the United States District Court for
>       the District of Oregon.
>
>       The class representatives are Carol Porto, Leo
>       Newberry, and Evelyn Broeffle.

(Emphasis added.)

The only part of the class definition in dispute is Section 3(a), which applies specifically to "transition renewals." These are insureds whose insurance policies were originally issued before Defendants began using consumer credit reports (FARA/FPRA factors) to set the premium to be charged and whose premiums on the first renewals of their policies increased based in part on the use by Defendants of information in the insureds' consumer credit reports.

4 - OPINION AND ORDER

In its June 20, 2008, Opinion and Order, the Court made numerous rulings on the parties' Motions for Summary Judgment that are relevant to the maintenance of this class action. In one ruling, the Court concluded Defendants use of an "N" Factor as the baseline for setting the initial premium charged to a new insured who does not have a credit history was "merely careless" in light of the Supreme Court's reasoning in *Safeco v. Burr,* 127 S. Ct. 2201, 2213 (2007). Opin. and Order at 21. The Court reasoned even though Defendants' "baseline choice may have been flawed," it was not objectively unreasonable as a matter of law because, as in *Burr,* "there was no clearly defined baseline by which to determine whether new insurance applicants suffered adverse actions that warranted notices." *Id.*

The Court's ruling as to the use of the "N" Factor as a baseline for new insureds is not at issue here. The Court, however, made the following statement in its Opinion and Order, relating to "transition renewals":

> Defendants concede under a convoluted "transition renewal" analysis (the first renewal after Defendants initiated their FARA/FPRA programs), some insureds would be deemed to have suffered adverse actions if the increase in their premiums were compared to the "N" factor (the premium charged to an insured without a credit history). The Court agrees with Defendants, however, that such an analysis is inconsistent with *Safeco v. Burr.*

Opin. and Order at 28 n.3.

5 - OPINION AND ORDER

    Defendants extend the Court's regrettably broad language in the footnote to support the conclusion that use of the "N" Factor as a baseline for transition renewals also should insulate Defendants from potential liability in the same way that it has for new insureds.  The Court disagrees.  In its footnote, the Court failed to clarify its view that use of the "N" Factor as to new insureds was not an unreasonable compromise because there was not a prior premium history to which the initial premium charged could be compared to determine whether it was higher than it otherwise would have been but for the new insureds' credit scores.  As to transition renewal insureds, however, Defendants have the prior premium charge as a reference point for determining whether an "increase" occurred as a result of the insured's consumer credit report.

    Defendants contend they also may need to review transition renewals' individual premium histories manually to determine which of them suffered increases in their premiums based on information in their consumer credit reports and that it would be cumbersome to do so.  Defendants assert many other factors, such as traffic citations and adding new drivers, may have contributed to such increases.  Nevertheless, Defendants concede they were able to isolate credit factors that led to increases in the premiums charged to Plaintiffs Porto, Newberry, and Broeffle on the first renewal

6 - OPINION AND ORDER

of their insurance policies after the FARA/FPRA program began.

It may be cumbersome for Defendants to identify all of the transition renewal insureds who were similarly adversely affected by an increase in their premium when Defendants implemented the FARA/FPRA program.  Defendants, however, have demonstrated their capability to make such identifications as to Plaintiffs Porto, Newberry, and Broeffle.  The Court, therefore, directs Defendants to do so for all other members of the same class.

## CONCLUSION

For these reasons, the Court **ADOPTS** Plaintiffs' Proposed Class Definition (#465) and Plaintiffs' identification of Carol Porto, Leo Newberry, and Evelyn Broeffle as the appropriate class representatives.

IT IS SO ORDERED.

DATED this 2nd day of September, 2008.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

7 - OPINION AND ORDER