Barnes H. Ellis, OSB No. 640325
bhellis@stoel.com
Stephen A. Redshaw, OSB No. 944146
saredshaw@stoel.com
Timothy W. Snider, OSB No. 034577
twsnider@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR  97204
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

      Attorneys for Defendants


## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| DOUGLAS ASHBY, CAROL PORTO, GRANT WENZLICK, LEO NEWBERRY, and EVELYN BROEFFLE, <br><br>      Plaintiffs, <br><br>   v. <br><br> FARMERS INSURANCE COMPANY OF OREGON and FARMERS GROUP, INC., <br><br>      Defendants. | Civil No. CV01-1446-BR <br><br> DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO APPROVE PROPOSED JURY INSTRUCTIONS REGARDING WILLFULNESS AND STATUTORY DAMAGES, AND TO APPROVE VERDICT FORM <br><br> HEARING:  OCT. 6, 2008 at 1:30 p.m. |

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO APPROVE
PROPOSED JURY INSTRUCTIONS REGARDING WILLFULNESS AND
STATUTORY DAMAGES, AND TO APPROVE VERDICT FORM

# TABLE OF CONTENTS

Page

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ................................................. 1

II.   ARGUMENT ............................................................................................................... 5

      A.    The FCRA's Statutory Damages Provision Is Unconstitutionally Vague. ............ 5

      B.    Even If The Court Does Not Strike Down The FCRA's Statutory Damages
            Provision, It Must Reject Plaintiffs' Proposed Instructions Because They
            Conflict With The Statute And Compound The Constitutional Problems. ........... 8

            1.    Plaintiffs' Proposed Instructions Conflict With The Plain
                  Language And Structure Of The FCRA And Would Render The
                  FCRA's Statutory Damages Provision An Unconstitutional Double
                  Punishment............................................................................................... 8

            2.    Plaintiffs' Attempt To Convert The Statutory Damages Remedy
                  Into a Punitive Remedy Raises Additional Constitutional
                  Problems. ............................................................................................... 12

                  a.    The Vagueness Problems Of The FCRA's Statutory
                        Damages Remedy Are Even More Severe If It Is Treated
                        As Punitive................................................................................. 12

                  b.    Plaintiffs' Instructions Fail To Direct The Jury To Consider
                        The Actual Harm, If Any, To The Class Members...................... 14

                  c.    Plaintiffs' Instructions Fail To Direct The Jury That It May
                        Not Base Its Award On Potential Harm To Nonparties............... 15

      C.    Because There Is No Evidence Of Individual Harm To The Class
            Members, Any Award Greater Than The Statutory Minimum Would Be
            Unconstitutional............................................................................................... 16

      D.    In This Class Action Context, Even An Award Of Statutory Damages
            Based On The Statutory Minimum Would Violate Due Process. ....................... 17

      E.    If the Court Declines to Dismiss this Action on Constitutional Grounds, It
            Should Adopt Procedures that Ameliorate the Risk of an
            Unconstitutionally Arbitrary and Excessive Verdict And Are More
            Consistent With The FCRA. ............................................................................. 21

            1.    The Court Should Decertify The Class With Respect To Damages........ 22

            2.    Even If The Court Does Not Decertify The Class With Respect To
                  Damages, The Court Should Institute A Claims Process For
                  Determining The Damages Of Each Individual Class Member. ............. 22

            3.    Farmers' Proposed Instruction No. 1 Ameliorates, Even Though It
                  Cannot Eliminate, The Risk Of An Unconstitutionally Excessive
                  Award...................................................................................................... 23

# TABLE OF CONTENTS

Page

F.    Plaintiffs' Requested Jury Instruction No. 2 Misstates *Safeco*'s "Willfulness" Standard. ........................................................................... 24

III.    CONCLUSION ........................................................................................ 28

# TABLE OF AUTHORITIES

Page

<u>Cases</u>

*Arthur Young & Co. v. United States District Court*,
    549 F.2d 686 (9th Cir. 1977) ..................................................................................23

*Ashby v. Farmers Ins. Co. of Oregon*,
    ___ F. Supp. 2d ___, 2008 WL 2557982 (D. Or. June 20, 2008)................................26

*Azoiani v. Love's Travel Stops & Country Stores, Inc.*,
    2007 U.S. Dist. LEXIS 96159 (C.D. Cal. Dec. 18, 2007) .......................................19

*Azarte v. Ashcroft*,
    394 F.3d 1278 (9th Cir. 2005) ................................................................................19

*BMW of North America, Inc. v. Gore*,
    517 U.S. 559 (1996)..........................................................................................13, 16

*Barrientos v. Taylor*,
    917 F. Supp. 375 (E.D.N.C. 1996).........................................................................12

*Blanco v. CEC Entertainment Concepts L.P.*,
    2008 WL 239658 (C.D. Cal. Jan. 10, 2008) .....................................................20, 21

*Browning-Ferris Indus. of Vermont, Inc.* v. *Kelco Disposal, Inc.*,
    492 U.S. 257 (1989)................................................................................................16

*Budget Cinema, Inc. v. Watertower Assocs.*,
    81 F.3d 729 (7th Cir. 1996) ....................................................................................12

*Carnegie v. Household Intern., Inc.*,
    376 F.3d 656 (7th Cir. 2004) ..................................................................................23

*City of Chicago v. Morales*,
    527 U.S. 41 (1999)....................................................................................................5

*Clark v. Suarez Martinez*,
    543 U.S. 371 (2005).................................................................................................11

*Cooper Indus., Inc. v. Leatherman Tool Group*, Inc.,
    532 U.S. 424 (2001).................................................................................................11

*Davis v. Gap, Inc.*,
    246 F.3d 152 (2d Cir. 2001).....................................................................................12

# TABLE OF AUTHORITIES

Page

*DirecTV, Inc. v. Hoa Huynh*,
  503 F.3d 847 (9th Cir. 2007) ..........................................................................9

*Duncan v. Walker*,
  533 U.S. 167 (2001) .......................................................................................9

*Exxon Shipping Co. v. Baker*,
  ___ U.S. ___, 128 S. Ct. 2605 (2008) ...........................................................13

*Giaccio v. Pennsylvania*,
  382 U.S. 399 (1966) ..................................................................................5, 13

*Gilbert v. DaimlerChrysler Corp.*,
  685 N.W.2d 391 (Mich. 2004) ......................................................................13

*Gracie v. Gracie*,
  217 F.3d 1060 (9th Cir. 2000) ...........................................................24, 26, 27

*Grayned v. City of Rockford*,
  408 U.S. 104 (1972) .......................................................................................5

*Griffin v. Oceanic Contractors, Inc.*,
  458 U.S. 564 (1982) .....................................................................................19

*Grimes v. Rave Motion Pictures Birmingham, LLC*,
  552 F. Supp. 2d 1302 (N.D. Ala. 2008) .........................................1, 7, 12, 28

*Gustafson v. Alloyd Co., Inc.*,
  513 U.S. 561 (1995) .....................................................................................10

*In re Farmers Ins. Exchange Claims Reps. Overtime Pay Litig.*,
  MDL Case No. 1439 (D. Or.) ........................................................................23

*In re Napster, Inc. Copyright Litig.*,
  2005 WL 1287611 (N.D. Cal. June 1, 2005) ................................................13

*In re Trans Union Corp. Privacy Litig.*,
  211 F.R.D. 328 (N.D. Ill. 2002) ..............................................................10, 20

*Johnson v. Ford Motor Co.*,
  35 Cal. 4th 1191 (2005) ................................................................................10

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO APPROVE
PROPOSED JURY INSTRUCTIONS REGARDING WILLFULNESS AND
STATUTORY DAMAGES, AND TO APPROVE VERDICT FORM

## TABLE OF AUTHORITIES

Page

*Jones v. United States*,
529 U.S. 848 (2000)...................................................................................11

*Kline v. Coldwell, Banker & Co.*,
508 F.2d 226 (9th Cir. 1974) ....................................................................17

*Knapp v. Ernst & Whinney*,
90 F.3d 1431 (9th Cir. 1996) .....................................................................23

*Legge v. Nextel Commc'ns, Inc.*,
2004 U.S. Dist. LEXIS 30333 (C.D. Cal. June 25, 2004) ........................20

*Mattison v. Dallas Carrier Corp.*,
947 F.2d 95 (4th Cir 1991) .......................................................................14

*Missouri Pacific Railway Co. v. Tucker*,
230 U.S. 340 (1913)...................................................................................17

*Najarian v. Avis Rent a Car Sys.*,
2007 U.S. Dist. LEXIS 59932 (C.D. Cal. June 11, 2007) ........................20

*Pac. Mut. Life Ins. Co. v. Haslip*,
499 U.S. 1 (1991).......................................................................................20

*Parker v. Time Warner Entm't Co., L.P.*,
331 F.3d 13 (2d Cir. 2003).........................................................................13

*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.*,
37 Cal. 4th 707 (Cal. 2005)........................................................................13

*Philip Morris USA v. Williams*,
549 U.S. 346, 127 S. Ct. 1057 (2007)...................................................13, 15

*Ramirez v. Midwest Airlines, Inc.*,
537 F. Supp. 2d 1161 (D. Kan. 2008).........................................................10

*Ratner v. Chemical Bank New York Trust Co.*,
54 F.R.D. 412 (S.D.N.Y. 1972) .................................................................20

*Safeco Ins. Co. of Am. v. Burr*,
127 S. Ct. 2201 (2007)....................................................4, 9, 22, 25, 26, 27, 28

## TABLE OF AUTHORITIES

Page

*Seig v. Yard House Rancho Cucamonga, LLC,*
  2007 U.S. Dist. LEXIS 97209 (C.D. Cal. Dec. 10, 2007) ........................................19

*Six Mexican Workers v. Arizona Citrus Growers,*
  904 F.2d 1301 (9th Cir. 1990) ........................................................................17, 18

