**STEVE D. LARSON,** OSB No. 863540
Email: slarson@stollberne.com
**DAVID F. REES,** OSB No. 945138
Email: drees@stollberne.com
**MARK A. FRIEL,** OSB No. 002592
Email: mfriel@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

**CHARLES A. RINGO,** OSB No. 893461
E-Mail: Charlie@Ringolaw.com
CHARLIE RINGO & ASSOCIATES
974 NW Riverside Blvd
Bend, OR 97701
Telephone: (541) 330-6447
Facsimile: (541) 382-3328

**Attorneys for Plaintiffs**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DOUGLAS ASHBY, CAROL PORTO, GRANT WENZLICK, LEO NEWBERRY, and EVELYN BROEFFLE,<br><br>Plaintiffs,<br><br>v.<br><br>FARMERS INSURANCE COMPANY OF OREGON and FARMERS GROUP, INC.,<br><br>Defendants. | Case No. CV 01-1446 BR<br><br>**PLAINTIFFS' SUBMISSION RE NON-PUNITIVE FACTORS TO CONSIDER IN AWARDING STATUTORY DAMAGES UNDER 15 U.S.C. § 1681n** |

In its November 7, 2008, minute order, this Court invited the parties and intervenor

United States to submit "without any advocacy or argument, any case citations for decisions

involving class actions arising from the alleged violation of consumer protection statutes in

Page 1 – PLAINTIFFS' SUBMISSION RE NON-PUNITIVE FACTORS TO
  CONSIDER IN AWARDING STATUTORY DAMAGES UNDER
  15 U.S.C. § 1681n

00182452.DOC

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

which a jury has been instructed on non-punitive factors that may be considered in the jury's determination of the amount of statutory damages within a specified rate to be awarded to each class member."

Unfortunately, despite their efforts, plaintiffs have been unable to locate any case citations that meet all of the above criteria.

However, plaintiffs direct this Court's attention to *Reynolds v. Hartford Financial Services Group, Inc.*, 435 F.3d 1081, 1085 (9th Cir. 2006) (discussing the importance of consumers' right to receive notices of adverse action), *rev'd on other grounds*, *Safeco Insurance Co. of America v. Burr*, 127 S.Ct. 2201 (2007), and two non-class action cases that may provide some additional guidance regarding the purpose and measurement of statutory damages: *Native American Arts, Inc. v. Bundy-Howard, Inc.*, 168 F.Supp.2d 905, 914-15 (N.D. Ill. 2001); and *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 67 (1919).

Plaintiffs also direct this Court's attention to the attached Exhibit 1, which is the instruction on statutory damages under the Fair Credit Reporting Act given to the jury in *Owner-Operator Independent Drivers Association, Inc. v. USIS Commercial Services, Inc.*, No. 1:04-cv-01384-REB-CBS (D.Colo.), Docket No. 282, Attachment No. 3, Instruction No. 19 (available at https://ecf.cod.uscourts.gov).[1] The jury instruction on statutory damages states, in its entirety:

### INSTRUCTION NO. - 19 -

If you find in favor of a particular plaintiff on his claim that the defendant willfully violated the Fair Credit Reporting Act (FCRA), the essential elements of which are stated in Instruction No. 13, then you must award, for each violation, an amount of statutory damages of not less than $100 and not more than $1,000. A plaintiff need not prove actual damages in order for you to award statutory damages.

*See* Exhibit 1.

---

[1] Class certification was sought, but denied, in this case. *See Owner-Operator Indep. Drivers Assoc.*, 537 F.3d 1184, 1194 (10th Cir. 2008) (essential element of plaintiffs' claim under 15 U.S.C. § 1681e(b) – that consumer report was inaccurate – necessitated individualized proof).

**Page 2 – PLAINTIFFS' SUBMISSION RE NON-PUNITIVE FACTORS TO CONSIDER IN AWARDING STATUTORY DAMAGES UNDER 15 U.S.C. § 1681n**

Finally, plaintiffs direct this Court's attention to the Electronic Funds Transfer Act and the Fair Debt Collection Practices Act, each of which provides the following factors to consider in awarding statutory damages in a class action: the frequency and persistence of noncompliance, the nature of such noncompliance, the extent to which the defendant's noncompliance was intentional, the resources of the defendant, and the number of persons adversely affected. 15 U.S.C. § 1693m(b)(2) (EFTA); 15 U.S.C. § 1692k(b)(2) (FDCPA).

DATED this 14th day of November, 2008.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

By: _____
**STEVE D. LARSON**, OSB No. 86354
**DAVID F. REES,** OSB No. 94513
**MARK A. FRIEL**, OSB No. 00259
209 SW Oak Street, 5th Floor
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840
Email: slarson@ssbls.com
Email: drees@ssbls.com
Email: mfriel@ssbls.com

-AND-

**CHARLES A. RINGO**, OSB No. 89346
CHARLIE RINGO & ASSOCIATES PC
974 NW Riverside Blvd.
Bend, Oregon 97701
Telephone:   (541) 330-6447
Facsimile:   (541) 382-3328
E-Mail:   charlie@ringolaw.com

**Attorneys for Plaintiffs**

**Page 3 – PLAINTIFFS' SUBMISSION RE NON-PUNITIVE FACTORS TO CONSIDER IN AWARDING STATUTORY DAMAGES UNDER 15 U.S.C. § 1681n**

## INSTRUCTION NO. - 19 -

If you find in favor of a particular plaintiff on his claim that the defendant willfully violated the Fair Credit Reporting Act (FCRA), the essential elements of which are stated in Instruction No. 13, then you must award, for each violation, an amount of statutory damages of not less than $100 or not more than $1,000. A plaintiff need not prove actual damages in order for you to award statutory damages.

EXHIBIT 1
Page 1 of 1