IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DOUGLAS ASHBY, CAROL PORTO,                    01-CV-1446-BR
GRANT WENZLICK, LEO NEWBERRY,
and EVELYN BROEFFLE,                           OPINION AND ORDER

        Plaintiffs,

and

UNITED STATES OF AMERICA,

        Intervenor-Plaintiff,

v.

FARMERS INSURANCE COMPANY OF
OREGON and FARMERS GROUP, INC.,

        Defendants.

N. ROBERT STOLL
STEVEN D. LARSON
DAVID F. REES
MARK A. FRIEL
Stoll Stoll Berne Lokting & Schlachter, P.C.
209 S.W. Oak St., Fifth Floor
Portland, OR 97204
(503) 227-1600

CHARLES A. RINGO
974 N.W. Riverside Blvd.
Bend, OR 97701
(503) 330-6447

        Attorneys for Plaintiffs

1  - OPINION AND ORDER

**MICHAEL B. MUKASEY**
Attorney General
**GREGORY G. KATSAS**
Assistant Attorney General
**EUGENE M. THIROLF**
Director, Office of Consumer Litigation
**DANIEL K. CRANE-HIRSCH**
Office of Consumer Litigation
P.O. Box 386
Washington D.C. 20044
(202) 616-8242

**KARIN J. IMMERGUT**
United States Attorney
**KELLY ZUSMAN**
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204
(503) 727-1000

       Attorneys for Intervenor-Plaintiff

**BARNES H. ELLIS**
**STEPHEN A. REDSHAW**
**TIMOTHY W. SNIDER**
Stoel Rives, LLP
900 S.W. Fifth Ave., Suite 2600
Portland, OR  97204-1268
(503) 224-3380

       Attorneys for Defendants


**BROWN, Judge.**

    This matter comes before the Court on Plaintiffs' Motion (#483) to Approve Jury Instructions Regarding Burden of Proof, Willfulness, Statutory Damages, and to Approve the Verdict Form. Defendants oppose Plaintiffs' proposed jury instructions on statutory damages and willfulness and offer alternative

instructions.  Defendants also challenge the constitutionality
of the statutory-damages provision in the Fair Credit Reporting
Act (FCRA), 15 U.S.C. § 1681, *et seq.*  The United States has
intervened in this matter to oppose Defendants' constitutional
challenge.

For the reasons that follow, the Court **GRANTS in part** and
**DENIES in part** Plaintiffs' Motion.


<u>**BACKGROUND**</u>

The Court has certified this FCRA case as a class action.
*See* Opin. and Order issued Oct. 18, 2004.  In their Fourth
Amended Complaint, Plaintiffs allege Defendants failed to send
adverse-action notices to some new insurance applicants and sent
inadequate adverse action notices to other new and renewal
applicants whose premiums increased in whole or in part based on
information in their consumer credit reports.

This Court has issued rulings in this case and related FCRA
cases as have the Supreme Court in *Safeco v. Burr*, 127 S. Ct.
2001 (2007)(*Safeco*), and the Ninth Circuit in *Reynolds v.
Hartford Financial Services Group, Inc.*, 435 F.3d 1081 (9th Cir.
2006).  Based on these rulings, the Court will inform the jury in
this case as follows:  The class includes only renewal insureds;
Plaintiffs Carol Porto, Leo Newberry, and Evelyn Broeffle are

appropriate class representatives; and the written adverse-action notices sent to renewal insureds by Defendants were objectively unreasonable.

Two overarching factual issues remain to be resolved by the jury in the upcoming trial:  (1) Whether Defendants willfully violated FCRA's adverse-action notice requirements and, if so, (2) what is the appropriate amount of statutory damages within the range of $100-$1000 that should be awarded to each class member.

## DISCUSSION

Plaintiffs and Defendants have each proposed jury instructions on the issues of burden of proof, statutory damages, and willfulness.  Defendants also argue any award of statutory damages greater than $100 would be based on impermissibly vague standards; would constitute double punishment; and, therefore, would violate the Due Process Clause of the Fifth Amendment to the United States Constitution.  In addition, Defendants contend the potential aggregate award to which they are subject under FCRA is disproportionate and unreasonable under any due-process standard.  As noted, the United States has intervened pursuant to 28 U.S.C. § 2403(a) to defend the constitutionality of FCRA.

