**STEVE D. LARSON,** OSB No. 863540
Email: slarson@stollberne.com
**DAVID F. REES,** OSB No. 945138
Email: drees@stollberne.com
**MARK A. FRIEL,** OSB No. 002592
Email: mfriel@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Telephone:   (503) 227-1600
Facsimile:   (503) 227-6840

**CHARLES A. RINGO,** OSB No. 893461
E-Mail: Charlie@Ringolaw.com
CHARLIE RINGO & ASSOCIATES
974 NW Riverside Blvd
Bend, OR 97701
Telephone:   (541) 330-6447
Facsimile:   (541) 382-3328

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DOUGLAS ASHBY, CAROL PORTO, GRANT WENZLICK, LEO NEWBERRY, and EVELYN BROEFFLE,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>FARMERS INSURANCE COMPANY OF OREGON and FARMERS GROUP, INC.,<br><br>　　　　Defendants. | Case No. CV 01-1446 BR<br><br>**PLAINTIFFS' REQUESTED JURY INSTRUCTIONS** |

{SSBLS Main Documents\7119\001\00196336-1}

Page 1 - **PLAINTIFFS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

# INDEX TO PLAINTIFFS' REQUESTED JURY INSTRUCTIONS

Plaintiffs' Requested Jury Instruction No. 1
  Ninth Circuit Model Civil Jury Instruction No. 1.1C – Duty of Jury ................................. 3

Plaintiffs' Requested Jury Instruction No. 2
  Ninth Circuit Model Civil Jury Instruction No. 1.2 – Claims and Defenses (Modified) .... 4

Plaintiffs' Requested Jury Instruction No. 3
  Ninth Circuit Model Civil Jury Instruction No. 1.3 – Burden of Proof
  (Preponderance of the Evidence) (Modified) ...................................................................... 5

Plaintiffs' Requested Jury Instruction No. 4
  Ninth Circuit Model Civil Jury Instruction No. 2.4 – Deposition in Lieu of
  Live Testimony (Modified) ................................................................................................. 6

Plaintiffs' Requested Jury Instruction No. 5
  Ninth Circuit Model Civil Jury Instruction No. 2.11 – Expert Opinion ............................. 7

Plaintiffs' Requested Jury Instruction No. 6
  Ninth Circuit Model Civil Jury Instruction No. 4.2 – Liability of Corporations –
  Scope of Authority Not in Issue .......................................................................................... 8

Plaintiffs' Requested Jury Instruction No. 7
  Willful .................................................................................................................................. 9

Plaintiffs' Requested Jury Instruction No. 8
  Statutory Damages ............................................................................................................. 10

Plaintiffs' Requested Jury Instruction No. 9
  Ninth Circuit Model Civil Jury Instruction No. 3.1 – Duty to Deliberate ......................... 11

Plaintiffs' Requested Jury Instruction No. 10
  Ninth Circuit Model Civil Jury Instruction No. 3.2 – Communication with Court ........... 12

Plaintiffs' Requested Jury Instruction No. 11
  Ninth Circuit Model Civil Jury Instruction No. 3.3 – Return of Verdict ........................... 13

{SSBLS Main Documents\7119\001\00196336-1}

Page 2 - **PLAINTIFFS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Plaintiffs' Requested Jury Instruction No. 1

Duty of Jury

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

{SSBLS Main Documents\7119\001\00196336-1}

Page 3 - **PLAINTIFFS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

Plaintiffs' Requested Jury Instruction No. 2

Claims and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This case is a class action on behalf of certain Oregonians who renewed their automobile and property personal lines insurance policies with Farmers Insurance Company of Oregon between September 1999 and September 2002.

The Fair Credit Reporting Act ("FCRA") is a federal law that requires, among other things, that insurers who increase the charge for insurance based on consumer information to provide a notice to the consumer of such adverse action. Defendants prepared a document entitled Fair Credit Reporting Act Notification (the "FCRA Notice") which it sent to the three named plaintiffs and every other class member whose premium was increased based on their consumer credit information. The court has held that the content of defendants' FCRA Notice did not satisfy the requirements of the FCRA, and thus was a violation of the FCRA.

Plaintiffs contend that defendants willfully failed to include in its FCRA Notice sufficient notification of the adverse action as required by the FCRA. Defendants contend that they did not willfully violate the FCRA. If plaintiffs established that the violation was willful, plaintiffs are entitled to recover statutory damages.

Plaintiffs seek to recover statutory damages in the amount of $100 to $1,000 per consumer. Defendants contend that, if they are found to have willfully violated the FCRA, no class member should receive more than $100. Actual damages and punitive damages are not at issue in this case.

{SSBLS Main Documents\7119\001\00196336-1}

Page 4 - **PLAINTIFFS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

Plaintiffs' Requested Jury Instruction No. 3

Burden of Proof

Plaintiffs bear the burden to prove their claim for damages under the Fair Credit Reporting Act by a preponderance of the evidence. When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

---

Manual of Model Civil Jury Instruction for the District Courts of the Ninth Circuit, Instruction No. 1.3; Herman & MacLean v. Huddleston, 459 U.S. 375, 387 (1983) ("In a typical civil suit for money damages, plaintiffs must prove their case by a preponderance of the evidence."); Ashby v. Farmers Insurance Company of Oregon, USDC Case No. 01-CV-1446-BR, Opinion and Order, at 5 (D. Or. Dec. 31, 2008) ("December 31 Opinion and Order").

