**STEVE D. LARSON,** OSB No. 863540
Email:      slarson@stollberne.com
**DAVID F. REES,** OSB No. 945138
Email:      drees@stollberne.com
**MARK A. FRIEL,** OSB No. 002592
Email:      mfriel@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Telephone:    (503) 227-1600
Facsimile:    (503) 227-6840

**CHARLES A. RINGO,** OSB No. 893461
E-Mail:      Charlie@Ringolaw.com
CHARLIE RINGO & ASSOCIATES
974 NW Riverside Blvd
Bend, OR 97701
Telephone:    (541) 330-6447
Facsimile:    (541) 382-3328

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DOUGLAS ASHBY, CAROL PORTO, GRANT WENZLICK, LEO NEWBERRY, and EVELYN BROEFFLE, | Case No. CV 01-1446 BR |
| Plaintiffs, | **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTIONS** |
| v. | |
| FARMERS INSURANCE COMPANY OF OREGON and FARMERS GROUP, INC., | |
| Defendants. | |

Plaintiffs object to many of defendants' proposed jury instructions. However, plaintiffs

do not object to defendants' Requested Jury Instructions Nos. 1, 3-17, or 19. In addition,

because plaintiffs do not object to these instructions, plaintiffs also withdraw their Requested

Jury Instructions Nos. 1, 3-5, 9, and 10.

{SSBLS Main Documents\7119\001\00203143-1 }

Page 1  **- PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

INDEX TO DEFENDANTS' REQUESTED JURY INSTRUCTIONS

Defendants' Requested Jury Instruction No. 1
  Duty of the Jury  ..................................................................................................... 4

Defendants' Requested Jury Instruction No. 2
  Claims and Defenses  ............................................................................................... 5

Defendants' Requested Jury Instruction No. 3
  Burden of Proof (Preponderance of the Evidence)  ............................................. 11

Defendants' Requested Jury Instruction No. 4
  What Is Evidence  ................................................................................................... 12

Defendants' Requested Jury Instruction No. 5
  What Is Not Evidence  ............................................................................................ 13

Defendants' Requested Jury Instruction No. 6
  Evidence for Limited Purpose  .............................................................................. 14

Defendants' Requested Jury Instruction No. 7
  Direct and Circumstantial Evidence  .................................................................... 15

Defendants' Requested Jury Instruction No. 8
  Rulings on Objections ............................................................................................ 16

Defendants' Requested Jury Instruction No. 9
  Credibility of Witnesses  ....................................................................................... 17

Defendants' Requested Jury Instruction No. 10
  Conduct of the Jury  .............................................................................................. 18

Defendants' Requested Jury Instruction No. 11
  Bench Conferences and Recesses  ........................................................................ 19

Defendants' Requested Jury Instruction No. 12
  Outline of Trial  ..................................................................................................... 20

Defendants' Requested Jury Instruction No. 13
  Deposition in Lieu of Live Testimony  ................................................................. 21

Defendants' Requested Jury Instruction No. 14
  Expert Opinion  ...................................................................................................... 22

Defendants' Requested Jury Instruction No. 15
  Duty of Jury  ........................................................................................................... 23

{SSBLS Main Documents\7119\001\00203143-1 }

Page 2 **- PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY
          INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

Defendants' Requested Jury Instruction No. 16
Duty to Deliberate ...................................................................................................... 24

Defendants' Requested Jury Instruction No. 17
Communications with Court ........................................................................................ 25

Defendants' Requested Jury Instruction No. 18
Return of Verdict ......................................................................................................... 26

Defendants' Requested Jury Instruction No. 19
Additional Instructions of Law ................................................................................... 28

Defendants' Requested Jury Instruction No. 20
Willfulness ................................................................................................................... 29

Defendants' Requested Jury Instruction No. 20A
Willfulness ................................................................................................................... 33

Defendants' Requested Jury Instruction No. 21
Willfulness Factors ..................................................................................................... 35

Defendants' Requested Jury Instruction No. 22
Legal Effect of FTC Notice ........................................................................................ 39

Defendants' Requested Jury Instruction No. 23
Statutory Damages ...................................................................................................... 42

Defendants' Requested Jury Instruction No. 23A
Statutory Damages ...................................................................................................... 46

Defendants' Requested Jury Instruction No. 24
Use of Consumer Information in Setting Premiums Not Relevant ..................................... 49

Defendants' Requested Jury Instruction No. 25
Wealth of Parties May Not Be Considered ....................................................................... 50

Defendants' Requested Jury Instruction No. 26
Limiting Instruction Re Evidence of Willfulness ............................................................. 52

Defendants' Requested Jury Instruction No. 26A
Limiting Instruction Re Evidence of Willfulness for Post-February 28, 2002, Period ..... 53

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

Defendants' Requested Jury Instruction No. 1

Duty of the Jury

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions throughout the trial for reference purposes. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Objection:**

Plaintiffs have no objection to this instruction.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL (503) 227-1600  FAX (503) 227-6840

Defendants' Requested Jury Instruction No. 2

Claims and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This case is a class action on behalf of approximately 144,000 individual insurance holders who renewed their automobile and property personal lines insurance policies with Farmers Insurance Company of Oregon between March 2000 and September 2002.

Plaintiffs are suing Defendants Farmers Insurance Company of Oregon and Farmers Group, Inc. ("Farmers" or "Defendants") for allegedly violating the Fair Credit Reporting Act ("FCRA").

The FCRA governs the use and collection of consumer credit information. While the FCRA permits insurers to access and use consumer credit information when determining insurance premiums, Section 1681m(a)(1) of the FCRA requires insurers to provide notice to an insured when the insurer increases the insured's premium over a prior premium charge based on information in the insured's credit report.

Farmers sent notices to every policy holder who, based on consumer information contained in their credit report, received less than the maximum available discount on their insurance premium. The group of policy holders to whom Farmers sent notices was substantially larger than the FCRA required, and it included all class members. Plaintiffs complain only that these notices failed to satisfy one requirement contained in Section 1681 m(a)(l) of the FCRA, because Farmers did not use the word "adverse" in the notices.

Plaintiffs contend that this failure was a willful violation of the FCRA. Farmers contends that this error under the FCRA was not a willful violation of the law. Plaintiffs have the burden

{SSBLS Main Documents\7119\001\00203143-1 }

Page 5 **- PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

of proving their claim that Farmers violated the FCRA willfully. If they do so, Plaintiffs are entitled to recover statutory damages.

