IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DOUGLAS ASHBY, CAROL PORTO, GRANT WENZLICK, LEO NEWBERRY, and EVELYN BROEFFLE, | 01-CV-1446-BR |
| Plaintiffs, | FINAL JURY INSTRUCTIONS |
| v. | |
| FARMERS INSURANCE COMPANY OF OREGON and FARMERS GROUP, INC., | |
| Defendants. | |

Jurors, now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case. Please use your copy of these instructions to assist you in your deliberations, and, if there is any difference between these Final Instructions and the Preliminary Instructions I gave you at the beginning of the case, these Final Instructions control. After I complete these instructions, we will hear the closing arguments of counsel. When those are complete, you will retire to consider the evidence and return your Verdict.

In applying these instructions, you must follow all of them and not single out some and ignore others. They are all equally

1 - FINAL JURY INSTRUCTIONS

important.  Do not read into these instructions or into anything
I have said or done during the trial any suggestion that I have
an opinion as to what verdict you should return - that matter is
entirely up to you.

As jurors, it is your duty to weigh and to evaluate all of
the evidence calmly and dispassionately.  You alone will decide
how believable and reliable the evidence is, and, in that
process, you will decide what the facts are.  Although you alone
will decide what the facts are, do not allow bias, sympathy, or
prejudice any place in your deliberations and do not decide the
case on guesswork, speculation, or conjecture.  You must give the
members of Plaintiffs' Class and the two corporate Defendants the
same fair and impartial consideration.

After you decide what the facts are, you will apply to those
facts the law as I instruct you whether or not you agree with the
law.  This is just as you promised to do in the Oath you took at
the beginning of the case.


## WHAT IS NOT EVIDENCE

The following things are not evidence and you may not
consider them in deciding what the facts are:

1.    The arguments and statements by the lawyers are not
      evidence.  The lawyers are not witnesses.  What they
      say in your presence is intended to help you interpret

the evidence, but it is not evidence.  If your memory
of the evidence differs from how the lawyers describe
it to you, your memory controls;

2.   A lawyer's questions to a witness are not evidence.
Although you must consider the question in order to
understand the witness's answer to the question, it is
the answer and not the lawyer's statement in framing
the question that is the evidence;

3.   A lawyer's objection to evidence or request for me to
make a legal ruling is not evidence.  Do not concern
yourself with why the lawyer has made a request of me
or why I rule as I do.  Simply follow the rulings I
have made regarding the matter, that is: if I over-
ruled an objection, the material is in evidence and you
will consider it along with all of the other evidence
in the case; if I sustained an objection or if I told
you certain material is excluded or stricken or that
you must disregard it, then that matter is out of the
case and you must not consider it during your
deliberations; and, finally,

4.   Anything you may have seen, heard, or otherwise
encountered when the court was not in session is not
evidence and may not be considered during your
deliberations.

3 - FINAL JURY INSTRUCTIONS

## **WHAT IS EVIDENCE**

The evidence you will consider to decide the facts consists of:

1.    The sworn testimony of any witness who testified before you here in court or whose earlier testimony was presented to you during the trial;

2.    All of the exhibits received into evidence and which will be with you in the jury room; and

3.    Any agreed facts which are pointed out to you and which, because they are agreed, do not require any proof.

When the time comes for your to deliberate, you will weigh and evaluate all of the evidence received in the case to decide how believable and reliable the evidence is.  The evidence you will consider may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  The law does not prefer one kind of evidence over the other.  Instead it is for you, and you alone, to decide who and what to believe and how much weight, if any, to give to any particular piece of evidence.

With one exception, you are free to draw inferences and conclusions from all of the evidence provided those inferences

4 - FINAL JURY INSTRUCTIONS

and conclusions are reasonable and are based on your common sense and experience.

Here is the one exception to this rule:  some evidence in this case has been admitted for a limited purpose only.  When it was pointed out to you that particular evidence was received only for a specific, limited purpose, then you must consider that evidence when you deliberate only for that limited purpose and not for any other purpose.

