IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


DOUGLAS ASHBY, CAROL PORTO,                  01-CV-1446-BR
GRANT WENZLICK, LEO NEWBERRY,
and EVELYN BROEFFLE,                         OPINION AND ORDER

        Plaintiffs,

v.

FARMERS INSURANCE COMPANY OF
OREGON and FARMERS GROUP, INC.,

        Defendants.

STEVEN D. LARSON
MARK A. FRIEL
Stoll Stoll Berne Lokting & Schlachter, P.C.
209 S.W. Oak St., Fifth Floor
Portland, OR 97204
(503) 227-1600

CHARLES A. RINGO
974 N.W. Riverside Blvd.
Bend, OR 97701
(503) 330-6447

        Attorneys for Plaintiffs


1 - OPINION AND ORDER

**BARNES H. ELLIS**
**TIMOTHY W. SNIDER**
Stoel Rives, LLP
900 S.W. Fifth Ave., Suite 2600
Portland, OR  97204-1268
(503)224-3380

    Attorneys for Defendants

**BROWN, Judge.**

    This matter comes before the Court on Defendants' Cost Bill (#615).  Plaintiffs have filed timely objections to any award of costs.  For the following reasons, the Court **DENIES** Defendants' Cost Bill in its entirety.

## BACKGROUND

    This is one of seven cases[1] filed in this Court involving class actions brought by plaintiff insureds against their insurance companies.  The plaintiffs alleged the insurance companies increased the premiums the plaintiffs paid for automobile and/or homeowners insurance based on information in consumer reports, but failed to provide the plaintiffs with adverse action notices that complied with the requirements of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681,September 29, 2009 *et seq.*

---

[1] *See Edo v. Geico Cas. Co.*, CV 02-678-BR; *Reynolds v. Hartford Fin. Svcs. Group,* Cv 01-1529-BR; *Razilov V. AMCO Ins. Co,* CV 01-1466-BR; *Spano v. Safeco Ins. Co. of Oregon,* CV 01-1464; *Willes v. State Farm Fire & Cas.* CV 01-1457-BR; and *Mark v. Valley Ins. Co.,* CV 01-1575-BR.

2 - OPINION AND ORDER

The legal issues involved in determining an insurer's obligation to provide adverse-action notices under FCRA are complex. The United States Supreme Court and the Ninth Circuit have each decided various issues raised by the class-action cases pending in this Court. *See, e.g., Safeco v. Burr,* 551 U.S. 47 (2007); *Reynolds v. Hartford,* 435 F.3d 1081 (9th Cir. 2006).

Moreover, both before and after the *Safeco* and *Reynolds* decisions were issued, the defendant insurers in each of the other cases filed in this Court reached a settlement with their respective insured classes.

In this case, before *Safeco and Reynolds* were decided, the Court addressed numerous issues raised by the parties on summary judgment and concluded Defendants' "adverse- action notices were an objectively unreasonable interpretation of FCRA's written adverse-action notice requirements." *Ashby v. Farmers Ins. Co. of Or.*, CV 01-BR-1446, 2004 WL 2297468, at *4 (D. Or. Oct. 7, 2004). After *Safeco* and *Reynolds* were decided, this Court again found on summary judgment that Defendants violated FCRA's adverse-action notice requirements as a matter of law:

> The Court concludes Defendants' construction of FCRA's adverse-action notice requirements at best frustrates FCRA's objective. The purpose of the FCRA notice is to alert the insured that something negative in his consumer credit report may have caused an increase in his premium. Defendants' notice, standing alone, does not indicate anything of that kind. In fact, an insured must be particularly astute and read both

3 - OPINION AND ORDER

Defendants' Fair Credit Reporting Act Notification and a separate document that indicates the amount of the premium to be charged for the insurance before the insured could glean that an adverse action has occurred and that the adverse action is connected to his consumer credit score.  The text of Defendants' notice alone does not suggest even to the most careful reader that an adverse action has occurred or, if so, the reason for the adverse action.

*Ashby v. Farmers Ins. Co. of Or.*, 565 F. Supp. 2d 1188, 1209 (2008).  The Court, however, found genuine issues of material fact existed as to "whether Defendants' objectively unreasonable interpretation of FCRA's adverse-action notice requirements was also willful; *i.e.,* flowing from a reckless misreading of the statutory requirements."  *Id.* at 1215.