*St. Louis, I. M. & S. Ry. Co. v. Williams,*
  251 U.S. 63 (1919)........................................................................................17

*Smith v. Goguen,*
  415 U.S. 566 (1974)........................................................................................5

*Southwestern Telegraph & Telephone Co. v. Danaher,*
  238 U.S. 482 (1915)......................................................................................17

*State Farm Mut. Auto. Ins. Co. v. Campbell,*
  538 U.S. 408 (2003)........................................................2, 3, 10, 11, 13, 16, 17

*Tull v. United States,*
  481 U.S. 412 (1987)......................................................................................13

*United States v. Evans,*
  333 U.S. 483 (1948)......................................................................................14

*United States v. Hicks,*
  217 F.3d 1038 (9th Cir. 2000) ........................................................................24

*United States v. Williams,*
  128 S. Ct. 1830 (2008)....................................................................................9

*Vasquez-Torres v. StubHub, Inc.,*
  2008 U.S. Dist. LEXIS 22503 (C.D. Cal. Mar. 4, 2008)................................19, 20, 21

*Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,*
  455 U.S. 489 (1982)........................................................................................6

*Visa Check/MasterMoney Antitrust Litig.,*
  280 F.3d 124 (2d Cir. 2001)............................................................................22

*White v. Ford Motor Co.,*
  500 F.3d 963 (9th Cir. 2007) ..........................................................................15

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO APPROVE
PROPOSED JURY INSTRUCTIONS REGARDING WILLFULNESS AND
STATUTORY DAMAGES, AND TO APPROVE VERDICT FORM

# TABLE OF AUTHORITIES

Page

*Williams v. ConAgra Poultry Co.*,
  378 F.3d 790 (8th Cir. 2004) ..........................................................................10

*Williams v. Owens-Illinois, Inc.*,
  665 F.2d 918 (9th Cir. 1982) ..........................................................................23

## Statutes, Rules and Other Authorities

15 U.S.C. § 1640..............................................................................................5, 9

15 U.S.C. § 1679..................................................................................................9

15 U.S.C. § 1681m...................................................................................... passim

15 U.S.C. § 1681n....................................................................................... passim

15 U.S.C. § 1691............................................................................................9, 18

15 U.S.C. § 1692k......................................................................................5, 9, 18

15 U.S.C. § 1693h..................................................................................................9

15 U.S.C. § 1693m...........................................................................................5, 9

Fair and Accurate Credit Transactions Act,
  Pub. L. No. 108-159, 117 Stat. 1952 (2003)................................................7, 19

Federal Jury Practice & Instructions § 123.20..................................................25

Federal Jury Practice & Instructions § 129.22..................................................25

Federal Rules of Civil Procedure 23 ............................................................22, 23

Migrant and Seasonal Agricultural Worker Protection Act................................18

Ninth Circuit Manual of Model Jury Instructions Civil §§ 5.5..........................25

Ninth Circuit Manual of Model Jury Instructions Civil §§ 18.3.........................25

Truth in Lending Act, 15 U.S.C. § 1640.........................................................5, 20

I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs' Motion to Approve Proposed Jury Instructions Regarding Willfulness and Statutory Damages, and to Approve Verdict Form ("Motion") assumes that this case must or can proceed to trial as a class action on both willfulness and statutory damages.  But this assumption is incorrect.  There is no proper interpretation of the FCRA's statutory damages provision that is at once constitutional, consistent with the FCRA's statutory language and structure, and capable of providing for the assessment of damages on a classwide basis.

*First*, given the Court's prior rulings, a jury trial on the issue of willfulness is appropriate. But a jury trial on statutory damages would not be proper, because the FCRA's statutory damages provision, 15 U.S.C. § 1681n(a)(1)(A), is unconstitutionally vague.  It lacks any criteria at all for determining the amount of statutory damages.  Consequently, it violates due process by promoting arbitrary enforcement and depriving Defendants of any notice of the factors that will inform the jury's decision.  As the court in *Grimes v. Rave Motion Pictures Birmingham, LLC*, 552 F. Supp. 2d 1302 (N.D. Ala. 2008), recently emphasized when it invalidated § 1681n(a)(1)(A) as unconstitutionally vague, "[c]ourts cannot be expected to tell a jury, 'Just do what you think is right' (so long as you do not award less than $100 or more than $1,000). 'Doing what is right' does not meet the standard of 'due process.'  Many a jury has done what it thought was right, and it was wrong." *Id.* at 1306.

The random, lottery-like character of the instructions Plaintiffs propose derives in important respects from the paucity of limiting language in the FCRA itself.  While Plaintiffs' Requested Jury Instruction No. 3 thus has the "virtue" of reflecting the FCRA's complete lack of statutory standards proper to guide the jury's choice within the statutory range, it does nothing to resolve the fundamental vagueness problem inherent in § 1681n(a)(1)(A).  Indeed, Plaintiffs would have this Court instruct the jury to simply pick a number—any number—between $100 and $1,000, with no guidance at all.  Fundamentally, this is no different than asking the jury to

Page 1 -    DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO APPROVE
PROPOSED JURY INSTRUCTIONS REGARDING WILLFULNESS AND
STATUTORY DAMAGES, AND TO APPROVE VERDICT FORM

Portlnd3-1640124.1 0045556-00006

pick a number from a hat. Inevitably, *any* jury verdict under such circumstances will be arbitrary, and the Court should declare the statute unconstitutional.

*Second*, even if the Court declines to find the FCRA's statutory damages provision unconstitutionally vague, it must reject Plaintiffs' proposed jury instructions. Both of Plaintiffs' proposed damages instructions are inconsistent with the language and structure of the FCRA's remedial scheme and compound its constitutional problems. The FCRA expressly treats statutory damages together with, and as an alternative to, "*actual* damages." *See* 15 U.S.C. § 1681n(a)(1)(A) (emphasis added). Even more importantly, the FCRA *separately* provides for punitive damages. *See* 15 U.S.C. § 1681n(a)(2). It follows from this structure—which lumps statutory and actual damages together in the same subsection and sets punitive damages apart in a separate subsection—that statutory damages are *not* a type of punitive damages, but are compensatory in nature. Yet Plaintiffs' instructions essentially ask the Court to convert the FCRA's *statutory* damages provision into a *punitive* damages provision.

This is constitutionally impermissible. If the FCRA's statutory damage provision is interpreted as serving a punitive purpose, then the statute effectively authorizes the imposition of "multiple punitive awards for the same conduct." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 423 (2003). Congress cannot be presumed to have intended such an unconstitutional result. Therefore, under basic canons of statutory construction, the FCRA's statutory damages provision cannot be interpreted as performing a punitive, rather than compensatory, function. That Plaintiffs have expressly "waived" any punitive damages is completely irrelevant to the proper interpretation of § 1681n(a)(1)(A). Plaintiffs' "waiver" of punitive damages under the FCRA does, however, make clear that Plaintiffs themselves recognize at least some of the FCRA's constitutional flaws. But neither their "waiver" nor their proposed instructions can or do remedy the FCRA's fatal defects.

Moreover, far from remedying the constitutional infirmity of a statute that appears to give the jury unguided discretion to pick any number between $100 and $1,000 based on its own, idiosyncratic notions, Plaintiffs' proposals worsen the problem by consistently eschewing any

Page 2 -     DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO APPROVE
             PROPOSED JURY INSTRUCTIONS REGARDING WILLFULNESS AND
             STATUTORY DAMAGES, AND TO APPROVE VERDICT FORM

reference to the amount of actual harm Plaintiffs have—or have not—suffered.  Especially if, as Plaintiffs propose, the FCRA's statutory damages provision is interpreted as akin to punitive damages, then the jury must determine the amount of any actual harm in order to ensure that any such award remains "reasonable and proportionate to the amount of harm to the plaintiff."  *State Farm*, 538 U.S. at 426.

Accordingly, Plaintiffs' Requested Jury Instructions Nos. 3 and 4 not only do not cure the FCRA's defects, they actually exacerbate them.[1]

*Third*, even apart from Plaintiffs' instructions, this case presents certain constitutional infirmities that are not curable through instruction.  Because each of the named Plaintiffs has disavowed any evidence of any actual harm, any award of statutory damages above the statutory minimum would be constitutionally excessive.  The Supreme Court repeatedly has made clear that the size of any judgment, especially but not exclusively if it represents a civil penalty, must remain "reasonable and proportionate to the amount of harm to the plaintiff."  *State Farm*, 538 U.S. at 426.  Here, because there are zero actual damages, anything more than an award of the statutory minimum would lack any evidentiary basis and be necessarily grossly disproportionate.  And without evidence to support such a jury determination, this Court will, among other things, be unable to conduct a due process excessiveness review of whatever arbitrary amount the jury decides to award.  *See id.*

*Fourth*, given the size of the class that has been certified, the lack of any cap on aggregated statutory damages, and the absence of any evidence of harm to the individual class members, *any* amount of aggregated statutory damages, *even the statutory minimum*, would be excessive and grossly disproportionate.  Indeed, as explained below, many courts both within and without the Ninth Circuit have declined to certify class actions under the FCRA precisely because an aggregated statutory damage award would violate a defendant's constitutional due process rights.  This Court should do the same.

---

[1]    For these same reasons, the Court should also reject Plaintiffs' proposed verdict form, which mirrors the logic and structure of Plaintiffs' proposed jury instructions.