**A.    Burden-of-Proof Instruction**.

Plaintiffs propose the following instruction on burden of proof:

> Plaintiffs bear the burden to prove their claim for damages under the Fair Credit Reporting Act by a preponderance of the evidence.  When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not.
>
> You should base your decision on all the evidence, regardless of which party presented it.

*See* Ninth Cir. Model Civil Jury Instruction 1.3.  Defendants offer a substantially similar instruction that is incorporated in its proffered statutory-damages instruction.

The Court concludes Plaintiffs' burden-of-proof instruction is a correct statement of the law, and the Court will incorporate its substance in the Court's jury instructions.

**B.    Willfulness Instruction**.

As noted, the Court has found as a matter of law that Defendants' interpretation of FCRA's adverse-action notice requirements was objectively unreasonable.  Based on that ruling, the parties agree any instruction relating to the willfulness of Defendants' FCRA violation should generally include language that a FCRA violation is willful if Defendants knew their adverse-action notices violated FCRA or if Defendants acted in reckless

disregard of their statutory duties under FCRA.  *See Safeco,* 127
S. Ct. at 2215.  In *Safeco,* the Supreme Court applied a "common
law" approach in defining "reckless disregard" within FCRA's
statutory context:

> [A] company subject to FCRA does not act in
> reckless disregard of it unless the action is
> not only a violation under a reasonable
> reading of the statute's terms, but shows
> that the company ran the risk of violating
> the law substantially greater than the risk
> associated with a reading that was merely
> careless.

*Id.*  The parties disagree, however, about including the term
"reckless disregard" in any instruction.

**1.    Plaintiffs' Proposed Instruction.**

Plaintiffs urge the Court to give the following instruction:

> The Court has determined that defendants
> violated the Fair Credit Reporting Act
> ("FCRA") notice requirements.  It is up to
> you the jury to decide whether that violation
> was willful.
>
> A defendant's violation of the FCRA is
> willful if the defendant either (1) knows
> that its action violates the FCRA; or (2)
> recklessly disregards its statutory duties
> under the FCRA.
>
> A defendant recklessly disregards its
> statutory duties under the FCRA if (a) its
> action is a violation under a reasonable
> reading of the FCRA's terms, and (b) defen-
> dants acted in the face of a substantial risk
> that their conduct would violate their
> statutory duties under the FCRA.
>
> The Court has already found that defendants'
> reading of the FCRA's terms was objectively
> unreasonable.

Although Plaintiffs' proposed instruction generally follows the Supreme Court's opinion in *Safeco,* the Court notes it omits the requirement that Defendants' conduct must amount to more than a "merely careless" misreading of FCRA's adverse-action notice requirements.

### 2. **Defendants' Proposed Instruction.**

Defendants request the Court to give the following instruction:

> When an insurer increases an insured's premium over a prior premium charge due to information in the insured's credit report, the Fair Credit Reporting Act requires the insurer to provide notice to the insured. That notice may be provided orally, in writing, or through a combination of oral and written notice. The Court has determined that Farmer's written Fair Credit Reporting Act ("FCRA") notice sent to Plaintiffs complied with the notice requirements of 15 U.S.C. § 1681m(a)(2) and (3), but did not adequately provide "notice of the adverse action" as required by § 1681m(a)(1). Plaintiffs bear the burden of proving that Farmers' failure to adequately provide "notice of the adverse action" in its written FCRA notice constitutes a willful FCRA violation.
>
> A company willfully violates the FCRA if it either (1) knows that its actions violate the FCRA; or (2) acts in reckless disregard of its statutory duties under the FCRA. A company may be found to have acted in reckless disregard of the FCRA only if its conduct presented an unjustifiably high risk of violating the FCRA that was so obvious that the company should have known its conduct violated the law.

In considering whether Farmers' written FCRA
notice amounts to a willful violation of the
FCRA, you may consider whether Farmers had
the benefit of guidance from the courts of
appeals or the Federal Trade Commission that
might have warned it away from using the form
of written FCRA notice it sent to insureds.

In addition, a company does not act in
reckless disregard of the FCRA if it has
diligently and in good faith attempted to
determine and fulfill its statutory
obligations.  You may consider evidence that
the company consulted with attorneys and
relied upon their advice as evidence of good
faith and a lack of willfulness.