{SSBLS Main Documents\7119\001\00196336-1}

Page 5 - **PLAINTIFFS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

Plaintiffs' Requested Jury Instruction No. 4

Deposition in Lieu of Live Testimony

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The video depositions of a number of witnesses were taken in this case, and you viewed excerpts from those video depositions during this trial. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

{SSBLS Main Documents\7119\001\00196336-1}

Page 6  - **PLAINTIFFS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

Plaintiffs' Requested Jury Instruction No. 5

Expert Opinion

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

{SSBLS Main Documents\7119\001\00196336-1}

Page 7 - **PLAINTIFFS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Plaintiffs' Requested Jury Instruction No. 6

Liability of Corporations – Scope of Authority Not in Issue

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

{SSBLS Main Documents\7119\001\00196336-1}

Page 8 - **PLAINTIFFS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

Plaintiffs' Requested Jury Instruction No. 7

Willful

The Court has determined that defendants violated the FCRA's notice requirements. It is up to you, the jury, to decide whether that violation was willful.

A defendant's violation of the FCRA is willful if the defendant either (1) knows that its action violates the FCRA; or (2) recklessly disregards its statutory duties under the FCRA.

A defendant recklessly disregards its statutory duties under the FCRA if (a) its action is a violation under a reasonable reading of the FCRA's terms, and (b) its conduct presented an unjustifiably high risk of violating the FCRA that was so obvious that the defendant should have known its conduct violated the law.

The Court has already found in this case that defendants' reading of the FCRA's terms was unreasonable.

---

Safeco Insurance Co. of America v. Burr, 127 S.Ct. 2201, 2215-16 (2007); December 31 Opinion and Order at 4, 7, 9.

{SSBLS Main Documents\7119\001\00196336-1}

Page 9 - **PLAINTIFFS' REQUESTED JURY INSTRUCTIONS**

Plaintiffs' Requested Jury Instruction No. 8

Statutory Damages

The Court has determined that defendants violated the FCRA's notice requirements. If you find that violation was willful, you must determine plaintiffs' damages. Plaintiffs seek a statutory damage award, established by Congress, for each class member.

Congress' purposes in creating the adverse action notice requirement for users of credit reports, included (1) the promotion of the rights of consumers by providing them with essential information about how their credit report is used, information that consumers could not otherwise obtain; (2) the promotion of accuracy in credit reports by providing consumers with important information that may lead consumers to obtain and review their credit reports; and (3) informing consumers when their credit rating is hurting them in the marketplace so that they will understand the benefits of improving their credit rating.

You may award as statutory damages any amount you believe is reasonable under the circumstances, provided the amount is between $100 and $1,000 per class member. In determining the amount of damages, you may consider Congress' purposes in creating the adverse action notice requirement for users of credit reports. You may not award damages for the purpose of punishing defendants.

---

St. Louis, I.M. & S. RY. Co. v. Williams, 251 U.S. 63, 66 (1919) (statutory damages may be used to remedy a "public wrong" even where statutory damages are not proportional to any actual loss, and only limit is that they not be "wholly disproportionate to the offense or obviously unreasonable"); Native American Arts, Inc. v. Bundy-Howard, Inc., 168 F.Supp.2d 905, 914-15 (N.D.Ill. 2001) (allowing Congress to adjust statutory damages to the public wrong as opposed to the private injury "meshes with the ... difficulty in quantifying the amount of actual damages suffered by any aggrieved plaintiff because of the statutorily defined wrong (a difficulty created by the wrongdoer's own prohibited activity)"); Reynolds v. Hartford Financial Services Group, Inc., 435 F.3d 1081, 1085 (9th Cir. 2006) (setting forth purposes of adverse action notice requirement); December 31 Opinion and Order at 26-27, 28.

{SSBLS Main Documents\7119\001\00196336-1}

Page 10 - **PLAINTIFFS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

Plaintiffs' Requested Jury Instruction No. 9

Duty to Deliberate

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

{SSBLS Main Documents\7119\001\00196336-1}

Page 11 - **PLAINTIFFS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

Plaintiffs' Requested Jury Instruction No. 10

Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the deputy, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

{SSBLS Main Documents\7119\001\00196336-1}

Page 12 - **PLAINTIFFS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

Plaintiffs' Requested Jury Instruction No. 11

Return of Verdict

    A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

{SSBLS Main Documents\7119\001\00196336-1}

Page 13  - **PLAINTIFFS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

DATED this 27th day of April, 2009.

       STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

       By: /s/ Steve D. Larson
       **STEVE D. LARSON**, OSB No. 863540
       **DAVID F. REES**, OSB No. 945138
       **MARK A. FRIEL**, OSB No. 002592

       209 SW Oak Street, 5th Floor
       Portland, OR 97204
       Telephone: (503) 227-1600
       Facsimile: (503) 227-6840
       Email: slarson@ssbls.com
       Email: drees@ssbls.com
       Email: mfriel@ssbls.com

       -and-

       **CHARLES A. RINGO**, OSB No. 893461
       CHARLIE RINGO & ASSOCIATES PC
       974 NW Riverside Blvd.
       Bend, Oregon 97701
       Telephone: (541) 330-6447
       Facsimile: (541) 382-3328
       E-Mail: charlie@ringolaw.com

       **Attorneys for Plaintiffs**

{SSBLS Main Documents\7119\001\00196336-1}

Page 14 - **PLAINTIFFS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840