Plaintiffs seek to recover statutory damages in the amount of $100 to $1,000 for each class member. Farmers contends that, if it is found to have willfully violated the FCRA, no class member should receive more than $100. Plaintiffs have the burden of proving each class member's entitlement to statutory damages and the amount thereof. Plaintiffs have elected not to pursue actual damages, or to present evidence, if any, of such damages. Also, Plaintiffs have elected not to pursue punitive damages.

**Objection:**

This proposed instruction is identical to Defendants' Proposed Neutral Statement of the Case served on plaintiffs on April 22, 2009. Like defendants' proposed statement of the case, this proposed instruction is inaccurate, misleading, and should not be given to the jury. Plaintiffs address the problems with each of the six paragraphs of this proposed instruction *in seriatim*:

(1)     The first paragraph of defendants' proposed instruction is acceptable.

(2)     The second paragraph of defendants' proposed instruction is misleading, and it should not be read to the jury.

While plaintiffs sued defendants for mass violations of the Fair Credit Reporting Act, it is wrong to characterize defendants' violations as "alleged violations." This Court has found, as a matter of law, that defendants violated the Fair Credit Reporting Act as to each and every Class Member. The only issue on liability left to be decided is whether defendants' violations were willful.

(3)     The third paragraph of defendants' proposed instruction misstates the law, and it should not be read to the jury.

{SSBLS Main Documents\7119\001\00203143-1 }

Page 6 - **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Contrary to defendants' assertion in their proposed instruction, 15 U.S.C. § 1681m(a)(1) does not simply require insurers to "provide notice to an insured" when the insurer takes an adverse action. Rather, as this Court has recognized multiple times, section 1681m(a)(1) requires the insurer to give the consumer "notice of the adverse action." Defendants' careful manipulation of the statutory language in its proposed instruction has been repeatedly rejected by this Court as an inaccurate interpretation of the law. It should not be read to the jury.

In addition, defendants mischaracterize the scope of FCRA and the scope of section 1681m(a)(1) by implying that FCRA only governs the use and collection of consumer credit information, and by implying that section 1681m(a)(1) only applies to renewal situations. Both of these statements are therefore incorrect and should not be read to the jury. Many of the jurors may never have heard of the Fair Credit Reporting Act, or at least section 1681m(a)(1), so it is important that they be provided some context.

(4)     The fourth paragraph of defendant's proposed instruction is heavily slanted toward defendants' theory of the case. It also incorrectly states the nature of plaintiffs' claims. It should not be read to the jury.

The first sentence is misleading because it is irrelevant. The Court has already found that the notice defendants sent to Class Members was inadequate and did not comply with section 1681m(a).

The second sentence is misleading for the same reason. It is also misleading because it gives the impression that defendants in fact complied (and perhaps "overcomplied") with FCRA's adverse action notice requirements. Defendants already lost this issue on summary judgment. Defendants did not comply with FCRA; they violated it on a mass scale.

The third sentence is misleading because it gives the impression that defendants partially

{SSBLS Main Documents\7119\001\00203143-1 }

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

fulfilled their obligations under FCRA. In fact, whether defendants complied with some other

provisions of section 1681m(a) not at issue in this case is irrelevant, as this Court has already

held in ruling on plaintiffs' proposed jury instructions regarding willfulness and statutory

damages. The Court has found that defendants violated the only provision of FCRA that

plaintiffs have ever alleged defendants violated: the requirement to provide notice of adverse

action. Furthermore, the third sentence incorrectly asserts that plaintiffs contend that defendants

violated FCRA because they did not use word "adverse" in their notices. In fact, plaintiffs

contend that defendants willfully violated FCRA by failing to provide Class Members with

notice of the adverse actions defendants took against them. As this Court has established,

defendants' notice failed to provide any notice of adverse or unfavorable treatment and therefore

failed to provide any notice of the adverse actions defendants took.

      (5)     The first and second sentences of the fifth paragraph of defendants' proposed

instruction are problematic for the same reasons set forth above with respect to the fourth

paragraph of defendants' proposed instruction; namely, by referring to "this failure" and "this

error" (which refer back to the last sentence of the previous paragraph) these sentences incorrect

assert that plaintiffs contend that defendants violated FCRA because they did not use word

"adverse" in their notices. These sentences should not be read to the jury.

      The third and fourth sentences are acceptable.

      (6)     The first sentence of the sixth paragraph of defendants' proposed instruction is

acceptable.

      The second sentence is misleading because it attempts to inject an issue that will not be

decided by the jury. Defendants' contention that Class Members are not entitled to more than

$100 is based on a constitutional argument that will not be heard unless and until the jury awards

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

statutory damages against defendants.  That is a post-verdict legal issue.  This sentence should not be read to the jury.

The third sentence is acceptable.

The fourth and fifth sentences are misleading because they refer to types of damages that plaintiffs are not seeking and that the jury will not decide.  The jury could be misled into thinking that, even though plaintiffs are not seeking those types of damages, the Court is explaining this to the jury because it has some relevance to the statutory damages determination. It does not, and these sentences should not be read to the jury.

**Plaintiff's Proposed Alternative:**

Plaintiffs request that the Court give the following version of this instruction to the jury: Jury Instruction No. __

Claims and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This case is a class action on behalf of certain Oregonians who renewed their automobile and property personal lines insurance policies with Farmers Insurance Company of Oregon between September 1999 and September 2002.

The Fair Credit Reporting Act ("FCRA") is a federal law that requires, among other things, that insurers who increase the charge for insurance based on consumer information to provide a notice to the consumer of such adverse action.  Defendants prepared a document entitled Fair Credit Reporting Act Notification (the "FCRA Notice") which it sent to the three named plaintiffs and every other class member whose premium was increased based on their

{SSBLS Main Documents\7119\001\00203143-1 }

Page 9 **- PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTIONS**

consumer credit information. The court has held that the content of defendants' FCRA Notice did not satisfy the requirements of the FCRA, and thus was a violation of the FCRA.

Plaintiffs contend that defendants willfully failed to include in its FCRA Notice sufficient notification of the adverse action as required by the FCRA. Defendants contend that they did not willfully violate the FCRA. If plaintiffs established that the violation was willful, plaintiffs are entitled to recover statutory damages.

Plaintiffs seek to recover statutory damages in the amount of $100 to $1,000 per consumer. Defendants contend that, if they are found to have willfully violated the FCRA, no class member should receive more than $100. Actual damages and punitive damages are not at issue in this case.