For example, some evidence about out-of-court statements was admitted for the limited purposes of showing the statement was made and for its effect, if any, on the state of mind of those who knew of the statement.  You may consider such evidence for these limited purposes, but not to prove the truth or validity of what was said or written in the out-of-court statements.

In addition, evidence was admitted concerning legal advice Farmers received from its lawyers about its obligations under FCRA and, specifically, about FCRA's requirements as to the content of the notices Farmers was required to send.  You may consider this evidence only for its effect on Farmers' state of mind when Farmers chose the language it used in the notices at issue in this case.  You may not, however, consider the substance of the lawyers' advice as evidence of the law that applies in this case.  Your legal instructions come from this Court and not from counsel or from the witness stand.  To the extent the

5 - FINAL JURY INSTRUCTIONS

lawyers gave advice to Farmers that is inconsistent with my
instructions on the law, my instructions control.

You also have heard testimony that, at some point during the
time periods at issue in this case, staff at the Federal Trade
Commission ("FTC") took the position that, for purposes of the
FCRA notice requirement, an adverse action occurred any time an
insurer such as Farmers set an insurance premium that was "less
than the best" available premium discount and that was based in
whole or in part on information in the policyholder's consumer
credit report.  You may consider this evidence for its bearing on
Farmers' state-of-mind at the time Farmers was considering and
determining its notice obligations under FCRA both with respect
to Farmers' analysis as to whom Farmers concluded it was required
to send the notices and as to the content of the notices Farmers
chose to send.  Keep in mind, however, Defendants understood at
the relevant time period that policy-holders who experienced an
actual increase in premium on renewal based on consumer credit
information were included among those entitled to a FCRA notice.

In deciding the facts, you may have to decide what testimony
to believe and what testimony not to believe.  You may believe
all of what a witness says, or part of it, or none of it.  The
testimony of any one witness whom you believe is sufficient to
prove any fact in dispute.  On the other hand, if you find that
any witness has intentionally given any false testimony, you may

6 - FINAL JURY INSTRUCTIONS

distrust all of that witness's testimony.  Finally, the weight
you assign to the evidence does not necessarily depend on the
number of witnesses who testify about it.  So, do not merely
count the number of witnesses for or against a proposition, but
weigh and evaluate the testimony of each witness.

When considering the testimony of any witness, you may take
into account:

1.   the opportunity and ability of the witness to see or
     hear or know the things testified to;

2.   the witness's memory;

3.   the witness's manner while testifying;

4.   the witness's interest in the outcome of the case and
     any bias or prejudice;

5.   whether other evidence contradicted the witness's
     testimony;

6.   the reasonableness of the witness's testimony in light
     of all the evidence; and

7.   any other factors that you find bear on the
     believability of the witness's testimony.

You should consider the testimony of witnesses who appeared
before you here in court in the same way as you consider the
testimony of witnesses presented to you by video recording or
other means.

You have heard testimony from persons who, because of

7 - FINAL JURY INSTRUCTIONS

education or experience, are permitted to state opinions and the reasons for those opinions.  You should evaluate opinion testimony just like any other testimony.  You may accept it or reject it, giving it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all of the other evidence in the case.

Hypothetical questions have been asked.  A hypothetical question asks a witness to assume certain facts are true, and then given an opinion based on those assumed facts.  If you find that any of the facts assumed and relied on by the witness when forming an opinion were not established by the evidence or were untrue, you must disregard the opinion.

The Defendants are corporations.  A corporation can only act or speak through its authorized officers, agents, or employees. You should consider the acts and statements of the Defendants' officers, agents, or employees as the statements of the Defendants if the statements were made within the scope of that person's duties for Defendants.


## BURDENS OF PROOF

In any legal action, facts must be proved by a particular standard known as the "burden of proof."  In order to prevail in this case, Plaintiffs must prove their claim by a "preponderance of the evidence," which means by the greater weight of evidence.

8 - FINAL JURY INSTRUCTIONS

The "preponderance of the evidence" is such evidence that, when
weighed against the evidence opposed to it, has more convincing
force and is more probably true than not.  If on any issue in the
case the evidence appears to be equally balanced or you cannot
say on which side it weighs heavier, you must resolve that issue
against the Plaintiffs on whom the burden of proof rests.