Now that the jury has found Farmers' FCRA violation was not willful, Farmers seeks to recover its costs incurred in defending this case.

## **STANDARDS**

Federal Rule of Civil Procedure 54(d)(1) provides for an award of costs to the prevailing party.  The rule "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-American Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000).  The court's discretion, however, is not unlimited.  A district court must specify appropriate reasons for a refusal to award costs.  *Id.*  The court may consider, *inter alia*, whether the issues involved in the case are of substantial

4 - OPINION AND ORDER

public importance, whether the issues are close and difficult, and whether the losing party's position had some merit.  *Id.*

## DISCUSSION

After considering each of the above factors, the Court, in the exercise of its discretion, declines to award Defendants any of its costs incurred in defending this action.

1. <u>Issue of Substantial Importance</u>.

"The FCRA was the product of congressional concern over abuses in the credit reporting industry.  The legislative history reveals that [FCRA] was crafted to protect consumers from the transmission of inaccurate information about them and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner."  *Guimond v. Trans Union Cred. Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995)(internal citations omitted).

An essential element to this protection under FCRA is an insured's right to know that information about the insured had an adverse effect on the premium the insurance company charged the insured for insurance.  *See* 15 U.S.C. §1681m(a)(1)-(3).

The Court concludes compliance with FCRA's notice provision is a matter of substantial importance to every car driver and homeowner in the United States.

2. <u>Close and Difficult Issues</u>.

5 - OPINION AND ORDER

The Plaintiff class representatives challenged the notice Defendants sent to inform them that information in their consumer reports was used to increase the premiums they would otherwise have been charged for their automobile and/or homeowners insurance. This Court found Defendants' notice did not comply with FCRA. As noted, however, a jury found Defendants' lack of compliance was not willful.

This case has been before this Court for eight years. Both sides had the benefit of superb representation by counsel. The numerous evidentiary and legal issues raised by the parties were substantial and difficult. They included, *inter alia,* (1) the content of the notice required to be given under FCRA; (2) whether a class action was appropriate to challenge FCRA's notice requirements; (3) whether the Fair and Accurate Credit Transaction Act (FACTA), 15 U.S.C. § 1681(h)(8), eliminated private rights of action to enforce FCRA violations; (4) whether any of the Plaintiffs actually suffered adverse actions; (5) the admissibility and relevance of evidence of the legal advice Defendants received in drafting their Adverse Action Notice; and (6) whether FCRA's statutory damages provision was constitutional. Indeed, the United States intervened to support the constitutionality of FCRA's statutory damages scheme.

The most difficult, close, and hard-fought issues of all, however, were whether Defendants violated FCRA and, if so,

6 - OPINION AND ORDER

whether the violation was willful.  The jury finally resolved the last issue in Defendants' favor.

3.   <u>The Merit of Plaintiffs' Claims</u>.

Plaintiffs established Defendants violated FCRA's adverse-action notice requirements.  Insurers throughout Oregon and presumably nationwide changed the content of their adverse-action notices as a result of the litigation in this and the related cases.  Thus, this Court finds Plaintiffs' position had substantial merit.

In particular, the Court notes FCRA requires a liberal construction to effectuate its purposes as a consumer-protection statute.  *See Guimond*, 45 F.3d at 1333.  The Court is satisfied the litigation in this Court would have been unnecessary had Defendants liberally construed FCRA's adverse-action notice provision as the law requires rather than attempting to limit its compliance to that which it believed was minimally necessary to meet the requirements of the law.  Thus, although Defendants' conduct was not found to be in willful violation of FCRA, it nevertheless did not comply with FCRA's then-existing requirements.  Accordingly, there was substantial merit to Plaintiffs' claims.

On this record, the Court concludes, in the exercise of its discretion, that an award of costs to Defendants is not justified in light of the importance and difficulty of the issues involved

7  - OPINION AND ORDER

in this case and the substantial merit of Plaintiffs' position pertaining to the failure of Defendants to comply with FCRA's adverse-action notice requirements.

## CONCLUSION

For all these reasons, the Court **DENIES** Defendants' Cost Bill (#615) in its entirety.

IT IS SO ORDERED.

DATED this 29th day of September, 2009.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

8 - OPINION AND ORDER