Page 3 -    DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO APPROVE PROPOSED JURY INSTRUCTIONS REGARDING WILLFULNESS AND STATUTORY DAMAGES, AND TO APPROVE VERDICT FORM

*Fifth*, the only certain way for this Court to avoid this quagmire of constitutional and statutory problems is by invalidating the FCRA's statutory damages provision as unconstitutionally vague.  Holding that the FCRA's statutory damages remedy is compensatory in nature and requiring evidence of actual harm, however, would lessen the constitutional problems.  To enable such an individualized inquiry, the Court should either decertify the class for purposes of determining damages or institute a claims process for determining statutory damages on a class member by class member basis.  Failing that, the Court should, at a minimum, give Defendants' Requested Jury Instruction No. 1.[2]  As explained below, although this proposed instruction cannot fully cure the FCRA's constitutional defects, it does ameliorate them somewhat by, among other things, providing guidance to the jury that is consistent with the plain language and structure of the FCRA—*i.e.,* by identifying actual harm to the class members as a relevant factor.

Lastly, aside from the statutory and constitutional defects in Plaintiffs' Requested Jury Instructions Nos. 3 and 4, Plaintiffs' Requested Jury Instruction No. 2 misstates the standard for "willfulness" set down in *Safeco Ins. Co. of Am. v. Burr*, 127 S. Ct. 2201 (2007), by conflating "reasonableness" with "recklessness."  In addition, it improperly removes from the jury the full consideration of the willfulness issue by injecting this Court's previous determination of the legal question of "objective reasonableness," which has no bearing on the only issue properly before the jury—whether Farmers' conduct presented an "unjustifiably high risk of harm that is either known or so obvious that it should be known."  *Id.* at 2215.  Accordingly, Farmers requests that the Court adopt Defendants' Requested Jury Instruction No. 2 on willfulness.[3]

---

[2] This instruction is attached hereto as Ex. A.

[3] This instruction is attached hereto as Ex. B.

Page 4 -   DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO APPROVE
PROPOSED JURY INSTRUCTIONS REGARDING WILLFULNESS AND
STATUTORY DAMAGES, AND TO APPROVE VERDICT FORM

II.    **ARGUMENT**

A.    **The FCRA's Statutory Damages Provision Is Unconstitutionally Vague.**

The Supreme Court of the United States has long recognized the unique dangers posed by vague laws.  As the Court explained in *Grayned v. City of Rockford*, "if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them.  A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application."  408 U.S. 104, 108-09 (1972); *see also City of Chicago v. Morales*, 527 U.S. 41, 56 (1999) ("[Vague laws] authorize and even encourage arbitrary and discriminatory enforcement.").  The FCRA's statutory damages provision presents these dangers of arbitrary and discriminatory enforcement in particularly acute form and is unconstitutionally vague.

The FCRA contains no factors at all to limit the jury's discretion.  Accordingly, the FCRA's statutory damages provision promotes arbitrary enforcement.  It leaves it to a jury's completely unguided discretion whether to award $100, $1,000, or some amount in between, for the same conduct that causes the same harm—or complete lack of harm.  *See*, *e.g.*, *Smith v. Goguen*, 415 U.S. 566, 578 (1974) (explaining that the "absence of any ascertainable standard for inclusion or exclusion is precisely what offends the Due Process Clause," because "unfettered latitude" is "thereby accorded law enforcement officials and triers of fact"); *Giaccio v. Pennsylvania*, 382 U.S. 399, 402-03 (1966) ("It is established that a law fails to meet the requirements of the Due Process Clause if it is so vague and standardless that it leaves the public uncertain as to the conduct it prohibits or leaves judges and jurors free to decide, without any legally fixed standards, what is prohibited and what is not in each particular case.").  In this regard, the FCRA differs strikingly from most of its sister statutes, which specify factors that the court "shall" consider in determining the amount of statutory damages.  *See*, *e.g.*, 15 U.S.C. §§ 1692k(b), 1693m(b), 1640(a).  For instance, the Truth in Lending Act ("TILA") provides for

Page 5 -    DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO APPROVE
PROPOSED JURY INSTRUCTIONS REGARDING WILLFULNESS AND
STATUTORY DAMAGES, AND TO APPROVE VERDICT FORM

a range of statutory damages between $100 and $1,000, but ties that statutory damages range to an individually quantifiable harm such that the jury's determination of the appropriate award is readily ascertainable.  *See* 15 U.S.C. § 1640(a)(2)(A)(ii) (damages relating to consumer lease transactions are 25 percent of total monthly payments, but not less than $100 or more than $1,000).

Absent some objective criteria upon which to base its decision, such as the actual harm to the class members, the jury's choice is essentially an arbitrary one based upon random, unspecified, and inherently subjective factors.  And because the statute does not clearly delineate the factors juries may or may not consider, a defendant cannot meaningfully conduct itself in such a way as to minimize its potential liability.  Indeed, a defendant cannot even know in advance *which* factors will be deemed relevant by the jury—whether, for instance, the jury would consider the company's good-faith attempt to comply with the FCRA or any ameliorative measures the company may have taken after the fact.[4]  This deficiency is particularly problematic in a class action context.  Because a jury apparently may award statutory damages *to each member of the class* in an amount between $100 and $1,000, a defendant cannot meaningfully anticipate the liability to which it may be subject.  While the statutory range is fixed, the aggregation of damages on a class-wide basis introduces a multiplier effect that projects the range into the stratosphere.  For instance, in a class of 200,000 members, which is

---

[4] Because the FRCA provides no administrative or other legal authority to articulate the absent standards, businesses are left without any guidance other than the subjective whims of juries.  For this reason, the Supreme Court's suggestion in *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc*., 455 U.S. 489 (1982), that economic regulations are subject to less stringent vagueness analysis, is inapplicable here.  *Id.* at 498 (economic regulation subject to a less strict vagueness test because "businesses, which face economic demands to plan behavior carefully, can be expected to consult relevant legislation in advance of action.  Indeed, the regulated enterprise may have the ability to clarify the meaning of the regulation by its own inquiry, or by resort to an administrative process.").

Page 6 -    DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO APPROVE
            PROPOSED JURY INSTRUCTIONS REGARDING WILLFULNESS AND
            STATUTORY DAMAGES, AND TO APPROVE VERDICT FORM

currently the approximate size of the class here,[5] the defendant can be held liable for an amount anywhere between $20 million and $200 million—wildly divergent outcomes.[6]

It was precisely because of this complete lack of statutory guidance that the District Court in *Grimes v. Rave Motion Pictures Birmingham, LLC*, invalidated § 1681n(a)(1)(A) as unconstitutionally vague. 552 F. Supp. 2d 1302 (N.D. Ala. 2008). In that case, four separate plaintiffs sought recovery against four defendants on behalf of four separate classes for the defendants' alleged failure to truncate the plaintiffs' credit card numbers on their credit card receipts (as required by the Fair and Accurate Credit Transactions Act ("FACTA") amendments to the FCRA that took effect in late 2004). *Id.* at 1305. Like Plaintiffs here, the plaintiffs in *Grimes* suffered no actual damages (because they had retrieved their credit-card receipts prior to any alleged violation) and elected to seek statutory damages. *Id.* In a carefully reasoned opinion, the District Court held that the "[t]he words 'not less than $100 and not more than $1,000' constitute an almost perfect illustration of the concept of 'void for vagueness,'" because "[j]ury trials require understandable and rational criteria for any award of damages," and "charg[ing] a jury [with] this loose language would be to invite an unanswerable question from any intelligent jury." *Id.* at 1306. As the court reasoned, "[i]f a jury is allowed to wander indiscriminately between $100 and $1,000 for each willful FACTA violation, one jury can decide that a particular violation calls for $100, while another jury can decide that precisely the same violation by the same vendor is worth $1,000, while other juries can, willy nilly, award something in between." *Id.*

In an attempt to salvage this statutory scheme, the plaintiffs in *Grimes* made the same proposal that Plaintiffs offer here—"limiting" the jury's discretion by instructing it to base its

---

[5] Currently, the class size is approximately 214,000. It is unclear at this time whether if that number will go up or down as a result of the Court's recent order on the class definition.

[6] And in a class of 3 million, which is the approximate size of the class in the MDL proceeding in Oklahoma, the defendant can be held liable for an amount anywhere between $300 million and $3 **billion**. Either end of that range has the potential to annihilate even large companies.

Page 7 -    DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO APPROVE
           PROPOSED JURY INSTRUCTIONS REGARDING WILLFULNESS AND
           STATUTORY DAMAGES, AND TO APPROVE VERDICT FORM

decision on the degree of the defendant's willfulness. *Id*. at 1307. But the court observed that "[n]othing in [§ 1681n's] language suggests any difference between how a jury is to react to slight willfulness and to serious willfulness." *Id.* at 1307. Further, "[i]f the degree of willfulness is a matter for jury consideration, a subsequent award of punitive damages is the remedy expressly provided[.]" *Id*. In invalidating the law, the court found that § 1681n "simply creates an unmanageable problem for courts." *Id.* at 1307.

The same conclusion applies with equal force in this case.

**B.      Even If The Court Does Not Strike Down The FCRA's Statutory Damages Provision, It Must Reject Plaintiffs' Proposed Instructions Because They Conflict With The Statute And Compound The Constitutional Problems.**

Regardless of whether the Court strikes down the FCRA's statutory damages provision, it must reject Plaintiffs' proposed instructions. These instructions improperly convert the FCRA's statutory damages provision into a punitive damage provision subjecting Defendants to double punishment, exacerbate the FCRA's vagueness problem, fail to instruct the jury to consider actual harm to individual class members, and ignore the prohibition on awards based on harm to nonparties.

**1.      Plaintiffs' Proposed Instructions Conflict With The Plain Language And Structure Of The FCRA And Would Render The FCRA's Statutory Damages Provision An Unconstitutional Double Punishment.**

As shown by their proposed jury instructions, Plaintiffs attempt to remedy the FCRA's complete lack of criteria by converting the FCRA's statutory damages provision into a punitive damage provision that focuses on Farmers' supposed "willfulness." But this interpretation conflicts with the express language and structure of § 1681n(a), and, if adopted, would render the FCRA's remedial scheme an unconstitutional violation of due process by authorizing double punishment.