You may also consider evidence relating to
Farmers' agents' communications with class
members about the impact of their credit
report on their premium charge as evidence of
good faith and lack of willfulness.

The Court notes the first paragraph of Defendants' proposed
instruction incorporates FCRA's provision for potential oral
notification of an adverse action as well as a statement
indicating Defendants' compliance with other FCRA notice
requirements that are not at issue in this case.  The Court
concludes Defendants' reference to "oral communications" in the
first paragraph and the reference to "agents' communications with
class members" regarding adverse actions in the final paragraph
of the proposed instruction are premature pending Defendants'
proffer of evidence at trial to establish, for example, that
Defendants rather than their independent agents on an *ad hoc*
basis created an oral- notification program to supplement

8  - OPINION AND ORDER

Defendants' written adverse-action notices.  *See* Opin. and Order (issued Nov. 4, 2008).

In addition, the Court declines to instruct the jury regarding Defendants' alleged compliance with other FCRA provisions that are not at issue in this case.  Such an instruction, at best, is only marginally relevant to the ultimate issue of willfulness that the jury must decide and likely will confuse the jury.  Nonetheless, the Court will instruct the jury in some manner as to the second paragraph in Defendants' proposed willfulness instruction because the phrase "[a] company may be found to have acted in reckless disregard of the FCRA only if its conduct presented an unjustifiably high risk of violating the FCRA *that was so obvious that the company should have known its conduct violated the law*" incorporates the language used by the Supreme Court in *Safeco* when it explained the state of mind that might accompany a reckless FCRA violation.  *Safeco*, 127 S. Ct. at 2215 (emphasis added).

Finally, the Court defers its ruling on instructing the jury as to the alleged mitigation factors identified by Defendants in the final three paragraphs of their requested instruction.  The Court has held the advice of counsel that Defendants received regarding the appropriate contents of a written adverse-action notice, Federal Trade Commission (FTC) guidance on the subject,

and the dearth of relevant case law do not establish a genuine issue of material fact exists as to the objective reasonableness of Defendants' understanding of their adverse-action notice responsibilities under FCRA.  Such evidence may be relevant at trial regarding Defendants' willfulness or lack thereof and, therefore, may appropriately be included in a jury instruction, bu without the conclusions of law included by Defendants.

C.    **Statutory-Damages Instruction**.

    1.    **Constitutional Due Process**.

        a.    FCRA's Statutory-Damages Provision.

If Plaintiffs prove Defendants willfully violated FCRA, the class members will be entitled to statutory damages within the range of $100-$1000.  15 U.S.C. § 1681n(a)(1)(A) provides:

> Civil liability for willful noncompliance.
>
> (a)  In general
>
> Any person who *willfully* fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of-
>
> (1)(A) *any actual damages* sustained by the consumer as a result of the failure *or* [statutory] *damages of not less than $100 and not more than $1000*, whichever is greater.

(Emphasis added.)  Defendants assert this provision is void for vagueness and, therefore, unconstitutional under the Fifth Amendment Due Process Clause because it permits an award of

10 - OPINION AND ORDER

damages within a specified range without identifying factors to guide the fact-finder in setting the amount, particularly in the context of a class action.  In addition, Defendants contend if, as suggested by Plaintiffs, the primary factor the jury should consider in setting the damages for every class member within the specified range is Defendants' degree of willfulness, Defendants would be subjected to double punishment in violation of their due-process rights because they are already being punished for the same willful conduct by being exposed to a statutory-damage award.  Finally, Defendants argue a potential aggregate statutory-damage award would be so excessive and disproportionate to any harm suffered by each class member that it would violate due process.

To avoid such constitutional problems, Defendants propose the damages awarded to each class member if the jury finds Defendants willfully violated FCRA should be limited to $100 per class member.  Otherwise, Defendants suggest the Court should decertify the class action and/or institute a claims process for determining an amount approximating the actual damages suffered by each class member.

Plaintiffs, in turn, contend FCRA's statutory-damages provision is neither vague nor punitive and assert the fact that the ultimate damages awarded to the class as a whole may be large does not invoke constitutional due-process concerns.