{SSBLS Main Documents\7119\001\00203143-1 }

Page 10 - **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Defendants' Requested Jury Instruction No. 3

Burden of Proof

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Objection:**

Plaintiffs have no objection to this instruction.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Defendants' Requested Jury Instruction No. 4

What Is Evidence

> The evidence you are to consider in deciding what the facts are consists of:
>
> (1) the sworn testimony of any witness;
>
> (2) the exhibits which are received into evidence; and
>
> (3) any facts to which the lawyers have agreed.

**Objection:**

> Plaintiffs have no objection to this instruction.

Page 12 - **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Defendants' Requested Jury Instruction No. 5

What Is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by the lawyers conducting the trial are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; if I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Objection:**

Plaintiffs have no objection to this instruction.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

Defendants' Requested Jury Instruction No. 6

Evidence for a Limited Purpose

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**Objection:**

Plaintiffs have no objection to this instruction.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

Defendants' Requested Jury Instruction No. 7

Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Objection:**

Plaintiffs have no objection to this instruction.

{SSBLS Main Documents\7119\001\00203143-1 }

Page 15 - **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Defendants' Requested Jury Instruction No. 8

Rulings on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Objection:**

Plaintiffs have no objection to this instruction.

{SSBLS Main Documents\7119\001\00203143-1 }

Page 16 - **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

Defendants' Requested Jury Instruction No. 9

Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice; (5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and (7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Objection:**

Plaintiffs have no objection to this instruction.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Defendants' Requested Jury Instruction No. 10

Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails. Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately.

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it.

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.

Fourth, if you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk] to give to me.

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

**Objection:**

Plaintiffs have no objection to this instruction.

{SSBLS Main Documents\7119\001\00203143-1 }

Page 18 - **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTIONS**
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

Defendants' Requested Jury Instruction No. 11

Bench Conference and Recesses

From time to time during the trial, it may be necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error. Of course, we will do what we can to keep the number and length of these conferences to a minimum.

I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Objection:**

Plaintiffs have no objection to this instruction.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

Defendants' Requested Jury Instruction No. 12

Outline of Trial

Trials proceed in the following way: First, each side may make an opening statement.

An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show, A party is not required to make an opening statement.

Plaintiffs will then present evidence, and counsel for Farmers may cross-examine.

Farmers may present evidence, and counsel for Plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Depending on your verdict, I may ask you to hear some additional evidence and answer some additional questions.

**Objection:**

Plaintiffs have no objection to this instruction.

{SSBLS Main Documents\7119\001\00203143-1 }

Page 20 **- PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Defendants' Requested Jury Instruction No. 13

Deposition in Lieu of Live Testimony or Live Testimony via Remote Video

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Live testimony over remote video is the same as live testimony in the courtroom.

**Objection:**

Plaintiffs have no objection to this instruction.

{SSBLS Main Documents\7119\001\00203143-1 }

Page 21 **- PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600    FAX (503) 227-6840

Defendants' Requested Jury Instruction No. 14

Expert Opinion

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Objection:**

Plaintiffs have no objection to this instruction.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

Defendants' Requested Jury Instruction No. 15

Duty of Jury

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you as to the law of the case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

or

[A copy of these instructions will be sent with you to the jury room when you deliberate.] You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be,

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Objection:**

Plaintiffs have no objection to this instruction.

{SSBLS Main Documents\7119\001\00203143-1 }

Page 23 **- PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTIONS**
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Defendants' Requested Jury Instruction No. 16

Duty to Deliberate

When you begin your deliberations; you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.

Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Objection:**

Plaintiffs have no objection to this instruction.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

Defendants' Requested Jury Instruction No. 17

Communications with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone--including me-- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**Objection:**

Plaintiffs have no objection to this instruction.

{SSBLS Main Documents\7119\001\00203143-1 }

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Defendants' Requested Jury Instruction No. 18

Return of Verdict

A verdict form has been prepared for you. First, you will answer whether any violation of the FCRA was willful. If you answer "no," the verdict form will be complete. If you answer "yes," you must then answer questions as to the amount of statutory damages to which each class member is entitled. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**Objection:**

Plaintiffs object to the second and fourth sentences of this proposed instruction.

The second sentence is misleading because it suggests that the jury could find that defendants did not actually violate FCRA, let alone that their violations were willful. In fact, this Court has already found that defendants violated FCRA on a mass scale. The only accurate alternative to the second sentence would be: "First, you will answer whether the defendants' violations of FCRA were willful." However, plaintiffs do not believe that the jury requires an explanation of the verdict form in this case because the form is very simple.

The fourth sentence is improper because it presumes that there will be more than one question for the jury regarding statutory damages. The Court has already approved of a type of verdict form that contains only one question relating to statutory damages. See Opinion and Order dated December 12, 2008 (Docket No. 508), at 28; Exhibit B to Docket No. 483. In any event, plaintiffs do not believe that the jury requires an explanation of the verdict form in this case because the form is very simple.

{SSBLS Main Documents\7119\001\00203143-1 }

Page 26 - **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

**Plaintiff's Proposed Alternative:**

Plaintiffs request that the Court give the following version of this instruction to the jury:

Jury Instruction No. ___

Return of Verdict

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

Defendants' Requested Jury Instruction No. 19

Additional Instructions of Law

At this point I will give you further instructions. By giving a further instruction at this time, I do not mean to emphasize these instructions over any other instructions.

You are not to attach undue importance to the fact that this was read separately to you.

You shall consider these instructions together with all of the other instructions that were given to you.

[Insert text of new instructions.]

You will now retire to the jury room and continue your deliberations.

**Objection:**

Plaintiffs have no objection to this instruction.

{SSBLS Main Documents\7119\001\00203143-1 }

Page 28 **- PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Defendants' Requested Jury Instruction No. 20

Willfulness

You shall assume that the notice Farmers sent to Plaintiffs violated the FCRA because the notice did not use the word "adverse" in describing the action taken. It is up to you, the jury, to determine whether Farmers violated the FCRA willfully.

Violations of the FCRA may either be negligent or willful. You are being asked to decide if Farmers' violation was a negligent or a willful violation of law.

A violation of the FCRA is willful if the defendant either (1) knows that its action violates the FCRA; or (2) acts in reckless disregard of its statutory obligations under the FCRA.