                          **STATEMENT OF THE ISSUES**

     As you now know, this is a civil case brought as a class
action against Defendants Farmers Insurance Company of Oregon and
Farmers Group, Inc., collectively referred to in this case either
as "Defendants" or "Farmers."  Plaintiffs Carol Porto, Leo
Newberry, and Evelyn Broeffle, among others, brought the action
on behalf of themselves and a class of approximately 144,000
persons who were insured by Farmers, who renewed their automobile
insurance policies and/or property personal lines insurance
policies (such as homeowners and renters insurance) with Farmers
between March 1, 2000, and September 28, 2002, and whose
insurance premiums were increased by Farmers based in whole or in
part on information in their consumer credit reports.  Because I
determined it would not be necessary for Ms. Porto, Mr. Newberry,
or Ms. Broeffle to testify in the case, they did not testify,
and, thus, do not concern yourself with the fact you did not hear
from them.

I instruct you that the Fair Credit Reporting Act, or "FCRA," permits insurance companies to access and to use a consumer's credit report information to set premiums.  Any time a party such as Farmers takes an adverse action with respect to a consumer, such as increasing a policy-holder's insurance premiums, based in whole or in part on information in the consumer's credit report, Section 1681(m)(a)(1) of FCRA requires the "taker" of the adverse action, Farmers in this case, to provide a certain notice to the consumer regarding the use of information in the consumer's credit report in connection with the adverse action.

You have heard testimony referring to Section 615 of FCRA and to Section 1681(m)(a)(1) of FCRA.  For your purposes, these different section numbers refer to the same part of FCRA.

Plaintiffs contend Farmers wilfully violated FCRA when Farmers chose language for required notices it sent to the members of Plaintiffs' Class that did not include, as required by FCRA, sufficient notification of the adverse actions Farmers took with respect to Plaintiffs based in whole or in part on information in their consumer credit reports.  If Plaintiffs prove Farmers wilfully violated FCRA, Plaintiffs are entitled to recover on behalf of each of the members of the class statutory damages in an amount between $100 and $1000 per class member.  As noted, Plaintiffs have the burden to prove Farmers wilfully

10- FINAL JURY INSTRUCTIONS

violated FCRA and the amount of statutory damages to be awarded by a preponderance of the evidence.

Defendants deny they wilfully violated FCRA and specifically deny Plaintiffs are entitled to recover any damages against them, but if it is determined that Farmers's violation of FCRA was wilful, Farmers also contends that Plaintiffs and their class members should not receive more than $100 each in damages.

### QUESTIONS TO BE DECIDED

There are two questions for you to answer on your Verdict form.  Question 1 asks you the following:

1.    Did Plaintiffs prove by a preponderance of the evidence that Defendants willfully violated Section 1681(m)(a)(1) of the Fair Credit Reporting Act when they chose the language they used in the notices at issue in this case:

    a.   Between March 1, 2000, and February 27, 2002?

    (  ) Yes     (  ) No

    b.   Between February 28, 2002 and September 28, 2002?

    (  ) Yes     (  ) No.

If you answer "no" to both parts of Question 1, your Verdict is for Defendants, your deliberations are over, and your Presiding Juror should date and sign the Verdict.

If you answer "yes" to either or both parts of Question 1,

11- FINAL JURY INSTRUCTIONS

your Verdict is for Plaintiffs and you will proceed to answer
Question 2 which asks the following:

2.    What amount of statutory damages per class member do
      you award?  (No less than $100 and no more than $1000).
      ANSWER:   $_____.

When you have agreed on an answer to Question 2, your
deliberations are over and your Presiding Juror should date and
sign the Verdict.


**INSTRUCTIONS FOR QUESTION 1**

I instruct you that Farmers took "adverse action" with
respect to each of the members of the Plaintiffs Class when,
during the Class Period, Farmers increased the Plaintiffs'
automobile or personal lines insurance premium on renewal of
their policies based in whole or in part on information contained
in Plaintiffs' consumer credit reports.  As a result, Section
1681(m)(a)(1) of FCRA required Farmers to provide a certain
notice to each of the members of Plaintiffs' Class.