Plaintiffs' Requested Jury Instruction No. 3 would tell the jury to "award an amount proportionate to the defendant's willful violation," and No. 4 would tell the jury not only to

Page 8 -      DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO APPROVE PROPOSED JURY INSTRUCTIONS REGARDING WILLFULNESS AND STATUTORY DAMAGES, AND TO APPROVE VERDICT FORM

"award an amount proportionate to the defendant's willful violation" but also (tautologically) to "consider the willfulness of the defendants' conduct" in doing so. Both instructions are inconsistent with the plain language and structure of the FCRA. Section 1681n(a) provides for two distinct categories of damages: (1) actual *or* statutory damages, 15 U.S.C. § 1681n(a)(1)(A), *and* (2) punitive damages, 15 U.S.C. § 1681n(a)(2). Thus, under this plain language, punitive damages are separately recoverable regardless of whether a plaintiff elects to seek statutory or actual damages. *Id.*[7]

It follows from this structure that statutory damages cannot be imposed for the purpose of punishing or deterring a defendant without rendering subsection 1681n(a)(2) redundant or superfluous—a result that defies basic principles of statutory construction. *See, e.g.*, *Duncan v. Walker*, 533 U.S. 167, 174 (2001) ("It is our duty to give effect, if possible, to every clause and word of a statute. We are thus reluctan[t] to treat statutory terms as surplusage in any setting.") (internal quotations omitted)); *DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 853 (9th Cir. 2007) ("We must make every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous."); *cf. Safeco Ins. Co. of Am. v. Burr*, 127 S. Ct. 2201, 2210 (2007) (rejecting an interpretation of § 1681n(a) that would render a word superfluous).

It further follows from this structure that, although statutory and actual damages are alternative remedies, they are closely related and entirely distinct from punitive damages. *See, e.g.*, *United States v. Williams*, 128 S. Ct. 1830, 1839 (2008) (interpreting a statute in light of the "commonsense canon of noscitur a sociis—which counsels that a word is given more precise content by the neighboring words with which it is associated"); *Gustafson v. Alloyd Co., Inc.* 513 U.S. 561, 575 (1995) ("[A] word is known by the company it keeps (the doctrine of noscitur a

---

[7] The FCRA is unique among the federal consumer statutes in that it permits recovery of both statutory damages and punitive damages. *See* 15 U.S.C. §§ 1640(a) (permitting actual and statutory damages but not punitive damages), 1679g(a) (permitting actual and punitive damages but not statutory damages), 1691e(a)-(b) (permitting actual and punitive damages but not statutory damages), 1692k(a)-(b) (permitting actual and statutory damages but not punitive damages), 1693h(a) (same), and 1693m(a)(b) (same).

Page 9 -    DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO APPROVE
            PROPOSED JURY INSTRUCTIONS REGARDING WILLFULNESS AND
            STATUTORY DAMAGES, AND TO APPROVE VERDICT FORM

sociis).  This rule we rely upon to avoid ascribing to one word a meaning so broad that it is inconsistent with its accompanying words, thus giving unintended breadth to the Acts of Congress.") (internal quotations omitted)).  Whatever distinctions Congress intended, both remedies are compensatory in nature, as a number of courts have concluded.  *See*, *e.g.*, *Ramirez v. Midwest Airlines, Inc.*, 537 F. Supp. 2d 1161, 1168 (D. Kan. 2008) ("The actual or statutory damages in subsection (a)(1), however, are in the nature of compensatory damages."); *In re Trans Union Corp. Privacy Litig.*, 211 F.R.D. 328, 342 (N.D. Ill. 2002) ("[T]he language of § 1681n(a)(1)(A) clearly and unambiguously allows for actual *or* statutory damages as the measure of compensatory damages, but not both.  Statutory damages are allowed in lieu of, not in addition to, actual damages.  Punitive damages are then allowed in addition to whatever measure of compensatory damages the plaintiff elects.") (emphasis in original)).

Moreover, if, as Plaintiffs suggest, the FCRA's statutory damage provision is effectively a statutory penalty, then the FCRA's remedial scheme is unconstitutional because it authorizes duplicative punishment for the same acts.  As a matter of due process, a party may not be punished more than once for the same conduct.  This principle has its roots in the double jeopardy prohibition against successive criminal prosecution, but it has also been applied to prohibit duplicative civil punishment in the form of punitive damages.  For example, in *State Farm*, the Supreme Court emphasized that "multiple punitive awards for the same conduct" would violate due process.  538 U.S. at 423.  Similarly, in *Williams v. ConAgra Poultry Co.*, the Eighth Circuit explained that awarding punitive damages to the plaintiff, in a non-class action, based on the defendant's "similar conduct" toward third parties would unfairly "deprive[] the defendant of the safeguards against duplicative punishment."  378 F.3d 790, 797 (8th Cir. 2004); *see also Johnson v. Ford Motor Co.*, 35 Cal. 4th 1191, 1208-09 (2005) (holding that permitting a defendant to incur two civil punishments for the same conduct would "create possibilities for unfairness . . . which may be of constitutional dimension").

The same considerations apply here.  To the extent that the FCRA's statutory damages provision is interpreted as serving a punitive or deterrent function and not a compensatory one

Page 10 -    DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO APPROVE
PROPOSED JURY INSTRUCTIONS REGARDING WILLFULNESS AND
STATUTORY DAMAGES, AND TO APPROVE VERDICT FORM

(as Plaintiffs' proposed instructions do), it is duplicative of the punitive damages that are separately available under the FCRA. Interpreting § 1681n(a)(1)(A) as punitive creates the substantial risk that a defendant may be punished twice for the same conduct, in violation of due process. This consideration powerfully underscores that the statute can only properly be interpreted as compensatory. "Where a statute is susceptible of two constructions, by one of which grave and doubtful constitutional questions arise and by the other of which such questions are avoided, our duty is to adopt the latter." *Jones v. United States*, 529 U.S. 848, 857 (2000) (internal quotations omitted); *see also Clark v. Suarez Martinez*, 543 U.S. 371, 380-81 (2005) ("[W]hen deciding which of two plausible statutory constructions to adopt, a court must consider the necessary consequences of its choice. If one of them would raise a multitude of constitutional problems, the other should prevail—whether or not those constitutional problems pertain to the particular litigant before the Court.").

Plaintiffs' jury instructions conflict with this structure by attempting to frame their claim for statutory damages as punitive, not compensatory, in nature. Neither proposal instructs the jury to consider the actual harm, if any, to the individual class members in determining the amount of damages, much less to award an amount proportionate to such harm. Instead, both instructions would have the Court instruct the jury to award an amount "proportionate" to the "willfulness" of Farmers' conduct, whatever that means. The reprehensibility of the defendant's conduct, however, is a key factor in determining the amount of punitive damages, not compensatory ones. *See, e.g.*, *State Farm*, 538 U.S. at 419; *Cooper Indus., Inc. v. Leatherman Tool Group*, Inc., 532 U.S. 424, 435 (2001). And punitive damages are separately and cumulatively recoverable under the FCRA's punitive damages provision. Thus, its inclusion here as a relevant factor has the effect of rendering the FCRA's punitive damages provision mere surplusage—and unconstitutional surplusage at that.[8]

---

[8] The FCRA's inclusion of both statutory and punitive damages—a feature unique among federal consumer statutes—serves to distinguish the FCRA from the statutes Plaintiffs cite. *See*, *e.g.*, *Davis v. Gap, Inc*., 246 F.3d 152, 172 (2d Cir. 2001) (punitive damages not recoverable under Copyright Act); *Budget Cinema, Inc. v. Watertower Assocs.,* 81 F.3d 729, 733 (7th Cir.

Page 11 -    DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO APPROVE
PROPOSED JURY INSTRUCTIONS REGARDING WILLFULNESS AND
STATUTORY DAMAGES, AND TO APPROVE VERDICT FORM

In fact, Plaintiffs implicitly acknowledged their dilemma when they disclaimed seeking punitive damages. This was not an act of altruism. But no such "waiver" can change the compensatory character of the statutory damages available under the FCRA. Plaintiffs' waiver is plainly irrelevant to interpreting the statute. As the District Court in *Grimes* held, the risk of such duplicative punishment is inherent in the statute and renders it unconstitutional regardless of whether Plaintiffs are seeking punitive damages. "'Due process' does not tolerate a defendant's being punished twice for the same conduct . . . . When this issue was brought up during oral argument, counsel for one of the plaintiffs suggested that his client would be willing to amend his complaint to eliminate his claim for punitive damages. Such an amendment would solve nothing. The question of double punishment inhering in §§ 1681n(a)(1)(A) and 1681n(a)(2) cannot be ignored." 552 F. Supp. 2d at 1307.

2.    **Plaintiffs' Attempt To Convert The Statutory Damages Remedy Into a Punitive Remedy Raises Additional Constitutional Problems.**

a.    **The Vagueness Problems Of The FCRA's Statutory Damages Remedy Are Even More Severe If It Is Treated As Punitive.**

The Supreme Court repeatedly has made clear that "[u]nless a State insists upon proper standards that will cabin the jury's discretionary authority, its punitive damages system may deprive a defendant of 'fair notice . . . of the severity of the penalty that a State may impose,'" and "may threaten 'arbitrary punishments,' i.e., punishments that reflect not an 'application of law' but 'a decisionmaker's caprice[.]'" *Philip Morris USA v. Williams*, 549 U.S. 346, 127 S. Ct. 1057, 1062 (2007) (quoting *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 574 (1996) and *State Farm*, 538 U.S. at 416, 418).

---

1996) (same); *Barrientos v. Taylor*, 917 F. Supp. 375, 386 (E.D.N.C. 1996) (punitive damages not recoverable under AWPA). It is this unique feature that renders the FCRA's statutory damages provision unconstitutional if used to serve a punitive or deterrent function, as Plaintiffs' Requested Jury Instruction Nos. 3 and 4 seek to do.