11 - OPINION AND ORDER

The government has filed a Memorandum in support of the constitutionality of FCRA's statutory-damages provision.  In addition, the government contends any constitutional discussion about the amount of a potential award is premature unless and until a jury actually finds Defendants willfully violated FCRA and renders a verdict that raise such constitutional considerations.

   b. <u>Vagueness</u>.

   Defendants contend FCRA's lack of criteria for setting damages for each class member allows for arbitrary enforcement without any notice to Defendants of the factors that might allow for a lesser or greater award to each class member within the statutory range.  In other words, any verdict that allows the jury "to pick a number from a hat" within the statutory range would be arbitrary.

   Plaintiffs and the government argue any uncertainty of the exact penalty that might be imposed under FCRA for a willful violation does not render the statute unconstitutionally vague.  *See U.S. v. Batchelder,* 442 U.S. 114, 123 (1979).  In *Batchelder,* the Supreme Court rejected a due-process statutory vagueness challenge to a criminal conviction for which one statute prescribed a fine of not more than $5000 or imprisonment for not more than five years and a second statute prescribed a fine of $10,000 and imprisonment for not more than two years for the same

12 - OPINION AND ORDER

conduct.  Upholding the criminal conviction in the face of
different statutes imposing different penalties, the Court
stated:

> The provisions in issue here, however,
> unambiguously specify the activity proscribed
> and the penalties available upon conviction.
> . . . .  That this particular conduct may
> violate both Titles does not detract from the
> notice afforded by each.  Although the
> statutes create uncertainty as to which crime
> may be charged and therefore what penalties
> may be imposed, they do so to no greater
> extent than would a single statute author-
> izing various alternative punishments.  So
> long as overlapping criminal provisions
> clearly define the conduct prohibited and
> the punishment authorized, the notice require-
> ments of the Due Process Clause are satisfied.

442 U.S. at 124.

Plaintiffs and the government point out that FCRA
gives notice to a potential violator of the range of potential
statutory damages to which the violator could be subject.  They
also assert a civil statute relating to "economic regulation is
subject to a less strict vagueness test" than other legislation.
*See Village of Hoffman Estates v. Flipside Hoffman Estates, Inc.*,
455 U.S. 489, 498 (1982).

Defendants, however, rely on *Giaccio v. Pennsylvania*,
382 U.S. 399, 402-03 (1966), in which the Supreme Court
overturned a state statute on due-process grounds because a
provision requiring payment of costs arising from a criminal
misdemeanor prosecution was "so vague and standardless that it

13 - OPINION AND ORDER

[left] the public uncertain as to the conduct it prohibit[ed] or [left] judges and jurors free to decide, without any legally fixed standards what is prohibited and what is not."  This Court concludes *Giaccio* is not applicable to FCRA because FCRA clearly sets out the conduct that is regulated and the range of potential consequences of a violation of the statute.

In the past six months, three courts have ruled on this issue under the Fair and Accurate Credit Transactions Act (FACTA), which amended FCRA and retained the same statutory-damages provision.  In *Grimes v. Rave Motion Pictures Birmingham, L.L.C.,* a class action, the court agreed with the defendant's argument that the statutory-damages provision in FACTA was unconstitutionally vague.  552 F. Supp. 2d 1302, 1306-08 (N.D. Ala. 2008), *appeals docketed,* Nos. 08-13510-BB and 08-136616-BB (11th Cir. June 20, 2008).  The plaintiffs were a class of customers who alleged the defendant stores violated FACTA by failing to list only the last four digits of the plaintiffs' credit-card numbers on store receipts.  The court noted FACTA's statutory-damages provision provided "no guidance for deciding between $100 and $1000, leaving it to the whim of the jury." *Id.* at 1306.  The court described the statutory language as "nonsensical."  *Id.*  The court rejected the plaintiffs' argument that an amount of statutory damages between $100 and $1000 could be determined by considering the relative degree of willfulness

shown by the defendant because such a determination would

"trespass upon the punitive damages provision" contained in the

statute.   The court concluded "[d]ue process does not tolerate a

defendant's being punished twice for the same conduct."   In

summary, the court stated:

> If the classic words "void for vagueness'
> have meaning, they perfectly describe this
> statutory language.   The language simply
> creates an unmanageable problem for the
> courts who cannot be expected to be draftsmen
> and to judicially innovate solutions that
> would be an exercise of the legislative
> function.

*Id*. at 1307.