You may find that Defendants acted in reckless disregard of their statutory obligations under the FCRA only if you find that their conduct presented an unjustifiably high risk of violating the FCRA that was so obvious that the defendants should have known their conduct violated the law. Recklessness means more than simply an unreasonable or negligent violation of law. Recklessness requires an intentional act of unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow, and which is accompanied by a conscious indifference to the consequences. A defendant does not act in reckless disregard of a plaintiff's rights if it has diligently and in good faith attempted to fulfill its statutory obligations under the FCRA, even if it ultimately failed to do so.

**Objection:**

For the most part, defendants' proposed instruction is contrary to the facts, the law and this Court's prior ruling regarding jury instructions on willfulness and statutory damages.

The first paragraph of this proposed instruction is erroneous because it incorrectly asserts that defendants' violation of FCRA was the failure to use the word "adverse" in its notices. That

{SSBLS Main Documents\7119\001\00203143-1 }

Page 29 - **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

is wrong. In fact, defendants violated FCRA by failing to give Class Members notice of the adverse actions they took against them. Plaintiffs do not contend, and this Court has not held, that 15 U.S.C. § 1681m(a)(1) requires the use of the term "adverse." Nonetheless, it is now established in this case that defendants' written notice was inadequate because it failed to communicate defendants took adverse or unfavorable actions against plaintiffs and Class Members based on their credit reports, and that defendants had no oral or electronic notice programs that provided the required notice of adverse action.

The second paragraph of this proposed instruction makes the irrelevant statement that a violation of FCRA may be negligent, and then incorrectly states that the jury will be charged with finding whether defendants acted willfully *or negligently*. Since plaintiffs have not asserted a claim under 15 U.S.C. § 1681o, the jury will not decide whether defendants acted negligently. The only question for the jury on liability is whether defendants' mass violations of FCRA were committed willfully or not willfully.

The third and fourth sentences of the fourth paragraph of defendants' proposed instruction are erroneous statements of the law.

The third sentence recites a formulation of recklessness that is inconsistent with the definition adopted by the Supreme Court in Safeco v. Burr, 127 S. Ct. 2201, 2215 (2007), and by this Court in its December 12, 2008 Opinion and Order, at 9. In addition, it states that recklessness requires "intent," even though the Supreme Court in Safeco noted that "[u]nlike civil recklessness, criminal recklessness also requires subjective knowledge on the part of the offender." 127 S. Ct. at 2215 n. 18. Defendants' definition of recklessness also creates two distinct elements: (a) conduct presenting an unjustifiably high risk of violating the law; *and* (b) a

{SSBLS Main Documents\7119\001\00203143-1 }

Page 30 - **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

conscious indifference to the consequences. This fragmentation of the definition of recklessness is improper and not supported by the authorities cited by defendants.

The fourth sentence was already rejected by this Court in its December 12, 2008, Opinion and Order, when it held that it would not instruct the jury as to "the conclusions of law included by Defendants" in their proposed instruction on willfulness (which included the "good faith" statement defendants seek to insert in their proposed jury instruction No. 20). Docket No. 508 at 10.

To the extent defendants are taking their proposed language from a portion of the Ninth Circuit's decision in Reynolds v. Hartford Financial Services Group, Inc., 435 F.3d 1081 (9th Cir. 2006), overruled on other grounds by Safeco, their recitation is incomplete. In Reynolds, the court explained that "[a] company will not have acted in reckless disregard of a consumer's rights if it has diligently and in good faith attempted to fulfill its statutory obligations," but the court went much further. In fact, the entire passage reads:

> A company will not have acted in reckless disregard of a consumer's rights if it has diligently and in good faith attempted to fulfill its statutory obligations and to determine the correct legal meaning of the statute and has thereby come to a tenable, albeit erroneous, interpretation of the statute. In contrast, neither a deliberate failure to determine the extent of its obligations nor reliance on creative lawyering that provides indefensible answers will ordinarily be sufficient to avoid a conclusion that a company acted with willful disregard of FCRA's requirement. Reliance on such implausible interpretations may constitute reckless disregard for the law and therefore amount to a willful violation of the law.

Reynolds, 435 F.3d at 1099.

The full explanation of the "diligence and good faith" issue makes clear another reason defendants' requested instruction is improper – this Court has already found that defendants' interpretation of the statute was "objectively unreasonable as a matter of law because Defendants

{SSBLS Main Documents\7119\001\00203143-1 }

Page 31 - **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

consistently chose not to identify that an adverse action had been taken based in whole or in part on information in a credit report or otherwise to state specifically the consequences of the adverse action." Ashby v. Farmers Ins. Co. of Oregon, 565 F. Supp.2d 1188, 1215 (D. Or. 2008). Thus, as a matter of law defendants could not have acted diligently and in good faith under the standard articulated in Reynolds, so there is no reason to give the jury the impression it could decide otherwise.

**Plaintiff's Proposed Alternative:**

Plaintiffs request that the Court give the following version of this instruction to the jury:
Jury Instruction No. __

Willful

The Court has determined that defendants violated the FCRA's notice requirements. It is up to you, the jury, to decide whether that violation was willful.

A defendant's violation of the FCRA is willful if the defendant either (1) knows that its action violates the FCRA; or (2) recklessly disregards its statutory duties under the FCRA.

A defendant recklessly disregards its statutory duties under the FCRA if (a) its action is a violation under a reasonable reading of the FCRA's terms, and (b) its conduct presented an unjustifiably high risk of violating the FCRA that was so obvious that the defendant should have known its conduct violated the law.

The Court has already found in this case that defendants' reading of the FCRA's terms was unreasonable.

Page 32 - **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

Defendants' Requested Jury Instruction No. 20A

Willfulness

You shall assume that the notice Farmers sent to Plaintiffs violated the FCRA because the notice did not use the word "adverse" in describing the action taken. It is up to you, the jury, to determine whether Farmers violated the FCRA willfully.

Violations of the FCRA may either be negligent or willful. You are being asked to decide if Farmers' violation was a negligent or a willful violation of law.

A violation of the FCRA is willful if the defendant either (1) knows that its action violates the FCRA; or (2) acts in reckless disregard of its statutory obligations under the FCRA.

You may find that Defendants acted in reckless disregard of their statutory obligations under the FCRA only if you find that their conduct presented an unjustifiably high risk of violating the FCRA that was so obvious that the defendants should have known their conduct violated the law. Recklessness means more than simply an unreasonable or negligent violation of law. Recklessness requires an intentional act of unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow, and which is accompanied by a conscious indifference to the consequences. A defendant does not act in reckless disregard of a plaintiff's rights if it has diligently and in good faith attempted to fulfill its statutory obligations under the FCRA, even if it ultimately failed to do so.