I instruct you that the purpose of FCRA's notice requirement
is to prompt the checking for accuracy by a consumer of his or
her consumer credit report.

Although FCRA does not specify the words that must be
contained in the notice, a sufficient notice under FCRA must
convey to a consumer that something negative, unfavorable, or

12- FINAL JURY INSTRUCTIONS

"adverse" had occurred based in whole or in part on information in the consumer's credit report and must provide the consumer with the information necessary to take action in response to the notice if the consumer chose to do so.

I also instruct you that the following events occurred during the course of this case and do not require any proof:

1.    From the beginning of this case, Farmers contended the notices it sent to Plaintiffs complied with FCRA.  Early in the case, Farmers filed a Motion, which is a formal request to the Court, asking this Court to determine as a matter of law that its notice language was legally sufficient and, therefore, did not violate FCRA.

2.    On February 28, 2002, this Court conducted a hearing on Farmers' Motion.  At the conclusion of the hearing and based on what the Court determined was the plain meaning of the language of Section 1681(m)(a)(1) of FCRA, the Court denied Farmers' Motion because the argument Farmers submitted in support of its Motion did not establish Farmers' notice was legally sufficient. In particular, the Court concluded the plain meaning of FCRA required Farmers to have communicated to its policy-holders that something adverse or unfavorable to them had occurred in the setting of their insurance premiums based in whole or in part on information in their consumer credit reports.  Because this ruling merely denied Farmers' Motion and the case was to

13- FINAL JURY INSTRUCTIONS

continue, the Court gave Farmers permission to file another
Motion on the same issue in the future based on additional
arguments if Farmers wished to do so.

3.    Ultimately, the issue came back to the Court when the
Plaintiffs filed their own Motion asking the Court to determine
as a matter of law that Farmers' notice language violated FCRA.
On June 20, 2008, after another hearing on the issue, the Court
granted Plaintiff's Motion.  In particular, the Court ruled as a
matter of law that the content of the notices at issue in this
case violated Section 1681(m)(a)(1) of FCRA because the notices
did not actually inform the plaintiffs that something adverse or
unfavorable to them had occurred when Farmers set the Plaintiffs'
renewal insurance premiums based in whole or in part on
information in their consumer credit reports.

This ruling applies to this trial.  Therefore, the issue you
will decide in answering Question 1 on the Verdict is not whether
Farmers violated FCRA, but whether Farmers' violation between
March 1, 2000, and September 28, 2002, was wilful as the
Plaintiffs allege and, if so, what amount of statutory damages in
the range between $100 to $1000 dollars you will award per class
member.

In deciding whether Farmers wilfully violated FCRA, you must
judge Farmers' state of mind at the time Farmers chose the
language it used during the Class Period and not based on

14- FINAL JURY INSTRUCTIONS

hindsight.

I have written Question 1 in two parts in order to allow you to consider Farmers' state of mind in the time periods before and after the Court's ruling on February 28, 2002.  Question 1.a. deals with the Class time period between March 1, 2000, and February 27, 2002, and Question 1.b. deals with the Class time period between February 28, 2002, and September 28, 2002.  Do not infer from the fact that I chose to separate Question 1 in this manner that there was or was not any difference in Farmers' state of mind throughout the Class Period.

In order for Plaintiffs to prevail on their claim, that is, in order to persuade you to answer "yes" to either or both Questions 1.a. and 1.b., Plaintiffs must prove by a preponderance of the evidence, that is, Plaintiffs must prove it is more probably true than not, that Farmers "wilfully" violated FCRA when Farmers chose the language it used in the notices at issue in this case.

Plaintiffs may prove Farmers acted wilfully by proving either:

1.    That Farmers knew the language it chose for its notices violated the requirements of FCRA; or

2.    That Farmers recklessly disregarded an unjustifiably high risk that the language it chose violated the requirements of FCRA.