Page 12 -    DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO APPROVE PROPOSED JURY INSTRUCTIONS REGARDING WILLFULNESS AND STATUTORY DAMAGES, AND TO APPROVE VERDICT FORM

These principles apply to statutory penalties regardless of their label. In *Gore* and *State Farm*, for instance, the Court emphasized repeatedly that due process protections apply to civil penalties generally, not just those expressly styled as punitive damages. *See Gore*, 517 U.S. at 574 n.22 (explaining that "the basic protection against 'judgments without notice' afforded by the Due Process Clause is implicated by civil *penalties*") (emphasis in original); *State Farm*, 538 U.S. at 416 (due process "prohibits the imposition of grossly excessive or arbitrary *punishments* on a tortfeasor.") (emphasis added).[9]

But as noted above, the FCRA contains no factors to cabin the jury's discretion. This is bad enough if § 1681n(a)(1)(A) is a compensatory provision. It is even more clearly unconstitutionally vague in a provision purporting to authorize a quasi-criminal punishment. Just as the Fourteenth Amendment prohibits States from enforcing vague laws, so, too, the Due Process Clause of the Fifth Amendment limits the ability of Congress to punish defendants according to vague standards. "The Due Process Clause does not permit [Congress] to classify arbitrariness as a virtue," and Congress "can have no legitimate interest in deliberately making the law so arbitrary that citizens will be unable to avoid punishment based solely upon bias or

---

[9] *See also Giaccio*, 382 U.S. at 402-03 (striking down state statute authorizing juries to impose costs of misdemeanor prosecutions on acquitted defendants, holding that statute "whether labeled 'penal' or not must meet the challenge that it is unconstitutionally vague"); *Parker v. Time Warner Entm't Co., L.P.*, 331 F.3d 13, 22 (2d Cir. 2003) (defending the trial court's "legitimate" concern that the Cable Communications Policy Act of 1984 presents "the potential for a devastatingly large [statutory] damages award, out of all reasonable proportion to the actual harm suffered by members of the plaintiff class," and that this concern "may raise due process issue."); *In re Napster, Inc. Copyright Litig.*, 2005 WL 1287611, at *10-11 (N.D. Cal. June 1, 2005) (recognizing the "doubtlessly correct" proposition that a "grossly excessive statutory damages award violates the Due Process Clause"); *People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal. 4th 707, 728 (Cal. 2005) (holding that a "civil penalty" was subject to "state and federal provisions barring violations of due process"); *Gilbert v. DaimlerChrysler Corp.*, 685 N.W.2d 391, 400 n.22 (Mich. 2004) ("While *State Farm* dealt with punitive damage awards, the due process concerns articulated in *State Farm* are arguably at play regardless of the label given to damage awards. A grossly excessive award [of compensatory damages] may violate the Due Process Clause even if it is not labeled 'punitive.'"); *Cf. Exxon Shipping Co. v. Baker*, ___ U.S. ___, 128 S. Ct. 2605 (2008) (likening federal treble-damages statute and state penalty statutes to a punitive-damages award, and finding such statutes have a "broadly analogous object"); *Tull v. United States*, 481 U.S. 412, 423 n.7 (1987) ("[T]he remedy of civil penalties is similar to the remedy of punitive damages.")

Page 13 -    DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO APPROVE
             PROPOSED JURY INSTRUCTIONS REGARDING WILLFULNESS AND
             STATUTORY DAMAGES, AND TO APPROVE VERDICT FORM

whim.'"  *State Farm*, 538 U.S at 417 (citations omitted); *see also Gore*, 517 U.S. at 587 (Breyer, J., concurring) ("Requiring the application of law, rather than a decisionmaker's caprice, does more than simply provide citizens notice of what actions may subject them to punishment; it also helps assure the uniform general treatment of similarly situated persons that is the essence of law itself.").  "An argument that prior knowledge of a sanction is less important than knowledge of the conduct to which the sanction applies has some merit.  But it does not minimize the need that even the sanction have a rational basis for application.  Otherwise the law has no form, predictability or equality in application and becomes the product of the unique will of the sanction-giver at the time it is imposed."  *Mattison v. Dallas Carrier Corp*., 947 F.2d 95 (4th Cir 1991).

Plaintiffs would have this Court "cure" this problem with their Plaintiffs' Requested Jury Instruction No. 4, but the Court cannot simply "add" criteria in an attempt to salvage the statute.  Doing so would go beyond "the necessary and proper judicial function of construing statutes" and instead amount to "filling gaps so large that doing so becomes essentially legislative."  *United States v. Evans*, 333 U.S. 483, 486-87 (1948).  And even if a cure were permissible or possible (which it is not), Plaintiffs' Requested Jury Instructions Nos. 3 and 4 would have the opposite effect.

### b.    Plaintiffs' Instructions Fail To Direct The Jury To Consider The Actual Harm, If Any, To The Class Members.

Plaintiffs would have the Court instruct the jury to award damages in an amount "proportionate to the defendants' willful violation" *without also instructing it that any damages awarded must be proportionate to the actual harm, if any, to the class members*.  This runs afoul of the Supreme Court's repeated admonition that the amount of punitive damages must be "both reasonable and proportionate to the amount of harm to the plaintiff and to the general damages recovered."  *State Farm*, 538 U.S. at 426; *see also Gore*, 517 U.S. at 580 (1996) ("The second and perhaps most commonly cited indicium of an unreasonable or excessive punitive damages

Page 14 -    DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO APPROVE PROPOSED JURY INSTRUCTIONS REGARDING WILLFULNESS AND STATUTORY DAMAGES, AND TO APPROVE VERDICT FORM

Portlnd3-1640124.1 0045556-00006

award is its ratio to the actual harm inflicted on the plaintiff.").  By instructing the jury to consider only Farmers' conduct in determining the amount of statutory damages, without instructing the jury to consider the actual harm, if any, caused by Farmers' form of notice to the individual class members, Plaintiffs' Requested Jury Instruction No. 4 virtually assures a constitutionally excessive award.  For this reason alone, the Court should reject it.

> ### c.    Plaintiffs' Instructions Fail To Direct The Jury That It May Not Base Its Award On Potential Harm To Nonparties.

Plaintiffs' instruction also fails to caution the jury that it may not base its award on potential harm to nonparties.  *See Philip Morris*, 127 S. Ct. at 1063 ("[T]he Constitution's Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties or those whom they directly represent, i.e., injury that it inflicts upon those who are, essentially, strangers to the litigation.").  This alone renders it constitutionally infirm.  But by instructing the jury to consider "Congress' purposes in creating the adverse action notice requirement for users of credit reports" without also instructing the jury to consider only the actual harm, if any, to the individual class members (and not, say, to any potential harm that could possibly result to some third party in similar circumstances), Plaintiffs' proposed jury instruction actually invites the jury to speculate as to the harm Farmers' conduct may have caused to absent nonparties.  For this reason as well, the Court should reject Plaintiffs' instructions.[10]

---

[10] Where, as here, there is a significant risk that jurors will base their punitive damages award in part on a desire to punish defendants for harm to nonparties, due process requires that "the court must upon request protect against that risk by avoid[ing] procedure that unnecessarily deprives juries of proper legal guidance."  *White v. Ford Motor Co.*, 500 F.3d 963, 972 (9th Cir. 2007) (citing *Philip Morris*).  Accordingly, in the event the Court gives an instruction resembling Plaintiffs' Requested Jury Instruction No. 4, it should also, at a minimum, instruct the jury that it may not impose any award in order to punish Farmers for harm to nonparties.

Page 15 -    DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO APPROVE PROPOSED JURY INSTRUCTIONS REGARDING WILLFULNESS AND STATUTORY DAMAGES, AND TO APPROVE VERDICT FORM

**C.    Because There Is No Evidence Of Individual Harm To The Class Members, Any Award Greater Than The Statutory Minimum Would Be Unconstitutional.**

Here, each of the named Plaintiffs has disavowed any evidence of actual harm.  In the absence of such evidence, any amount of statutory damages above the statutory minimum would be constitutionally excessive, because it would be completely arbitrary, and anything more than a *de minimis* award would be disproportionate to a non-existent injury.

As noted, the Supreme Court repeatedly has admonished that the amount of punitive damages must be "both reasonable and proportionate to the amount of harm to the plaintiff and to the general damages recovered."  *State Farm*, 538 U.S. at 426; *see also Gore*, 517 U.S. at 580.  Where, as here, there is no proper evidentiary basis for a jury to pick a number higher than the statutory minimum, it would violate due process to permit a jury to do so.  *See, e.g.*, *Browning-Ferris Indus. of Vermont, Inc.* v. *Kelco Disposal, Inc.*, 492 U.S. 257, 281 (1989) (Brennan, J., concurring, joined by Marshall, J.) (warning of the due process dangers that arise when juries are told "little more than . . . to do what they think is best" and are thus "left largely to themselves in making this important, and potentially devastating, decision").

Indeed, by instructing the jury to award damages in an amount "proportionate to the defendants' willful violation" without also instructing the jury to consider the actual harm, if any, caused by Farmers' form of notice to the individual class members, Plaintiffs' Requested Jury Instructions Nos. 3 and 4 virtually assure an unconstitutionally excessive award.  And by failing to introduce any evidence proving the amount of Plaintiffs' individual harm, at the same time that they seek to convert the FCRA's statutory damages provision into a statutory penalty, Plaintiffs will make it impossible for this Court to conduct a constitutional due process excessiveness review at the conclusion of the trial.  *See Gore*, 517 U.S. at 580.