More recently, however, in *Smith v. Casino Ice Cream,*

*LLC.,* the District Court for the Southern District of Florida

reached a contrary result in a case with issues similar to those

addressed in *Grimes*:

> The Court finds that § 1681(n)(a)(1) is
> neither vague nor violative of any due
> process for Defendant.   While the Court gives
> all due deference to the opinion of the
> learned jurist William M. Acker, Jr., several
> factors counsel against this Court adopting
> the holding in *Grimes*.   First, regarding the
> sliding damages scale, it is the role of the
> jury to arrive at a compensatory damages
> calculation that will make a successful
> plaintiff whole.   FACTA allows an award of
> either actual damages or statutory damages of
> $100 to $1000 inclusive.   The Court finds
> that a reasonable jury tasked with this
> responsibility will be able to affix the
> proper amount of damages.   While Congress

15 – OPINION AND ORDER

> could have fixed a bottom amount and left the
> top amount for a plaintiff to prove at trial,
> it has instead given a statutory window
> within which the jury may fix the damages
> based on the evidence adduced at trial.

No. 0861285-CIV, 2008 WL 4541013, at *2 (S.D. Fla. Oct. 9, 2008).
The court also found FACTA did not violate the defendant's due-
process rights merely because there is the "possibility of a
punitive damage award" under the statute, and, in any event, the
defendant's rights are protected in that "courts employ a multi-
factored test to review such an award." *Id.*

In *Smith v. MSV Sales & Services, LLC,* the District
Court for the Southern District of Florida again rejected the
reasoning in *Grimes* and upheld FACTA's statutory-damages
provision against a constitutional void-for-vagueness challenge.
The court found "(1) a reasonable jury will be able to affix the
proper amount of damages within the 'sliding damages' scale that
it has been given, and (2) the mere possibility of a punitive
damage award does not render the statute void." No. 08-61436-
CIV, 2008 WL 4921356, at *2 (S.D. Fla., Nov. 18, 2008).

This Court agrees with the reasoning of the Florida
courts and, accordingly, concludes FCRA clearly sets out the
duties required of "users taking adverse actions on the basis
of information contained in consumer reports" and the range
of penalties that may be imposed for violating those duties.
16 U.S.C. §§ 1681m and 1681n.  The Court also agrees with the

16 - OPINION AND ORDER

Florida courts that FCRA's statutory-damages provision is not unconstitutionally vague.

      c.   <u>Double Punishment</u>.

Defendants contend even if FCRA's statutory-damages provision is not unconstitutionally vague, it subjects them to the possibility of unconstitutional double punishment. Defendants argue even though Plaintiffs have asserted they are not seeking punitive damages, each of their proposed alternate statutory-damages instructions directs the jury to consider the willfulness of Defendants' FCRA violation when determining where the statutory-damages amount for each class member should fall on the scale of $100-$1000.  As such, Defendants argue they could be subjected, at least theoretically, to punishment twice for the same conduct:  first when determining the class members' right to statutory damages and again when determining the amount of damages within the statutory range.  In essence, Defendants argue any award to the class members within the statutory range that is based on the measure of Defendants' conduct is necessarily punitive even though Plaintiffs have foresworn any claim to punitive damages.  Accordingly, Defendants urge the Court not to permit Defendants' alleged willfulness to be a factor in setting the amount of the statutory-damages award.

Plaintiffs and the government point out that double punishment (*i.e.,* double jeopardy under the Fifth Amendment) does

17 - OPINION AND ORDER

not apply in civil cases between private litigants. *See Hudson v. U.S.*, 522 U.S. 93, 98 (1997)(the Double Jeopardy Clause "protects only against the imposition of multiple criminal punishments for the same offense."). In any event, as noted, Plaintiffs have asserted they are not seeking punitive damages.

The Court agrees with Plaintiffs and the government that the jury's consideration of the degree of Defendants' willfulness when determining a uniform damages amount between $100-$1000 for all class members does not invoke constitutional concerns. There is no double punishment because Plaintiffs are not seeking punitive damages for the same conduct that gives rise to statutory damages. Nevertheless, the Court also shares Defendants' concern that they are potentially subject to being held accountable for greater damages based on the identical conduct that established their liability for statutory damages in the first place. The Court, therefore, is not inclined to instruct the jury that they may consider the degree of Defendants' alleged willful violation of FCRA when the jury determines the amount of damages between $100-$1000 to which each class member is entitled in the event the jury finds Defendants willfully violated FCRA.

d. Constitutionally Excessive Verdict.