You may find that Defendants acted willfully for only part of the time period at issue in this case.

**Objection:**

Plaintiffs incorporate by reference herein their objections to defendants' Proposed Jury Instruction No. 20.

{SSBLS Main Documents\7119\001\00203143-1 }

Page 33 - **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTIONS**

Furthermore, the last sentence of this proposed instruction, which is the only difference between defendants' Proposed Jury Instruction Nos. 20 and 20A, is improper because the temporal scope of defendants' liability is a function of the Class Period, and defendants' conduct was the same throughout the Class Period – all Class Members suffered from the same failure by defendants to provide notice of adverse action. In addition, this sentence simply endorses the false dichotomy defendants have recently tried to create between events before and after February 28, 2002. It is misleading, and should not be given to the jury.

**Plaintiff's Proposed Alternative:**

Plaintiffs request that the Court give the following version of this instruction to the jury:

Jury Instruction No. __

Willful

The Court has determined that defendants violated the FCRA's notice requirements. It is up to you, the jury, to decide whether that violation was willful.

A defendant's violation of the FCRA is willful if the defendant either (1) knows that its action violates the FCRA; or (2) recklessly disregards its statutory duties under the FCRA.

A defendant recklessly disregards its statutory duties under the FCRA if (a) its action is a violation under a reasonable reading of the FCRA's terms, and (b) its conduct presented an unjustifiably high risk of violating the FCRA that was so obvious that the defendant should have known its conduct violated the law.

The Court has already found in this case that defendants' reading of the FCRA's terms was unreasonable.

{SSBLS Main Documents\7119\001\00203143-1 }

Page 34 - **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY
INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

Defendants' Requested Jury Instruction No. 21

Willfulness Factors

Among the factors you, the jury, may consider in determining whether Farmers acted in reckless disregard of its statutory obligations under the FCRA are:

(1) Whether the appellate courts had provided any guidance on the necessary content of notices at or before the time Farmers sent its notices;

(2) Whether Farmers followed or ignored guidance from the appellate courts, if any, as to the required content of a FCRA notice at or before the time Farmers sent its notices;

(3) Whether Farmers followed or ignored guidance from the Federal Trade Commission or the Federal Reserve, if any, as to the required content of a FCRA notice at or before the time Farmers sent its notices;

(4) Whether Farmers sought the advice of counsel so that it could ascertain its statutory obligations as to the required content of a FCRA notice at or before the time it sent its notices, and, if so, whether Farmers followed or ignored that advice;

(5) What other insurance companies wrote in their notices at or before the time Farmers sent its notices; and

(6) The clarity or lack of clarity of the FCRA language as to the required content of the notices.

**Objection:**

Plaintiffs object to this instruction.

The first three items in defendants' list are irrelevant to the question of willfulness. As the Supreme Court made clear in <u>Safeco</u>, and this Court made clear in its ruling on the parties' cross-motions for summary judgment, the "guidance" issue bears only on the question of

{SSBLS Main Documents\7119\001\00203143-1 }

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

whether defendants' interpretation of section 1681m(a)(1) was objectively reasonable. Safeco, 127 S.Ct. at 2215-16; Ashby, 565 F. Supp.2d at 1212-15. This Court expressly considered the evidence relating to court and federal agency "guidance" and rejected, as a matter of law, defendants' contention that the evidence showed they acted objectively reasonably. Ashby, 565 F. Supp.2d at 1212-15. The Court also "reject[ed] Defendants' contention that they can insulate themselves from liability under FCRA by relying on informal FTC advice or advice of counsel when such advice factually and legally ignores both the plain language of the statute and the principal function of the statute (*i.e.*, to give the insured notice of an adverse action coupled with sufficient information to allow the insured to correct inaccuracies in his or her consumer credit report that may have contributed to the adverse action)." Id. at 1214.

The fourth item in defendants' list – the "advice of counsel" issue – is also inappropriate. First, it improperly highlights only one kind of fact that may in some cases tend to show a lack of willfulness. As the Ninth Circuit explained in Reynolds, obtaining attorneys' interpretations of statutory obligations is not by itself dispositive:

> Whether or not there is willful disregard in a particular case may depend in part on the obviousness or unreasonableness of the erroneous interpretation. In some cases, it may also depend in part on the specific evidence as to how the company's decision was reached, including the testimony of the company's executives and counsel.

Reynolds, 435 F.3d at 1099. The significance of consultations with attorneys is fact-dependent. To fully articulate all factors relevant to a consideration of attorney consultation would not only create an unnecessarily cumbersome and confusing recklessness instruction, but would erroneously suggest to the jury that the *only* facts bearing on defendants' willfulness are those relating to advice defendants received from counsel.

{SSBLS Main Documents\7119\001\00203143-1 }

Page 36 - **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL (503) 227-1600 FAX (503) 227-6840

Furthermore, whether defendants "followed" the advice of attorneys is likewise not dispositive. As the Ninth Circuit in Reynolds explained, "neither a deliberate failure to determine the extent of its obligations nor reliance on creative lawyering that provides indefensible answers will ordinarily be sufficient to avoid a conclusion that a company acted with willful disregard of FCRA's requirement. Reliance on such implausible interpretations may constitute reckless disregard for the law and therefore amount to a willful violation of the law." Reynolds, 435 F.3d at 1099.

Consistent with Reynolds, this Court also "reject[ed] Defendants' contention that they can insulate themselves from liability under FCRA by relying on informal FTC advice or advice of counsel when such advice factually and legally ignores both the plain language of the statute and the principal function of the statute (i.e., to give the insured notice of an adverse action coupled with sufficient information to allow the insured to correct inaccuracies in his or her consumer credit report that may have contributed to the adverse action)." Ashby, 565 F. Supp.2d at 1214.

The fifth item in defendants' list is also objectionable. As this Court held in ruling on the parties' cross-motions for summary judgment, "the defense that 'everyone did it' is not an acceptable ground to absolve Defendants from liability in the absence of a reasonable justification for Defendants' conduct or for the conduct of similarly-situated insurers." Ashby, 565 F. Supp.2d at 1214-15. The Court also determined that defendants' interpretation was objectively unreasonable.