15- FINAL JURY INSTRUCTIONS

To prove Farmers acted wilfully by recklessly disregarding an unjustifiably high risk that its notices violated the requirements of FCRA, Plaintiffs must prove the risk of violating the statute was so obvious that Farmers should have known its conduct did violate the statute.

If, on the other hand, Farmers diligently attempted to understand its obligations under FCRA and merely made a mistake and interpreted the statute incorrectly when it chose the language it chose, that is not enough to find Farmers acted in reckless disregard of its obligations under FCRA and, thus, not enough to find Farmers acted wilfully.

Thus, in deciding whether Farmers wilfully violated FCRA, you must judge Farmers' state of mind based on all of the facts and circumstances as they existed at the time Farmers chose to use the language it used, including, but not limited to, (1) any information and guidance that was available to Farmers about its obligations under FCRA at the time it chose the language of the notices at issue in this case; (2) any advice Farmers received from its lawyers concerning the requirements of FCRA and on which Farmers reasonably relied; (3) Farmers' own reading and interpretation of FCRA's requirements; and (4) the express terms of FCRA.

You must not, however, judge Farmers' conduct based on hindsight.

16- FINAL JURY INSTRUCTIONS

Once you complete your deliberations on Question 1, your Presiding Juror will mark your answers on the Verdict.  If you answer "no" to both parts of Question 1, your Verdict is for Defendants, your deliberations are over, and your Presiding Juror should date and sign the Verdict.

If you answer "yes" to either or both parts of Question 1, your Verdict is for Plaintiffs and you will proceed to answer Question 2.


### INSTRUCTIONS FOR QUESTION 2

If you find in Plaintiffs' favor in response to Question 1, then each member of the Plaintiffs' Class is entitled to recover statutory damages and you must determine the amount of such damages per Class member within the range set by Congress, which is not less than $100 and not more than $1,000 per class member.

The law does not provide any fixed standard by which you are to determine the amount of statutory damages within this range. The law does require that the amount of statutory damages you award be reasonable.  Thus, you must apply your own considered judgment in determining the amount of statutory damages per Class member to award and, in doing so, you should consider the nature of the consumer interest Congress sought to protect in imposing the FCRA notice requirement as I have already instructed you.

When deciding this question, however, you may not award

17- FINAL JURY INSTRUCTIONS

statutory damages for the purpose of punishing Farmers, and you must not base your statutory damages award on the nature of any wilful conduct by Farmers that you found in response to Question 1.

Once you have agreed on an answer to Question 2, your deliberations are complete and your Presiding Juror should date and sign the Verdict.

## CLOSING ARGUMENTS OF COUNSEL

We will now turn our attention to counsel for their closing arguments.

## COURT'S CLOSING INSTRUCTIONS

Now, on your return to the jury room, your first duty is to select one of your number to serve as Presiding Juror.  That juror will speak for you here in court and will assure that the Verdict form is completed according to your deliberations, but the Presiding Juror has no greater say or vote than any other juror.

Once you have selected a Presiding Juror, then you will discuss the case with your fellow jurors to reach agreement if you can do so.

Your verdict must be unanimous.  Each of you must decide the case for yourself, but only after you have considered all of the

18- FINAL JURY INSTRUCTIONS

evidence, discussed it fully and with the other jurors, and listened to the views of your fellow jurors.  Do not be afraid to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.  It is important that you attempt to reach a unanimous verdict, but only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Some of you have taken notes during trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

If it becomes necessary during your deliberations to communicate with me, you may send a note to me through the courtroom deputy signed by any one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will communicate with you on anything concerning the case only in writing or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember, you are not to tell anyone--including me-- how the jury stands during your deliberations, numerically or

19- FINAL JURY INSTRUCTIONS

otherwise, until after you have reached a unanimous verdict or have been discharged.  In particular, do not disclose any vote count in any note you may send to me.  After you have reached unanimous agreement on the answers to the questions on the Verdict form, your Presiding Juror will fill in, date, and sign the Verdict form and advise the court that you have reached a Verdict.  I will then bring the parties back to court and we will receive your Verdict here.

20- FINAL JURY INSTRUCTIONS