Page 16 -     DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO APPROVE PROPOSED JURY INSTRUCTIONS REGARDING WILLFULNESS AND STATUTORY DAMAGES, AND TO APPROVE VERDICT FORM

Portlnd3-1640124.1 0045556-00006

**D.    In This Class Action Context, Even An Award Of Statutory Damages Based On The Statutory Minimum Would Violate Due Process.**

Given the size of the class in this case (currently more than 200,000) and the complete absence of any evidence of actual harm to the individual class members, *any* award that represents the simple *aggregation* of even the statutory minimum would violate due process.

Longstanding Supreme Court and Ninth Circuit authority holds that an award of statutory damages may be so disproportionate to the actual harm inflicted as to violate due process. For instance, in *Missouri Pacific Railway Co. v. Tucker*, 230 U.S. 340 (1913), the Supreme Court held that an award of $500 in liquidated damages to a man who was overcharged $3 was so "grossly out of proportion to the possible actual damages" and "arbitrary and oppressive" as to violate the Due Process Clause. *Id.* at 351. Likewise, in *Southwestern Telegraph & Telephone Co. v. Danaher*, 238 U.S. 482, 491 (1915), the Supreme Court overturned an award of $6,300 in statutory damages to a plaintiff whose telephone service had been cut off for late payment on the grounds that it was so "plainly arbitrary and oppressive" as to violate the Due Process Clause. *Id.* at 491; *see also St. Louis, I. M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67 (1919) (observing it is "fully recognized" that the due process clause limits statutory damages if they are "so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable"); *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1309 (9th Cir. 1990) (holding that the trial court's award of between $400 and $1,600 in statutory damages to each class member was excessive and an abuse of discretion because the awards "exceeded what was necessary to compensate any potential injury from the violations"); *Kline v. Coldwell, Banker & Co.*, 508 F.2d 226, 234 (9th Cir. 1974) (denying class certification in an antitrust action where the potential damages recoverable under the Clayton Act's treble damages provision "shock[ed] the conscience"). And, as discussed above, this principle is a well-established feature of the Supreme Court's due process analysis of punitive damages and other civil penalties. *See*, *e.g.*, *State Farm*, 538 U.S. at 426, 417 ("courts must ensure that the measure of punishment is both reasonable and proportionate to the amount of harm to the plaintiff and to

the general damages recovered," and grossly excessive awards "further[] no legitimate purpose and constitute[] an arbitrary deprivation of property").

Plaintiffs' attempt to obtain a massive statutory damages award that is disconnected from actual harm flatly contradicts these fundamental principles.  For example, in *Six Mexican Workers*, decided under the Migrant and Seasonal Agricultural Worker Protection Act's ("AWPA") predecessor statute, the Ninth Circuit held that the district court's award of statutory damages between $400 and $1,600 to each class member was excessive and an abuse of discretion because the award "exceeded what was necessary to compensate any potential injury from the violations."  904 F.2d at 1309.  The court reasoned that the award was disproportionate to the class members' actual harm, because some of the class members worked "only a few hours" and "[i]t is unlikely that a plaintiff who worked only a few hours or days could show an injury that approaches $400."  *Id*.  On the other hand, the court also held that the aggregate award ($1,846,500) exceeded the amount necessary to deter future violations, noting that "[w]hen the class size is large, the individual award will be reduced so that the total award is not disproportionate."  *Id.*

In this case, the potential damages are even more disproportionate than those at issue in *Six Mexican Workers*.  In that case, each individual class member could point to some actual economic harm, however slight.  Here, however, Plaintiffs do not intend to introduce evidence of *any* actual harm to any class member, let alone evidence that Farmers' allegedly noncompliant FCRA notice caused the class members to suffer damages of *hundreds of millions of dollars*. Such an award would be, on its face, "grossly excessive," and would amount to "a penalty disproportionate to the offense" that violates due process, and skews the purpose of § 1681n(a)(1)(A) and Rule 23(b)(3).  Perhaps for this reason, in stark and revealing contrast with the FCRA, the other federal consumer protection laws contain caps on aggregated statutory damages.  *See*, *e.g.*, 15 U.S.C. §§ 1640, 1691e, 1692k.[11]

---

[11] The FCRA is unique among the federal consumer statutes in this respect, but this is the product of a historical anomaly, and not congressional intent.  Unlike its statutory counterparts,

Page 18 -    DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO APPROVE PROPOSED JURY INSTRUCTIONS REGARDING WILLFULNESS AND STATUTORY DAMAGES, AND TO APPROVE VERDICT FORM

Portlnd3-1640124.1 0045556-00006

Indeed, in just the last two years, many District Courts within this Circuit have recognized that the aggregation of statutory damages under the FCRA—even the minimum statutory damages—violates due process and have denied class certification on this basis. For example:

- In *Seig v. Yard House Rancho Cucamonga, LLC*, the District Court denied class certification in a FACTA action based in part on due process concerns that "if a class [were] certified and Plaintiff prevail[ed], even the minimum statutory damages would be enormous and completely out of proportion given the lack of any actual harm." 2007 U.S. Dist. LEXIS 97209, at *15 (C.D. Cal. Dec. 10, 2007).

- In *Azoiani v. Love's Travel Stops & Country Stores, Inc.*, the District Court denied class certification in part because "allowing statutory damages between $423 million and $4 billion without proof of actual harm [would] violate[] principles of due process." 2007 U.S. Dist. LEXIS 96159, at *11-13 (C.D. Cal. Dec. 18, 2007).

- In *Vasquez-Torres v. StubHub, Inc.*, the District Court denied class certification in part because "[t]here [was] a great potential for excessive and disproportionate

---

such as TILA, the original version of the FCRA, enacted in 1970, did not contain a statutory damages remedy. When Congress amended the FCRA to add statutory damages in 1996, it did not remove the FCRA's punitive damages provision or impose a cap on statutory damages. *See* Pub. L. No. 104-208, 110 Stat. 3009 (1996), Ex. 18 to the Declaration of Timothy W. Snider in Support of Defendants' Opposition to Plaintiffs' Motion in Limine to Exclude Testimony of Independent Contractor Agents and Defendants' Opposition to Plaintiffs' Motion to Approve Proposed Jury Instructions Regarding Willfulness and Statutory Damages, and to Approve Verdict Form ("Snider Decl."), filed herewith. Seven years later, however, Congress enacted FACTA and precluded private actions for violations of § 1681m(a). *See* Pub. L. No. 108-159, 117 Stat. 1952 (2003), Ex. 19 to Snider Decl. It is inconceivable that Congress intended to authorize, *for only a seven-year window*, private civil actions for hundreds of millions or even *billions* of dollars in *nonpunitive* "remedies" for the violation of a notice provision in cases in which there is no actual harm and in which punitive damages—and attorneys fees—are separately available. While Plaintiffs contend that the lack of the cap under the FCRA means that Congress intended unlimited aggregation of statutory damages, the Supreme Court has instructed courts to avoid statutory literalism that would produce absurd results obviously contrary to the intent of a statute's drafters. *See Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 575 (1982) ("[I]n rare cases the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters, and those intentions must be controlling. . . . [I]nterpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available"); *Azarte v. Ashcroft*, 394 F.3d 1278, 1288 (9th Cir. 2005) ("[W]e must avoid interpretations that would produce absurd results.").

Page 19 -   DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO APPROVE PROPOSED JURY INSTRUCTIONS REGARDING WILLFULNESS AND STATUTORY DAMAGES, AND TO APPROVE VERDICT FORM

damages.  Here, Plaintiff herself did not suffer actual identity theft and does not allege any actual harm to herself or other class members, while damages faced by Defendants would range from $36 million to $2 billion.  This award would likely be 'ruinous' to Defendant's business."  2008 U.S. Dist. LEXIS 22503, at *20 (C.D. Cal. Mar. 4, 2008) (internal citations omitted).

- In *Blanco v. CEC Entertainment Concepts L.P.*, the court denied class certification in an action under FACTA because "the potential damages at issue are grossly disproportionate to the alleged injury."  2008 WL 239658, at *2 (C.D. Cal. Jan. 10, 2008) (citing *State Farm*, 538 U.S. at 416, 426).

- In *Najarian v. Avis Rent a Car Sys.*, the court denied class certification on "due process grounds" because "a finding of willful violation would create liability of up to $ 1.66 billion in the absence of actual harm."  2007 U.S. Dist. LEXIS 59932, at *12-14 (C.D. Cal. June 11, 2007).

- In *Legge v. Nextel Commc'ns, Inc.*, the court denied class certification based on due process concerns given the size of any potential award in relation to the actual harm suffered by the putative class members.  2004 U.S. Dist. LEXIS 30333, at *47-58 (C.D. Cal. June 25, 2004).

*See also*, *e.g.*, *In re Trans Union Corp. Privacy Litig.*, 211 F.R.D. 328, 351 (N.D. Ill. 2002) (denying class certification in a FCRA case because "the disproportionality of a damage award that has little relation to the harm actually suffered by the class" raised "due process concerns."); *Cf. Ratner v. Chemical Bank New York Trust Co.*, 54 F.R.D. 412, 416 (S.D.N.Y. 1972) (refusing to certify a class action alleging violations of TILA because "the proposed recovery of $100 each for some 130,000 class members would be a horrendous, possibly annihilating punishment, unrelated to any damage to the purported class or to any benefit to defendant, for what is at most a technical and debatable violation of the Truth in Lending Act").