Defendants point out that the anticipated class now exceeds 200,000 members, and, therefore, any award to each

18 - OPINION AND ORDER

member, even at the statutory minimum of $100, would, when
considered in the aggregate, violate Defendants' due-process
rights.  *See, e.g., Mo. Pac. Rwy Co. v. Tucker*, 230 U.S. 340, 351
(1913)(a $500 liquidated-damages award for a $3.00 overcharge was
"grossly out of proportion to the possible actual damages"
and so "arbitrary and oppressive" as to violate the defendants'
due-process rights); *S.W. Tel. & Tel. v. Danaher,* 238 U.S. 482,
491 (1915)(a $6,300 statutory-damage award to a plaintiff whose
telephone service was cut off for late payment violated the
defendant's due-process rights).  Defendants also rely on cases
in which the Supreme Court overturned large punitive-damage
awards because the defendants did not have "fair notice" that
certain conduct subjected them to liability or about the size of
the potential liability.  *See BMW of N. Am., Inc. v. Gore,* 517
U.S. 559, 574-75 (1996)("Elementary notions of fairness dictate
that a person receive fair notice not only of the conduct that
will subject him to punishment, but also of the severity of the
punishment that a State may impose.").  *See also Phillip Morris
USA v. Williams*, 127 S. Ct. 1057, 1062 (2007).

Plaintiffs and the government point out that the due-
process concerns enunciated in *Gore* and its progeny relate to a
defendant's lack of notice regarding the potential magnitude of
the verdict and the lack of any limits on the
jury's discretion in awarding excessive verdicts while FCRA,

19 - OPINION AND ORDER

in contrast, provides ample notice to defendants of the potential size of a verdict arising from a class action.  The government also points to other factors that militate against applying a due-process, excessive-verdict analysis in this case, including the "interests of the public."  *See, e.g.*, *St. Louis, Iron Mountain & S. Ry. Co. v. Williams*, 251 U.S. 63, 67 (1919)(a $75 penalty for overcharging a passenger 66 cents for a train fare is permissible "[w]hen it is considered with due regard to the public interest, the numberless opportunities for committing the offense, and the need for securing uniform adherence to established passenger rates.").

The government's most compelling argument, however, is that the constitutionality of the verdict rendered in this case should be decided only if an excessive verdict is actually returned by the jury.  This Court does not have any basis for determining whether the verdict will be constitutionally excessive before there is a full hearing of all of the evidence and a decision by the jury.  *See Ramirez v. Midwest Airlines,* 537 F. Supp. 2d 1161, 1170 (D. Kan. 2008)(a due-process argument based on a constitutionally excessive verdict theory in a putative FCRA class action is premature when "there is not yet any damage award for the court to review.").

Accordingly, the Court concludes Defendants' due-process challenge to the constitutionality of a FCRA class action

in this case based on the potential for an excessive verdict is,
at best, premature and must await the jury's decision.

      d.  <u>Statutory Damages as "Compensatory" Damages</u>.

      Defendants contend evidence of the individual
circumstances of the class members and the actual harm they
allegedly suffered arising from Defendants' flawed adverse-
action notices is relevant to the amount of statutory damages
that may be awarded to each of them.  To support their position,
Defendants rely on cases arising from violations of other
statutes that have substantial statutory-damages ranges
(the Copyright Act, 17 U.S.C. § 504(a)(damage range $750-
$30,000); the Lanham Act, 15 U.S.C. § 1117(c)(1)(damage range
$500-$100,000); and the Communications Policy Act, 47 U.S.C.
§ 605(e)(damage range $1,000-$10,000 or $100,000 depending on the
violation)) that are not readily susceptible to class-action
proceedings.  In *Ramirez,* the court recently addressed this issue
at length:

> Here, [FCRA] provides for actual damages "or"
> statutory damages.  In light of the fact that
> the word actual damages is notably absent
> from the statutory-damages provision, it is
> clear that a showing of actual damages is not
> required to recover statutory damages.
> Moreover, the availability of statutory
> damages without a showing of actual damages
> provides for a coherent and consistent
> statutory scheme.  Section 1681n creates a
> private right of action for a willful
> violation of FCRA whereas 1681o provides the
> private right of action for a violation that
> is merely negligent, as opposed to willful.