The sixth item in defendants' list reflects a misinterpretation of the Supreme Court's decision in Safeco. The Supreme Court used the phrase "less-then-pellucid" in its decision, but *only* with respect to the meaning of the term "increase" in section 1681a(k)(1)(B)(i), and *only* as that term related to *new business*. As the term "increase" relates to renewals (which is all that is

{SSBLS Main Documents\7119\001\00203143-1 }

Page 37 - **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

at issue in this case), the Court observed that a consumer who is charged a higher rate on renewal "*clearly* suffer[s] an 'increase' in his insurance rate." Safeco, 127 S.Ct. at 2214 n. 16 (emphasis added). The Supreme Court also observed, without difficulty, that the duty to provide notice is triggered when a consumer report has an "identifiable effect on the rate" (id. at 2212), and that such a notice (a) "must point out the adverse action," (id. at 2206), (b) describe the effect on the rate of the consumer report (e.g., "that [a consumer's] charge had been 'increased' based on his credit report" (id. at 2214)), and (c) "get some attention." (id. at 2214).

For all the foregoing reasons, defendants' Requested Jury Instruction No. 21 should not be given.

{SSBLS Main Documents\7119\001\00203143-1 }

Page 38  - **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

Defendants' Requested Jury Instruction No. 22

Legal Effect of FTC Notice

In this case you have heard reference to the Federal Trade Commission, which I will abbreviate to "FTC." The FTC is a regulatory agency created by Congress. Among its other responsibilities, it is one of a number of federal agencies with jurisdiction to enforce the Fair Credit Reporting Act. You are instructed that in amendments to the FCRA in 1996, Congress directed the FTC to draft and publish a notice that consumer reporting agencies (such as TransUnion in this case) were directed to send to users (such as Farmers in this case) describing the users' obligations under the FCRA. Pursuant to this congressional directive, on July 1, 1997, the FTC published the following as the notice that should be sent to users:

### Adverse Actions Based on Information Obtained From a CRA

If a user takes any type of adverse action that is based at least in part on information contained in a consumer report, the user is required by [§ 1681m] of the FCRA to notify the consumer. The notification must be done in writing, orally, or by electronic means. *It must include the following:*

- The name, address, and telephone number of the CRA [credit reporting agency] (including a toll-free telephone number, if it is a nationwide CRA) that provided the report.

- A statement that the CRA did not make the adverse decision and is not able to explain why the decision was made.

- A statement setting forth the consumer's right to obtain a free disclosure of the consumer's file from the CRA if the consumer requests the report within 60 days.

- A statement setting forth the consumer's right to dispute directly with the CRA the accuracy or completeness of any information provided by the CRA.

This notice was an official act of the FTC and had the force of law. Farmers was entitled to rely on it.

{SSBLS Main Documents\7119\001\00203143-1 }

Page 39 - **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

**Objection:**

Plaintiffs object to this instruction, because it is unnecessary, confusing, and assumes a finding that defendants actually relied on the quoted FTC notice (the "FTC notice") when it implemented its patently insufficient adverse action notice program.

The jurors will be instructed on the law relating to plaintiffs' claims; namely, that 15 U.S.C. § 1681m(a) requires that users of consumer reports who take adverse action against a consumer must give notice to the consumer of the adverse action. The plain language of the statute has been the same throughout the Class Period, and since before the date of the FTC notice. The FTC notice – which is not itself a statute – does not state a different standard or contradict section 1681m(a) in any way. Defendants' proposed instruction implies otherwise, and implies that even if the language of section 1681m(a) is clear, as this Court has found numerous times, the FTC notice created some ambiguity about defendants' obligations. It did not. As this Court held in its recent summary judgment ruling: "[t]he FTC guidelines specifically require the insurer who takes the 'adverse action' to include a statement that the credit-reporting agency 'did not make the adverse decision.' As is clear from the notification provided by Defendants, the absence of any reference to an 'adverse action' or 'adverse decision' leaves the recipient of the notice clueless as to whether an adverse action has occurred." Ashby, 565 F. Supp.2d at 1212-13.

The last sentence of this proposed instruction assumes that defendants in fact relied on the FTC notice when drafting their noncompliant adverse action notice. There has been no finding to that effect. And, in fact, the Court observed:

> It is at least arguable from the record as a whole that one of Defendants' goals in drafting their FCRA notices was to avoid alerting their insureds to the fact that their consumer credit-report scores adversely affected the cost of their

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

insurance. Instead it seems Defendants wanted their insureds to notice that they received a "discount" on the premium they paid, albeit a discount from the worst possible premium rate available to any insured. As such, Defendants' notices frustrated rather than promoted the purposes of FCRA's adverse-action notice requirement.

Ashby, 565 F. Supp.2d at 1213.  Thus, if anything, the evidence establishes that defendants did not rely on any FTC guidance.

For all the foregoing reasons, defendants' Requested Jury Instruction No. 22 should not be given.

{SSBLS Main Documents\7119\001\00203143-1 }

Page 41  **- PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Defendants' Requested Jury Instruction No. 23

Statutory Damages

In the event that you find that Farmers willfully violated the FCRA as to a class member, the FCRA provides for statutory damages of $100 for that member in order to compensate that member for any injuries he or she may have suffered. Plaintiffs have the burden of proving by a preponderance of the evidence that they are entitled to an amount in excess of $100 up to a maximum of $1000 for a class member.

You must determine whether the evidence in this case justifies an amount in excess of $100 for a class member. Your award must be based upon evidence and not upon speculation, guesswork or conjecture. In making that determination you may consider the following:

(1) The extent, if any, of Plaintiff's actual harm;

(2) The size of the class, which in this case consists of approximately 144,000 members. When, as here, the class size is large, you may reduce any individual award for each class member so that the total award is not disproportionate to the total amount of any harm caused.

You may not award damages for the purpose of punishing Farmers.

The degree of Farmers' alleged willfulness is not relevant to the amount of statutory damages that you may award. Therefore, you may not consider any evidence relating to the degree of Farmers' alleged willfulness in determining the amount of damages to award.

**Objection:**

Plaintiffs object to this proposed instruction because it continues to press the same arguments this Court has repeatedly rejected.