While this Court has already certified a class, these cases are not for that reason any less apposite.  Indeed, it is precisely because a class has been certified that the constitutional violation those courts sought to avoid is unavoidable here.  Accordingly, the Court should either rule that any award of aggregated statutory damages, even the statutory minimum, would violate the Due Process Clause, or it should decertify the class.[12]

---

[12] The argument that the recovery of aggregated statutory damages awards, even ones disproportionate to the actual harm suffered, is necessary to provide some incentive to plaintiffs to sue where actual damages are small or non-existent, has no applicability to the FCRA's unique

Page 20 –    DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO APPROVE
PROPOSED JURY INSTRUCTIONS REGARDING WILLFULNESS AND
STATUTORY DAMAGES, AND TO APPROVE VERDICT FORM

Portlnd3-1640124.1 0045556-00006

E.    **If the Court Declines to Dismiss this Action on Constitutional Grounds, It Should Adopt Procedures that Ameliorate the Risk of an Unconstitutionally Arbitrary and Excessive Verdict And Are More Consistent With The FCRA.**

Plaintiffs' requested jury instructions and verdict form assume that a single jury may decide whether Farmers willfully violated the FCRA, determine an amount of statutory damages in the range of $100 to $1,000 with no guidance (or based upon some assessment of the degree of Farmers' "willfulness"), and then award this statutory damage amount to each individual class member without considering any evidence of harm, injury, or other factors relevant to rendering an award intended to *compensate* each class member in the event a willful violation is found.  As explained above, proceeding in this manner will result in a verdict that is both unconstitutionally arbitrary and excessive, and contrary to the text of the FCRA's statutory damages provision.  Although Farmers does not believe it is possible to cure all of the constitutional defects in the FCRA's damages scheme, the Court should, at a minimum, adopt procedures to alleviate some of the constitutional concerns and ensure that each statutory damage award is consistent with the purposes of § 1681n(a)(1)(A)—to *compensate* consumers, not punish Farmers.  *See Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 18 (1991) (trial courts must adopt adequate procedures to ensure that damages awards are related to their goals).

---

remedial scheme.  Unlike any other federal consumer protection statutes, the FCRA permits the recovery of punitive damages and attorneys' fees in addition to statutory damages.  Those remedies are more than sufficient to provide plaintiffs with the incentive to sue.  *See*, *e.g.*, *Blanco*, 2008 WL 239658, at *2 (holding that aggregation is unnecessary where damages are minimal or non-existent because the FCRA's punitive damages and attorneys' fees provisions "give[] individuals an incentive to sue"); *Vasquez-Torres*, 2008 U.S. Dist. LEXIS 22503, at *21 ("FACTA provides for a sufficient individual remedy—without the potential for annihilating damages.  Because FACTA specifically allows a litigant to recover attorneys fees, costs and punitive damages, 15 U.S.C. § 1681n(a)(2) and (3), individuals will not fail to enforce their rights due to a lack of incentive to initiate litigation. Thus, as the statute provides sufficient incentives to litigate individually, class treatment is not a superior method of adjudication.")

Page 21 -    DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO APPROVE PROPOSED JURY INSTRUCTIONS REGARDING WILLFULNESS AND STATUTORY DAMAGES, AND TO APPROVE VERDICT FORM

1.      **The Court Should Decertify The Class With Respect To Damages.**

One procedure the Court may adopt to address these issues is to amend its class certification order to exclude from class treatment the amount of statutory damages to be awarded to each class member.  Such a procedure is contemplated by Rule 23(c)(4), which authorizes trial courts to limit class certification to particular issues.  The Court has held that class certification is appropriate in this case on the issues of whether Farmers' FCRA notice complied with §1681m(a), and whether any failure to comply with the FCRA was willful, because questions of law and fact common to class members predominate on these issues.  The same cannot be said, however, for the determination of the statutory damages amount to be awarded to compensate each class member within the $100 to $1,000 range.  Section 1681n(a)(1)(A) is a *compensatory* damages provision and serves a compensatory—not punitive—purpose.  Accordingly, any award of statutory damages within the range prescribed by Congress must turn upon compensatory factors individual to each class member.  Absent consideration of such factors, any award of statutory damages to absent class members would be wholly arbitrary and not based upon factors relating to Congress's interest in compensating consumers.  Rule 23(c)(4) permits the Court to continue with a class trial on the issue of willfulness, but then to require each class member to bring a separate action limited to the issue of the amount of statutory damages to be awarded to them.

2.      **Even If The Court Does Not Decertify The Class With Respect To Damages, The Court Should Institute A Claims Process For Determining The Damages Of Each Individual Class Member.**

Similarly, the Court could bifurcate the statutory damages determination from a jury trial on the issue of willfulness, and put in place a claims administration process for resolving individual statutory damages awards in the event the jury finds against Farmers on the issue of willfulness.  *See In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 141 (2d Cir. 2001) (noting there are "a number of case management tools available to a district court to address any individualized damages issues that might arise in a class action," including

Page 22 -      DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO APPROVE PROPOSED JURY INSTRUCTIONS REGARDING WILLFULNESS AND STATUTORY DAMAGES, AND TO APPROVE VERDICT FORM

"bifurcating liability and damages trials with the same or different juries," appointing a special master to preside over individual damages determinations, and decertifying the class after a liability trial); *Knapp v. Ernst & Whinney*, 90 F.3d 1431, 1435 (9th Cir. 1996) (noting district court bifurcated trial on "class-wide issues to be followed, if necessary, by a second-stage proceeding to adjudicate issue of reliance and damages"); *Williams v. Owens-Illinois, Inc.*, 665 F.2d 918, 929 (9th Cir. 1982) ("[I]t is within the discretion of the trial judge, under Rule 23(c)(4), to limit the issues in a class action to those parts of a lawsuit which lend themselves to convenient use of the class action motif."); *Arthur Young & Co. v. United States District Court*, 549 F.2d 686, 697 (9th Cir. 1977) ("separation of trial" on individual damages issues from class issues "is not a novel procedure"); *see also Carnegie v. Household Intern., Inc.*, 376 F.3d 656, 661 (7th Cir. 2004) (noting district court's flexibility "to devise imaginative solutions to problems created by the presence in a class action litigation of individual damages issues" under Rule 23(c)(4)).  This procedure would likewise ensure that each individual award of statutory damages is based on compensatory factors and evidence—not the arbitrary and unguided application of a one-size-fits-all statutory damages award to all class members regardless of their individual facts and circumstances.[13]

### 3.    Farmers' Proposed Instruction No. 1 Ameliorates, Even Though It Cannot Eliminate, The Risk Of An Unconstitutionally Excessive Award.

For the reasons set forth above, it is not possible to create a jury instruction that resolves the constitutional and statutory problems posed by the FCRA's statutory damages provision. The Court should therefore invalidate it and dismiss this action, decertify the class with respect

---

[13] The compensatory factors to be considered in a claims administration process concerning the award of statutory damages to each class member would mirror the factors articulated in Defendants' Proposed Jury Instruction No. 1.  In this regard, the Court may require class members to submit a claim form to a special master addressing these factors, similar to the claims administration process ordered by Judge Robert E. Jones in *In re Farmers Ins. Exchange Claims Reps. Overtime Pay Litig.*, MDL Case No. 1439 (D. Or.) to resolve individualized wage and hour damages claims.

Page 23 -    DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO APPROVE PROPOSED JURY INSTRUCTIONS REGARDING WILLFULNESS AND STATUTORY DAMAGES, AND TO APPROVE VERDICT FORM

to damages, or institute a claims process to determine damages on a class-member-by-class-member basis.  But in the event the Court decides to proceed to a class-wide jury trial on the issue of damages, Farmers respectfully requests that the Court give Defendants' Jury Instruction No. 1 instead of Plaintiffs' constitutionally defective Requested Jury Instructions Nos. 3 and 4.[14]

Unlike Plaintiffs' proposed jury instructions, Defendants' Requested Jury Instruction No. 1 reflects the necessarily compensatory character of the FCRA's statutory damages provision.  Although it does not eliminate all constitutional or statutory infirmities, it does lessen them because (1) the proposed instruction is consistent with the FCRA's remedial structure by identifying actual harm to the class members as a relevant factor; (2) the instruction minimizes the FCRA's considerable vagueness problem by identifying specific factors, compensatory in nature, that the jury should consider in awarding damages; (3) the instruction reduces the risk of double punishment by expressly instructing the jury that it may not award damages in an amount designed to punish Farmers; and (4) it mitigates the substantial risk of a constitutionally excessive award by requiring the jury to award an amount proportionate to actual harm.

### F.    Plaintiffs' Requested Jury Instruction No. 2 Misstates *Safeco*'s "Willfulness" Standard.

Plaintiffs' proposed "willfulness" instruction is no more accurate than their statutory damages proposals.  Jury instructions must accurately and correctly instruct the jury on the law. *See, e.g., United States v. Hicks*, 217 F.3d 1038, 1045 (9th Cir. 2000) (improper to give instruction that was "not legally accurate").  In addition, jury instructions that are misleading or confusing, that inadequately guide the jury's deliberations, or that improperly intrude on the fact finding process should be rejected.  *See, e.g., Gracie v. Gracie*, 217 F.3d 1060, 1067 (9th Cir. 2000).  Plaintiffs' willfulness jury instruction violates each of these principles.

Plaintiffs' propose the following instruction on recklessness:

---

[14] To the extent the Court is inclined to give either Plaintiffs' Requested Jury Instructions Nos. 3 or 4, or any other instruction that reflects an interpretation of the FCRA's statutory damages provision as serving a punitive or deterrent function, Farmers respectfully reserves the right to propose, at an appropriate juncture, additional instructions necessary to safeguard Farmers' due process rights from arbitrary and excessive civil punishment.

Page 24 -    DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO APPROVE PROPOSED JURY INSTRUCTIONS REGARDING WILLFULNESS AND STATUTORY DAMAGES, AND TO APPROVE VERDICT FORM

> A defendant recklessly disregards its statutory duties under the
> FCRA if (a) its action is a violation under a reasonable reading of
> the FCRA's terms, and (b) defendants acted in the face of a
> substantial risk that their conduct would violate their statutory
> duties under the FCRA.

This inaccurately states the law because it instructs the jury that recklessness is a two-part test

requiring findings both of "unreasonable" conduct, and "reckless" conduct. But *Safeco* could not

be clearer that recklessness is a significantly higher standard than unreasonable conduct.