21 - OPINION AND ORDER

> Significantly, the analogous provision of
> §1681o permits only actual damages; it
> contains no counterpart to the statutory
> damage provision in 1681n.  Thus, FCRA
> permits statutory damages in willful
> noncompliance cases, but not in negligent
> noncompliance cases.  In sum, the lack of
> ambiguity in the plain language of the
> statute as well as the coherency and
> consistency of the dichotomous statutory
> scheme reflects that a showing of actual
> damages is not required to recover the
> statutory damages permitted under
> 1681n(a)(1)(A) in a willful noncompliance
> case.

537 F. Supp. 2d at 1168.

Under FCRA, statutory damages are awarded as an alternative to actual damages.  The statute does not require a named plaintiff or a class member to prove actual harm and/or damage in order to obtain statutory damages and does not specify criteria for determining the amount of statutory damages.  In addition, any requirement of proof of actual harm as to all class members in this case would almost certainly render a class action unfeasible.  This Court agrees with the *Ramirez* court that actual damages need not be proved to obtain a statutory-damage award of $100-$1000.

**2.  Relevant Factors in Determining Damages.**

After oral argument on the constitutionality of FCRA's statutory-damages provision, the Court requested the parties to submit memoranda citing cases involving class actions arising from the alleged violation of consumer-protection statutes in

22 - OPINION AND ORDER

which a jury was instructed as to the nonpunitive factors that should be considered in the jury's determination of the amount of statutory damages within a specified range to be awarded to each class member.

Plaintiffs did not find any cases directly on point, but they suggested the Court consider instructing the jury regarding the importance of the consumer's right to receive an adverse-action notice when required by FCRA. Plaintiffs also cited the Electronic Funds Transfer Act (EFTA), 15 U.S.C. § 1693m(b)(2), and the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692k(b)(2), both of which specifically identify in the context of a class action the following relevant factors to be considered when determining the amount of a defendant's liability:  "the frequency and persistence of noncompliance . . ., the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional."

Defendants point to cases involving both FCRA and non-FCRA claims in which courts have suggested the amount of actual damage sustained by class members was a relevant factor is assessing statutory damages. *See, e.g., Andrade v. Chase Home Fin., LLC,* 04 C 8229, 2005 WL 3436400, at *6 (N.D. Ill., Dec. 12, 2005). In the context of a change-of-venue motion under 28 U.S.C. § 1404(a), the court stated "[t]o the extent that evidence of

23 - OPINION AND ORDER

actual damages is at all important for calculating the appropriate amount of statutory damages - and common sense would indicate that such evidence is at least potentially quite meaningful," the location of the evidence is significant when determining where the venue of the action should lay.  Defendants also cite to non-FCRA cases in which courts have considered the "burden that a damage award would impose on the defendant relative to the burden alternative relief would impose."  *See, e.g., Kingvision Pay-Per-View Ltd. v. Lugo,* 06-CV-2512, 2006 WL 3422660, at *3 (E.D.N.Y. 2006).

On balance, and in the absence of any controlling precedent, the Court rejects the proposition that actual harm is a relevant factor when determining the amount of statutory damages under FCRA because FCRA expressly imposes a heavier burden on class members seeking statutory damages (*i.e.,* proof of the defendant's willfulness) than it does on those seeking only actual damages. The import of FCRA's statutory/actual damage scheme is that those plaintiffs who are unwilling or unable to present proof of actual damage may still recover statutory damages, but only on the condition that they establish the defendant at least recklessly disregarded FCRA's adverse-action notice requirements.

The Court concludes the factor most germane to the amount of a statutory-damages award to class members is the jury's perception of the importance, and hence the value, of the rights

and protections conferred on the consuming public by FCRA's adverse-action notice requirements.  Any individualized harm to each class member is irrelevant because none of the class members is seeking actual damages.  Thus, as long as Plaintiffs establish Defendants acted in reckless disregard of their obligations under FCRA, the Court concludes the degree of their misconduct above that threshold is irrelevant.

   3.   **Plaintiffs' Proposed Statutory-Damages Instructions**.