Consistent with its prior rulings, the Court recently held: "The statute does not require a named plaintiff or a class member to prove actual harm and/or damage in order to obtain

{SSBLS Main Documents\7119\001\00203143-1 }

Page 42 **- PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

statutory damages ...." Opinion and Order dated Dec. 12, 2008, Docket No. 508 at 22. Despite this clear ruling, defendants' proposed instruction seeks to tie statutory damages to actual harm in four different ways: (1) the proposed instruction asserts that "FCRA provides for statutory damages of $100 for that member in order to compensate that member for any *injuries he or she may have suffered*;" (2) the proposed instruction tells the jury that their award of damage must not be based on "speculation, guesswork, or conjecture;" (3) the proposed instruction lists as a statutory damages "factor" the extent of plaintiffs' "*actual harm*;" and (4) the proposed instruction permits the jury to "reduce any individual award for each class member so that the total award is not disproportionate to the total *amount of any harm caused*." (Emphasis added.) For the same reason defendants' insistence on the relevance of actual harm has been repeatedly rejected by this Court, their proposed instruction is also defective.

Defendants' proposed instruction incorrectly states that FCRA provides for "statutory damages of $100," even though the statute provides for statutory damages of between $100 and $1,000.

Defendants' proposed instruction incorrectly states that plaintiffs must prove an entitlement to damages "in excess of $100," and that the jury is charged with determining whether the evidence "justifies an amount in excess of $100 for a class member." The jury's charge, rather, will be to determine how much in damages Class Members should be awarded, within the range provided by 15 U.S.C. § 1681n.

The size of the Class in this case is not a relevant consideration for the jury. If defendants believe that the aggregation of statutory damages in this case creates a due process concern (and plaintiffs dispute that there is, or can ever be, such a concern), then defendants can raise the issue post-verdict.

{SSBLS Main Documents\7119\001\00203143-1 }

**Page 43 - PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTIONS**

While the Court has refused to affirmatively instruct the jury that it may consider the willfulness of defendants' conduct in determining statutory damages, it has not held that the jury should be instructed *not* to consider such evidence. In fact, it would be confusing to instruct the jury in that way. The phrase "degree of Farmers' alleged willfulness" is also ambiguous, and refers to defendants' willfulness as "alleged," even though the jury will only make an award of statutory damages if it has already found defendants to have acted willfully. In this case, it will be enough to give the jury a general idea of the types of evidence it can consider in making a damages award, and at the same time instructing them that the damages awarded should not be for the purpose of punishing defendants.

**Plaintiff's Proposed Alternative:**

Plaintiffs request that the Court give the following version of this instruction to the jury: Jury Instruction No. __

Statutory Damages

The Court has determined that defendants violated the FCRA's notice requirements. If you find that violation was willful, you must determine plaintiffs' damages. Plaintiffs seek a statutory damage award, established by Congress, for each class member.

Congress' purposes in creating the adverse action notice requirement for users of credit reports, included (1) the promotion of the rights of consumers by providing them with essential information about how their credit report is used, information that consumers could not otherwise obtain; (2) the promotion of accuracy in credit reports by providing consumers with important information that may lead consumers to obtain and review their credit reports; and (3) informing consumers when their credit rating is hurting them in the marketplace so that they will understand the benefits of improving their credit rating.

{SSBLS Main Documents\7119\001\00203143-i }

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

You may award as statutory damages any amount you believe is reasonable under the circumstances, provided the amount is between $100 and $1,000 per class member. In determining the amount of damages, you may consider Congress' purposes in creating the adverse action notice requirement for users of credit reports. You may not award damages for the purpose of punishing defendants.

{SSBLS Main Documents\7119\001\00203143-1 }

Page 45  **- PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Defendants' Requested Jury Instruction No. 23A

Statutory Damages

In the event that you find that Farmers willfully violated the FCRA as to a class member, the FCRA provides for statutory damages of $100 for that member in order to compensate that member for any injuries he or she may have suffered. Plaintiffs have the burden of proving by a preponderance of the evidence that they are entitled to an amount in excess of $100 up to a maximum of $1000 for a class member.

You must determine whether the evidence in this case justifies an amount in excess of $100 for a class member. Your award must be based upon evidence and not upon speculation, guesswork or conjecture. In making that determination you may consider the following:

(1) How, when considering whether to award more than $100 in statutory damages under the FCRA, the consumer rights involved in this case compare to other consumer rights contained in the FCRA that are not involved in this case, such as the rights protecting against unauthorized use of consumer information, false representations to obtain consumer information illegally, failure to provide any notice at all to consumers, and supplying false information about a consumer to a consumer reporting agency and failing to correct it;

(2) The difference, if any, between the value of the FCRA notice Plaintiffs received from Farmers compared to the value of a FCRA notice containing a statement that the premium charged was "adverse";

(3) The size of the class, which in this case consists of approximately 144,000 members. When, as here, the class size is large, you may reduce any individual award for each class member so that the total award is not disproportionate to the total amount of any harm caused.

You may not award damages for the purpose of punishing Farmers.

{SSBLS Main Documents\7119\001\00203143-1 }

**Page 46 - PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

The degree of Farmers' alleged willfulness is not relevant to the amount of statutory damages that you may award. Therefore, you may not consider any evidence relating to the degree of Farmers' alleged willfulness in determining the amount of damages to award.

**Objection:**

Plaintiffs incorporate by reference herein their objections to defendants' Proposed Jury Instruction No. 23.

The differences between this instruction and Proposed Jury Instruction No. 23 – the addition of two new "factors" – are also objectionable.

The first new factor asserts, without any authority whatsoever, that the value of the right guaranteed by 15 U.S.C. § 1681m(a) can only be determined relative to provisions of FCRA that are totally irrelevant to this case. In its December 12, 2008 Opinion and Order this Court concluded that "the factor most germane to the amount of a statutory-damages award to class members is the jury's perception of the importance, and hence the value, of the rights and protections conferred on the consuming public by FCRA's adverse-action notice requirements." Docket No. 508 at 24-25. The jury is perfectly capable of assessing the importance of FCRA's adverse action notice requirement, and asking the jury to make that assessment by weighing the right relative to other rights not relevant to this lawsuit will only cause confusion.

Defendants' proposed second new factor assumes that some value can be assigned to a notice that completely fails to give notice of adverse action. The proposed comparison is completely unhelpful. If the question is whether a value can be assigned to a notice that complies with FCRA and thereby furthers the purpose of section 1681m(a), that question is already answered by the jury's determination of "the importance, and hence the value, of the rights and protections conferred on the consuming public by FCRA's adverse-action notice

{SSBLS Main Documents\7119\001\00203143-1 }

Page 47 - **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

requirements." The second new factor also mischaracterizes the plaintiffs' claims and the nature

of defendants' violation of FCRA. Defendants' failure was not that they did not use the word

"adverse." Their failure was to provide notice of adverse action.

**Plaintiff's Proposed Alternative:**

Plaintiffs request that the Court give the following version of this instruction to the jury:

Jury Instruction No. __

Statutory Damages

The Court has determined that defendants violated the FCRA's notice requirements. If

you find that violation was willful, you must determine plaintiffs' damages. Plaintiffs seek a

statutory damage award, established by Congress, for each class member.

Congress' purposes in creating the adverse action notice requirement for users of credit

reports, included (1) the promotion of the rights of consumers by providing them with essential

information about how their credit report is used, information that consumers could not

otherwise obtain; (2) the promotion of accuracy in credit reports by providing consumers with

important information that may lead consumers to obtain and review their credit reports; and (3)

informing consumers when their credit rating is hurting them in the marketplace so that they will

understand the benefits of improving their credit rating.

You may award as statutory damages any amount you believe is reasonable under the

circumstances, provided the amount is between $100 and $1,000 per class member. In

determining the amount of damages, you may consider Congress' purposes in creating the

adverse action notice requirement for users of credit reports. You may not award damages for the

purpose of punishing defendants.

{SSBLS Main Documents\7119\001\00203143-1 }

Page 48  **- PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY
INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

Defendants' Requested Jury Instruction No. 24

Use of Consumer Information in Setting Premiums Not Relevant

Using consumer information to set insurance premium discounts is lawful under the FCRA and applicable Oregon state law. Farmers' practice of using consumer information to set insurance premium discounts was lawful, is not an issue in this case, and is not relevant to an action under the FCRA.

**Objection:**

Plaintiffs object to this proposed instruction because it is irrelevant. Plaintiffs have not alleged, and will not attempt to prove, that defendants used consumer credit reports in violation of federal law. This case is about whether, when defendants took adverse action against Class Members based in part on their consumer credit reports, they willfully failed to provide notice of adverse action as required by 15 U.S.C. § 1681m(a). There is no need for defendants' proposed instruction and it will only confuse the jury.

For all the foregoing reasons, defendants' Requested Jury Instruction No. 24 should not be given.

{SSBLS Main Documents\7119\001\00203143-1 }

Page 49 **- PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

Defendants' Requested Jury Instruction No. 25

Wealth Of Parties May Not Be Considered

All parties are equal under the law, regardless of their size or wealth. In reaching your verdict in this case you should give no weight to the size or wealth of the parties.

**Objection:**

Plaintiffs object to this proposed instruction because it is wrong and improperly restricts the jury's consideration of evidence relevant to the issues in this case. In part, defendants' size and wealth make their claim of ignorance more incredible. On the one hand, a multinational corporation with unlimited assets and the ability to hire the best and brightest minds to manage its operations can be expected to read and understand the law with which it is bound to comply. This is especially true when this corporation is engaged in the mass use of extremely valuable consumer information. On the other hand, when such a corporation violates a plain and unambiguous statute hundreds of thousands of times over the course of several years, for the primary purpose of maintaining its book of business, one logical conclusion is that the corporation's violation of the law was the result of intentional or, at the very least, reckless conduct.

The "size" and wealth of Class Members is also relevant in this case. As individual consumers, Class Members' consumer credit information is repeatedly used against them by companies such as defendants. FCRA's adverse action notice requirements were intentionally designed by Congress to protect consumers and ensure that they were told when their consumer credit information was being used against them. Clearly, the most vulnerable of these consumers, and the ones most often victimized by the conduct of companies like defendants, are consumers with marginal credit.

{SSBLS Main Documents\7119\001\00203143-1 }

Page 50 **- PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTIONS**

For all the foregoing reasons, defendants' Requested Jury Instruction No. 25 should not be given.

Page 51 - **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Defendants' Requested Jury Instruction No. 26

Limiting Instruction re Evidence of Willfulness

The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of determining whether Farmers willfully violated Section 1681m(a)(1) of the FCRA and for no other purpose. In particular, you may not consider it in determining the amount of any statutory damages to which Plaintiffs might be entitled.

**Objection:**

Clearly the Court is entitled to provide limiting instructions to the jury during the course of trial. Defendants' proposed limiting instruction regarding evidence of willfulness, however, imposes an arbitrary and rigid instruction that has no relation to any particular piece of evidence or testimony. It is unclear now, and will not be clear until trial, whether this particular instruction would ever be proper. It is highly unlikely that any evidence will relate *solely* to defendants' willfulness, as opposed to the issue of statutory damages.

For all the foregoing reasons, defendants' Requested Jury Instruction No. 26 should not be given.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

Defendants' Requested Jury Instruction No. 26A

Limiting Instruction re Evidence of Willfulness for Post-February 28, 2002, Period

The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of determining whether, after February 28, 2002, Farmers willfully violated Section 1681m(a)(2) of the FCRA and for no other purpose. You may not consider it in determining whether Farmers willfully violated Section 1681m(a)(1) of the FCRA prior to February 28, 2002, or in determining the amount of any statutory damages to which Plaintiffs might be entitled.

**Objection:**

Plaintiffs incorporate by reference herein their objections to defendants' Proposed Jury Instruction No. 26.

Plaintiffs also incorporate by reference herein their Memorandum in Opposition to Defendants' Motion in Limine Regarding February 28, 2002, Ruling and Evidence, filed April 22, 2009. This proposed instruction endorses defendants' argument – which is not supported by the record – that there is a meaningful difference between the nature of defendants' conduct prior to February 28, 2002, and after. The evidence shows precisely the opposite: that defendants consistently disregarded, in reckless fashion, the rights of consumers under 15 U.S.C. § 1681m(a).

For all the foregoing reasons, defendants' Requested Jury Instruction No. 26 should not be given.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

DATED this 27th day of April, 2009.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

By:   /s/ Steve D. Larson
**STEVE D. LARSON,** OSB No. 863540
**DAVID F. REES,** OSB No. 945138
**MARK A. FRIEL,** OSB No. 002592

209 SW Oak Street, 5th Floor
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840
Email: slarson@ssbls.com
Email: drees@ssbls.com
Email: mfriel@ssbls.com

-and-

**CHARLES A. RINGO,** OSB No. 893461
CHARLIE RINGO & ASSOCIATES PC
974 NW Riverside Blvd.
Bend, Oregon 97701
Telephone:      (541) 330-6447
Facsimile:      (541) 382-3328
E-Mail:   charlie@ringolaw.com

**Attorneys for Plaintiffs**

{SSBLS Main Documents\7119\001\00203143-1 }

Page 54  **- PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTED JURY
INSTRUCTIONS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840