> The actor's conduct is in reckless disregard . . . if he does an act or
> intentionally fails to do an act which it is his duty to the other to
> do, knowing or having reason to know of facts which would lead a
> reasonable man to realize, *not only that his conduct creates an
> unreasonable risk of . . . harm to another, but also that such risk is
> substantially greater than that which is necessary to make his
> conduct negligent.*

127 S. Ct. at 2215 (quotation marks and citations omitted; emphasis added). Recklessness

requires a showing that a company's conduct "entail[ed] an unjustifiably high risk" of violating

the FCRA that was "either known or so obvious that it should have been known." *Id.*; *see also

id.* (recklessness requires showing that "company ran a risk of violating the law substantially

greater than the risk associated with a reading that was merely careless."); Federal Jury Practice

& Instructions §§ 123.20 ("'Recklessly' means wantonly, with indifference to consequences.");

124.22 ("'Recklessness' implies a higher degree of culpability than negligence."); Ninth Circuit

Manual of Model Jury Instructions Civil §§ 5.5 ("Conduct is in reckless disregard of the

plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's

safety or rights, or the defendant acts in the face of a perceived risk that its actions will violate

the plaintiff's rights under federal law."); 18.3 ("'Reckless' means highly unreasonable conduct

that is an extreme departure from ordinary care . . . which is either known to the defendant or is

so obvious that the defendant must have been aware of it.").

In referring to "unreasonable" conduct, *Safeco* did not make unreasonable conduct an

element of a recklessness finding. Rather, *Safeco* held that if a *court* determines, as a matter of

law, that the challenged conduct was reasonable, there can be no willful violation of the FCRA

Page 25 -   DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO APPROVE
            PROPOSED JURY INSTRUCTIONS REGARDING WILLFULNESS AND
            STATUTORY DAMAGES, AND TO APPROVE VERDICT FORM

and the case ends.  127 S. Ct. at 2215-16.  The only issue for a *jury* at trial, and the only one that

should be included in a jury instruction, is whether Farmers' written FCRA notices constitute a

willful (a knowing or reckless) violation of the FCRA.  As this Court has already explained, "In

*Safeco v. Burr*, the Supreme Court differentiated between objective unreasonableness and willful

misconduct.  If the Court concludes that Defendants' interpretation is objectively reasonable as a

matter of law, the case ends. . . . If, however, the Court concludes Defendants' interpretation of

the FCRA's adverse action notice requirements was objectively unreasonable as a matter of law,

the issue is whether Defendants' interpretation was merely careless or was sufficiently reckless

to amount to a willful violation."  *Ashby v. Farmers Ins. Co. of Oregon*, ___ F. Supp. 2d ___,

2008 WL 2557982, at *15 (D. Or. June 20, 2008).  For this reason, Farmers' proposed

instruction on willfulness instructs the jury that knowing or reckless violations of the law may be

willful violations, and instructs the jury on the meaning of recklessness—not unreasonable

conduct, which is a question of law for the Court.

Plaintiffs' willfulness instruction is also improper because it does not adequately guide

the jury's deliberations.  *See, e.g., Gracie*, 217 F.3d at 1067 (jury instruction must adequately

guide jury deliberations).  Rather, Plaintiffs would have the Court simply instruct the jury to

determine whether "defendants acted in the face of a substantial risk that their conduct would

violate their statutory duties under the FCRA."  This instruction does not clearly communicate to

a jury the type of conduct that can be deemed reckless conduct.

*Safeco* defined "recklessness" as "action entailing an unjustifiably high risk of harm that

is either known or so obvious that it should be known."  127 S. Ct. at 2215.  In another portion of

its opinion, the *Safeco* court stated that a company acts in "reckless disregard" of the FCRA

when the evidence "shows that the company ran a risk of violating the law substantially greater

than the risk associated with a reading that was merely careless."  *Id.*  Defendants' Requested

Jury Instruction No. 2 is based on this language taken directly from *Safeco*:

Page 26 -    DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO APPROVE
             PROPOSED JURY INSTRUCTIONS REGARDING WILLFULNESS AND
             STATUTORY DAMAGES, AND TO APPROVE VERDICT FORM

> A company may be found to have acted in reckless disregard of the
> FCRA if its conduct presented an unjustifiably high risk of
> violating the FCRA that was so obvious that the company should
> have known its conduct violated the law.

This is a complete, concrete explanation of recklessness that is consistent with *Safeco*, and will assist the jury in making a willfulness determination much more than Plaintiffs' "substantial risk" instruction.

Farmers' proposed instruction further points the jury to relevant factors it should consider in determining whether Farmers willfully violated the FCRA. Such factors include whether Farmers "had the benefit of guidance from the courts of appeals or the Federal Trade Commission (FTC) that might have warned it away from the view it took." *Safeco*, 127 S. Ct. at 2216. In addition, Farmers' proposed willfulness instruction informs the jury that it may consider whether Farmers attempted in good faith to determine and fulfill its statutory obligations, and whether Farmers consulted with attorneys and relied upon their advice, which the jury may consider as evidence of good faith and a lack of willfulness. It also instructs that the jury may consider evidence relating to Farmers' agents' communications with class members about the impact of their credit report on their premium charge as evidence of good faith and a lack of willfulness. *See* Defendants' Opposition to Plaintiffs' Motion in Limine to Exclude Testimony of Independent Contractor Agents, filed herewith.

Finally, Plaintiffs' proposed jury instruction is improper because it seeks to intrude upon the jury's willfulness determination by instructing the jury that "[t]he Court has already found that defendants' reading of the FCRA's terms was unreasonable." *See, e.g., Gracie*, 217 F.3d at 1067 (jury instruction should not be confusing or improperly intrude on the jury's fact finding role). This instruction is improper for several reasons. First, it instructs the jury on an issue that is not relevant to the willfulness determination. The jury must decide whether Farmers' acted *recklessly*, not whether Farmers' interpretation of the statute was reasonable—that issue is a question of law for the Court. *Safeco*, 127 S. Ct. at 2215-16; *Ashby*, 2008 WL 2557982, at *15. Second, the instruction may have the effect of improperly encouraging the jury to find that

Page 27 -     DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO APPROVE
              PROPOSED JURY INSTRUCTIONS REGARDING WILLFULNESS AND
              STATUTORY DAMAGES, AND TO APPROVE VERDICT FORM

Farmers conduct was reckless by informing the jury that the Court has already found that Farmers written notice was "unreasonable."  Such an instruction presents an extreme risk of confusing the jury on the issue they are to decide (whether Farmers acted recklessly), and suggesting that the jury find against Farmers because the Court has done so already.  The jury should be instructed on the meaning of willfulness, and relevant factors to consider in making that determination—not on the Court's prior ruling on a question of law on summary judgment.

For all of these reasons, Farmers respectfully requests that the Court adopt its jury instruction on willfulness.

## III.    CONCLUSION

For the foregoing reasons, the Court should reject plaintiffs' proposed instructions, and should follow the lead of the *Grimes* court and declare the FCRA's damage scheme unconstitutional.  In the alternative, the Court should either (1) decertify the class for purposes of determining damages, following the lead of those courts within and without the Ninth Circuit that have refused to certify classes under the FCRA because of the constitutional infirmities Defendants here have identified; (2) institute a claims procedure for determining damages on a class-member-by-class-member basis; or (3) give the instruction that Farmers has proposed in the event the issue of damages is tried to a jury.  Although Farmers' instruction cannot solve the constitutional problems built into the FCRA's statutory scheme, it at least serves to minimize those problems.  Finally, the Court should adopt Farmers' jury instruction on willfulness, as it is consistent with *Safeco*, and instructs the jury on other relevant factors to be considered in making that determination.

DATED:  September 12, 2008.             STOEL RIVES LLP

                                         */s/ Barnes H. Ellis*
                                         Barnes H. Ellis, OSB No. 640325
                                         Timothy W. Snider, OSB No. 034577

                                         Attorneys for Defendants

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO APPROVE PROPOSED JURY INSTRUCTIONS REGARDING WILLFULNESS AND STATUTORY DAMAGES, AND TO APPROVE VERDICT FORM

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing **DEFENDANTS' OPPOSITION TO**

**PLAINTIFFS' MOTION TO APPROVE PROPOSED JURY INSTRUCTIONS**

**REGARDING WILLFULNESS AND STATUTORY DAMAGES, AND TO APPROVE**

**VERDICT FORM** on the following named person(s) on the date indicated below by electronic

service through the U.S. District Court of Oregon CM/ECF system, to said person(s) a true copy

thereof, at their last-known address(es) indicated below.

Steve D. Larson
slarson@ssbls.com
Stoll Stoll Berne Lokting & Shlachter, PC
Suite 500
209 SW Oak Street
Portland, OR  97204

Charles A. Ringo
charlie@ringolaw.com
Charlie Ringo & Associates
974 NW Riverside Blvd.
Bend, OR  97701

       Attorneys for Plaintiffs

Kelly Zusman
Assistant United States Attorney
Mark O. Hatfield U.S. Courthouse
1000 SW Third Ave., Suite 600
Portland, OR 97204

29   -   CERTIFICATE OF SERVICE

Daniel K. Crane-Hirsch
Trial Attorney, Office of Consumer Litigation
U.S. Department of Justice
PO Box 386
Washington, DC 20044-0386

      Attorneys for Plaintiff United States of America

DATED:  September 12, 2008.

           */s/  Barnes H. Ellis*
           BARNES H. ELLIS, OSB NO. 640325
           STEPHEN A. REDSHAW, OSB NO. 944146
           TIMOTHY W. SNIDER, OSB NO. 034577
           TELEPHONE:  (503) 224-3380
           FACSIMILE:  (503) 220-2480

           Attorneys for Defendant

30   -   CERTIFICATE OF SERVICE