   Plaintiffs submitted two alternative instructions for the Court's consideration.  In order to set forth clearly the scope of the instruction proposed by Plaintiffs, the Court has combined the substance of the language in the alternative instructions into a single statement, highlighting the alternative language from the second instruction (the highlighted portion is underlined for purposes of this Opinion):

> The Court has determined Defendants violated the Fair Credit Reporting Act notice require-ments.  If you find Defendants' violation was willful, you must determine Plaintiffs' damages.
>
> Plaintiffs seek a statutory-damages award established by Congress for each class member.
>
> Congress's purpose in creating the adverse-action notice requirement for users of consumer credit reports includes (1) the promotion of the rights of consumers by providing them with essential information about how their consumer credit report is

<u>used, which is information that consumers
could not otherwise obtain; (2) the promotion
of accuracy in consumer credit reports by
providing consumers with important
information that may lead them to obtain and
to review their consumer credit reports; and
(3)informing consumers when their credit
rating is hurting them in the marketplace so
they will understand the benefits of
improving their credit rating</u>.

You may award as statutory damages any amount that you
believe is reasonable under the circumstances provided
the amount is (1) between $100 and $1000 per class
member, and (2) proportionate to Defendants' willful
violation.

<u>When determining the amount of statutory
damages per class member, you may consider
Congress's purposes in creating the adverse-
action notice requirement for users of
consumer credit reports, the willfulness of
Defendants' conduct, and other circumstances
relating to the nature of Defendants'
violation and Defendants' course of conduct.</u>

In light of the Court's ruling on the factors that should

be considered when determining the amount of the statutory-

damages award for each class member, the Court concludes

Plaintiffs' first instruction (*i.e.*, the non-highlighted section)

is generally appropriate with the exception that the Court will

not instruct the jury to award damages between $100-$1000 in an

amount that "is proportionate to Defendants' willful violation."

The Court also concludes Plaintiffs' alternative highlighted

language describing the purpose of FCRA is a useful starting

point in an instruction to direct the jurors to value the

26 - OPINION AND ORDER

statutory damages in light of the relative importance of class members' rights under FCRA.

For all of the reasons stated above, however, the Court, will not instruct the jury to consider the nature of Defendants' violation, their course of conduct, or their willfulness as set forth in the final highlighted paragraph of the proposed instruction.

### 4. Defendants' Statutory-Damages Instruction.

Defendants propose the following jury instruction:

> If you find that Defendant willfully failed to comply with any requirement imposed under the Fair Credit Reporting Act ("FCRA") with respect to any individual members of the plaintiff class, you may award damages to those class members.
>
> In determining the amount of damages, you should consider the following factors:
>
> (1) whether the individual class member sustained any actual damages,
>
> (2) whether the individual class member read the notice,
>
> (3) whether the individual class member understood that credit factors were used in setting the premium and that different credit information may have resulted in a different premium,
>
> (4) whether the individual class member checked his or her credit report,
> (5) whether there were any errors in the individual class member's credit report,
>
> (6) the amount of any increase in the individual class member's premium and whether

27 – OPINION AND ORDER

the premium was increased as a result of any
errors in the credit report,

(7) whether the individual class member
received an oral notice from his or her agent
that their premium increase was due to their
credit report.

Plaintiff has the burden of proving damages
by a preponderance of the evidence.  Your
award must be based upon the evidence and not
upon speculation, guesswork, or conjecture.

You may award damages of not less than $100
and not more than $1000 to each class member.

You may not award an amount above $100 unless
you find that the particular class member
suffered actual harm, based upon the factors
the Court has provided, greater than $100.

You may not set the amount of damages in
order to punish Defendants.

In light of the Court's ruling, the factors identified by
Defendants in numbered paragraphs 1-7 are not relevant to the
jury's determination of the amount of statutory damages to be
awarded to the class members.  The Court, however, will instruct
the jury that the damages they award should not be for the
purpose of punishing Defendants.

**5.  Proposed Verdict Form.**

Based on the foregoing, the Court generally approves
Plaintiffs' proposed form of Verdict.

## CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiffs' Motion (#483) to Approve Jury Instructions Regarding Burden of Proof, Willfulness, Statutory Damages, and to Approve the Verdict Form.

IT IS SO ORDERED.

DATED this 12th day of December, 2008.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge